Todd L. Bice, Esq., Bar No. 4534
TLB@pisanellibice.com
Brianna Smith, Bar No. 11795
BGS@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada  89101
Telephone:  702.214.2100
Facsimile:   702.214.2101

BETHANY W. KRISTOVICH (*Admitted pro hac vice*)
bethany.kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

KYLE W. MACH (*Admitted pro hac vice*)
kyle.mach@mto.com
JUSTIN P. RAPHAEL (*Admitted pro hac vice*)
Justin.Raphael@mto.com
JULIANA M. YEE (*Admitted pro hac vice*)
Juliana.Yee@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

*Attorneys for MGM Resorts International*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD GIBSON, and HERIBERTO VALIENTE,<br><br>Plaintiffs,<br><br>v.<br><br>MGM RESORTS INTERNATIONAL, CENDYN GROUP, LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC,<br><br>Defendants. | CASE NO.: 2:23-cv-00140-MMD-DJA<br><br>**MGM RESORTS INTERNATIONAL'S SEPARATE MOTION TO DISMISS** |

1

# DEFENDANT MGM RESORTS INTERNATIONAL'S
# SEPARATE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant MGM Resorts International ("MGM"), has joined Defendants' omnibus motion to dismiss in full.  MGM now, by and through its counsel, moves this Court to dismiss the claims against it in the above-entitled action with prejudice for additional reasons set forth in the accompanying Memorandum of Points and Authorities.  This Motion is made under Federal Rule of Civil Procedure 12(b)(6) and LR 7-2 and is based on the attached Memorandum of Points and Authorities and supporting documentation, the papers and pleadings on file, including the papers in support of Defendants' omnibus motion to dismiss, and any oral argument this Court may allow.

DATED this 27th day of March, 2023.

PISANELLI BICE PLLC

By: /s/ Todd L. Bice
Todd L. Bice, Esq., Bar No. 4534
Brianna Smith, Bar No. 11795
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

BETHANY W. KRISTOVICH
(*Admitted pro hac vice*)
bethany.kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

KYLE W. MACH (*Admitted pro hac vice*)
kyle.mach@mto.com
JUSTIN P. RAPHAEL
(*Admitted pro hac vice*)
Justin.Raphael@mto.com
JULIANA M. YEE (*Admitted pro hac vice*)
Juliana.Yee@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

*Attorneys for MGM Resorts International*

2

## MEMORANDUM OF POINTS OF AUTHORITIES

Plaintiffs allege a conspiracy that "has consisted of a continuing agreement among Defendants to use pricing algorithms provided by Rainmaker Group that have caused Plaintiffs to pay inflated amounts for hotel rooms in the Las Vegas Strip market." Compl. ¶ 88. As explained in Defendants' omnibus motion to dismiss, Plaintiffs have not alleged facts supporting any such agreement among Defendants. Defendant MGM Resorts International ("MGM") joins that omnibus motion in full. MGM respectfully makes this separate submission to explain why Plaintiffs' Complaint fails to state a claim against MGM for an additional reason: Plaintiffs fail to allege that MGM uses any Rainmaker revenue software at any of the ten hotels in Las Vegas that MGM is alleged to operate. Those hotels are Bellagio, VDARA at Aria, Aria, Park MGM, New York-New York, MGM Grand, Excalibur, Luxor, Mandalay Bay, and the Four Seasons Hotel. Compl. ¶ 28.

Plaintiffs' failure to plead that these hotels use any Rainmaker revenue software means that Plaintiffs have not only failed to allege that these hotels use any Rainmaker algorithm's pricing recommendations, but also that they have failed to allege that these hotels *even receive* such pricing recommendations. Plaintiffs have not stated a claim that MGM hotels in Las Vegas conspired to use Rainmaker pricing recommendation algorithms to raise prices when they have not alleged that those hotels received Rainmaker recommendations. Accordingly, the claims against MGM fail for this additional, fundamental reason and must be dismissed. As explained below, this failure of pleading also warrants dismissal of the claims as to all Defendants.

"To survive a motion to dismiss, a complaint alleging an antitrust conspiracy must allege that each individual defendant joined the conspiracy and played some role in it because, at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it." *In re Cal. Bail Bond Antitrust Litig.*, 511 F. Supp. 3d 1031, 1047 (N.D. Cal. 2021) (quotation marks omitted); *see also SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1119 (9th Cir. 2022) ("[W]e require some showing—direct or circumstantial—that the defendants 'actively participated in an individual capacity in the scheme[.]'"). Plaintiffs fail to allege MGM's role in the alleged conspiracy with respect to at least ten hotels it operates.

3

1    Plaintiffs allege that "MGM operates the Bellagio, VDARA at Aria, Aria, Park MGM, New
2    York-New York, MGM Grand, Excalibur, Luxor, Mandalay Bay, and the Four Seasons Hotel."
3    Compl. ¶ 28.  Plaintiffs then, cryptically, allege that "MGM is one of Cendyn's clients and uses its
4    revenue management software." *Id*.  Plaintiffs do not, however, and cannot, allege that any of the
5    ten Las Vegas properties they allege MGM operates uses Rainmaker software that provides them
6    with any pricing recommendations or data.  *See In re Fresh & Process Potatoes Antitrust Litig.*,
7    834 F. Supp. 2d 1141, 1168-70 (D. Idaho 2011) (dismissing with prejudice antitrust claim against
8    company alleging conspiracy to reduce supply of potatoes where plaintiffs did not allege the
9    company actually grew potatoes); *see also In re Cal. Bail Bonds Antitrust Litig.*, 511 F. Supp. 3d
10   at 1048-49 (dismissing complaint against several defendants, where plaintiffs failed to allege how
11   they joined the conspiracy); *Frost v. LG Electronics Inc.*, No. 16-CV-05206-BLF, 2018 WL
12   6256790, at *4, *6 (N.D. Cal. 2018) (dismissing with prejudice antitrust claims against defendants,
13   where SAC "does not contain *any* evidentiary facts regarding the 'specific time, place or person'
14   involved in the alleged agreement"), *aff'd by* 801 Fed. App'x 496 (9th Cir. 2020).

15   Plaintiffs' allegation that MGM is a Cendyn client is not logically tantamount to an
16   allegation that the ten Las Vegas hotels identified in Paragraph 28 use Rainmaker.  That is because,
17   as Plaintiffs admit, MGM operates hotels outside of Las Vegas.  For example, Plaintiffs allege that
18   "Borgata, an MGM hotel located in New Jersey" uses Rainmaker.  Compl. ¶ 51; *see also id.* ¶ 21
19   (alleging that MGM personnel at the Borgata use Rainmaker).[1]  The allegations of use outside Las
20   Vegas are irrelevant, as the alleged conspiracy is limited to the Las Vegas Strip.  Compl. ¶ 88; *see*
21   *also id.* ¶ 8 (alleging that Defendant Hotel Operators "collectively have market power *in the Las*
22   *Vegas Strip Hotel Market*") (emphasis added).  To state a claim that MGM has participated in that
23   conspiracy, Plaintiffs must allege more than that MGM is a Cendyn client.  In order to state a claim
24   that MGM was part of an "agreement among Defendants to use pricing algorithms provided by

---

[1]   Notably, even the web page that Plaintiffs cite regarding the Borgata explains that "the company's revenue management team oversees and reviews" any prices recommended by the Rainmaker software.  *See Borgata Hotel Casino & Spa's success with Guestrev*, Cendyn.com, https://www.cendyn.com/customer-stories/borgata-hotel-success-rainmaker-guestrev/ (last visited Mar. 24, 2023) (cited in Compl. n. 12.).

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1  Rainmaker Group," that allegedly "inflated" prices of rooms at hotels on the Las Vegas Strip,
2  Compl. ¶ 28, Plaintiffs must allege, at a minimum, that MGM-operated hotels in Las Vegas use
3  Rainmaker software that provide them with pricing recommendations. Plaintiffs have not done so.
4  Any claims of a conspiracy involving those hotels must be dismissed.[2]

5  Further, Plaintiffs' failure to plead that MGM operates hotels in Las Vegas that use
6  Rainmaker algorithms is fatal to their claims against MGM and also undermines their claim of a
7  conspiracy as to all Defendants. Plaintiffs allege that hotels on the Las Vegas Strip compete with
8  each other. Compl. ¶¶ 39-41. They further allege that there are 30 hotels on the Strip and that
9  Defendants other than MGM operate only 11 of them. *Id.* ¶ 43. It would make little sense for hotels
10 to conspire to use Rainmaker algorithms to raise prices at 11 out of 30 hotels on the Strip because
11 consumers would switch to cheaper rooms at other hotels that were not using the algorithms, such
12 as the 10 MGM hotels in Las Vegas that are not alleged to have done so. *See Sheahan v. State*
13 *Farm Gen. Ins. Co.*, 442 F. Supp. 3d 1178, 1195 (N.D. Cal. 2020) (plaintiffs failed to allege
14 conspiracy between insurers to use software to estimate value of property following a loss that was
15 "counterintuitive from an antitrust perspective"). *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557
16 (2007) (antitrust conspiracy allegations "must be placed in a context that raises a suggestion of a
17 preceding agreement"); *Adaptive Power Sols., LLC v. Hughes Missile Sys. Co.*, 141 F.3d 947, 952
18 (9th Cir. 1998) ("Antitrust claims must make economic sense.").
19 . . .
20 . . .
21 . . .

---

[2]  MGM is also vaguely alleged to "control" the Cosmopolitan Hotel, Compl. ¶ 51, a property that MGM recently acquired from a third party. MGM is conspicuously not alleged to "operate" that newly-acquired property either now or during the (undefined) period in which Plaintiffs believe the alleged conspiracy took place. There are no particularized allegations about the Cosmopolitan in the Complaint other than the allegation that an unnamed confidential witness believed that unnamed individuals at another Defendant, Caesars, "***probably*** knew we were in the Cosmopolitan" at some unstated date. Compl. ¶ 22 (emphasis added). The allegations relating to the Cosmopolitan are entirely insufficient to conclude that it participated in any conspiracy, let alone that such participation was in any way a result of MGM's operation of that property.

5

1    For the reasons set forth in this memorandum and Defendants' omnibus motion to dismiss which MGM joins in full, Plaintiffs' claim against MGM should be dismissed.

DATED this 27th day of March, 2023.

                PISANELLI BICE PLLC

By:   /s/ Todd L. Bice
     Todd L. Bice, Esq., Bar No. 4534
     Brianna Smith, Bar No. 11795
     400 South 7th Street, Suite 300
     Las Vegas, Nevada 89101

BETHANY W. KRISTOVICH
(*Admitted pro hac vice*)
bethany.kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

KYLE W. MACH (*Admitted pro hac vice*)
kyle.mach@mto.com
JUSTIN P. RAPHAEL
(*Admitted pro hac vice*)
Justin.Raphael@mto.com
JULIANA M. YEE (*Admitted pro hac vice*)
Juliana.Yee@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

*Attorneys for MGM Resorts International*

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Pisanelli Bice PLLC, and that on this 27th day of March, 2023, I caused to be served via the Court's e-filing/e-service system true and correct copies of the above and foregoing **MGM RESORTS INTERNATIONAL'S SEPARATE MOTION TO DISMISS** to all parties registered for electronic service.

/s/ Shannon Dinkel
An employee of Pisanelli Bice PLLC