**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman, Esq. (*pro hac vice*)
steve@hbsslaw.com
Stephanie A. Verdoia, Esq. (*pro hac vice*)
stephaniev@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Rio S. Pierce, Esq. (*pro hac vice*)
riop@hbsslaw.com
Abby R .Wolf, Esq. (*pro hac vice pending*)
abbyw@hbsslaw.com
Hannah K. Song, Esq. (*pro hac vice*)
hannahso@hbsslaw.com
715 Hearst Ave, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

**PANISH SHEA BOYLE RAVIPUDI LLP**
Brian J. Panish, NV Bar No. 16123
panish@psbr.law
Rahul Ravipudi, NV Bar No. 14750
rravipudi@psbr.law
Adam Ellis, NV Bar No. 14514
aellis@psbr.law
Ian Samson, NV Bar No. 15089
isamson@psbr.law
300 S. Fourth Street, Suite 710
Las Vegas, NV 89101
Telephone: (702) 560-5520

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

RICHARD GIBSON, and HERIBERTO VALIENTE, *on behalf of themselves and others similarly situated*,

Plaintiffs,

v.

MGM RESORTS INTERNATIONAL, CENDYN GROUP, LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC,

Defendants.

Case No. 2:23-CV-140-MMD-DJA

**PLAINTIFFS' MOTION TO APPOINT HAGENS BERMAN SOBOL SHAPIRO LLP AND PANISH SHEA BOYLE RAVIPUDI LLP AS INTERIM CLASS COUNSEL AND MEMORANDUM OF LAW IN SUPPORT**



**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........ 1

II. BACKGROUND ON THE CASE ........ 2

III. The Court Should Appoint Hagens Berman AND PSBR as Interim Lead Counsel ........ 2

A. Proposed Class Counsel has already demonstrated their commitment to the class by expending time and resources to investigate plaintiffs' claims and advance this litigation by filing the first and only complaint. (Fed. R. Civ. P. 23(g)(1)(A)(i)). ........ 3

B. Proposed Class Counsel have extensive experience in litigating complex antitrust class actions including the types of claims asserted in this action. (Fed. R. Civ. P. 23(g)(1)(A)(ii)). ........ 5

1. Hagens Berman ........ 5

a. Steve W. Berman ........ 6

b. Rio S. Pierce ........ 7

c. Abby R. Wolf ........ 8

d. Hannah K. Song ........ 9

e. Stephanie A. Verdoia ........ 9

2. PSBR ........ 9

a. Brian Panish ........ 10

b. Rahul Ravipudi ........ 10

c. Ian Samson ........ 11

d. Adam Ellis ........ 11

C. Hagens Berman has deep knowledge of the applicable law and has led the charge developing the law relevant to this case. (Fed. R. Civ. P. 23(g)(1)(A)(iii)). ........ 11

D. Hagens Berman will devote the resources necessary to aggressively prosecute the claims in this case. (Fed. R. Civ. P. 23(g)(1)(A)(vi)) ........ 13

E. Proposed Class Counsel will cooperate with all counsel and commits to protect the interests of the class by closely guarding class resources. ........ 14

IV. CONCLUSION ........ 14

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

To ensure the effective prosecution of the litigation, plaintiffs Richard Gibson and Heriberto Valiente respectfully request that the Court appoint the law firms of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Panish Shea Boyle Ravipudi LLP ("PSBR," and, together with Hagens Berman, "Proposed Class Counsel") as Interim Class Counsel for the proposed class of direct purchasers of hotel guest room rentals on the Las Vegas Strip ("the hotel guests class") from Defendant Hotel Operators participating in Cendyn's Rainmaker pricing software ("Rainmaker") and their co-conspirators.

# I. INTRODUCTION

Proposed Class Counsel are uniquely positioned with both the resources and the extensive experience, including experience challenging pricing algorithm and information sharing practices, to ensure adequate representation of the proposed hotel guests class in this case.

As described in more detail below, Proposed Class Counsel capably meet each of the four Federal Rule 23(g) factors that courts consider when appointing Interim Class Counsel and are well-qualified to be Interim Class Counsel in this case. ***First***, Proposed Class Counsel have devoted time and resources to identify and investigate the claims brought on behalf of the hotel guests class. ***Second***, Proposed Class Counsel have a demonstrated track record of success and wealth of experience with antitrust class actions, complex litigation, and the specific claims asserted in this action. ***Third***, Proposed Class Counsel have developed significant relevant expertise, with Hagens Berman in particular taking a leading role in antitrust law and price-fixing cases, but also in the particular area of applicable law regarding anticompetitive conduct stemming from the use of pricing algorithms and information sharing. ***Fourth***, Proposed Class Counsel stand ready to commit all necessary resources to efficiently and effectively represent the interests of the proposed hotel guest class.

For these reasons, Plaintiffs respectfully request that the Court appoint Proposed Class Counsel as Interim Lead Class Counsel.

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## II. BACKGROUND ON THE CASE

Richard Gibson and Heriberto Valiente, named plaintiffs represented by Proposed Class Counsel, are previous hotel guests of Defendant Hotel Operators with properties on the Las Vegas Strip. Plaintiffs bring this case, the only action filed thus far, on behalf of hotel guests who purchased rooms hotel rooms directly from a Defendant or co-conspirator between January 24, 2019 to the present.

Plaintiffs allege that Defendants conspired to artificially inflate the price of hotel rooms, in part by using Rainmaker's pricing algorithms and technology. Plaintiffs allege that the defendants harmed the proposed class by colluding to artificially raise and maintain prices of hotel rooms on the Las Vegas Strip, in violation of Section One of the Sherman Act, 15 U.S.C. § 1, and various state antitrust laws.

## III. THE COURT SHOULD APPOINT HAGENS BERMAN AND PSBR AS INTERIM LEAD COUNSEL

Federal Rule of Civil Procedure 23(g)(3) allows the court to designate "interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Designating Interim Class Counsel is essential because it "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."

In selecting interim class counsel, the court considers: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. In addition to the four "must" factors in Rule 23(g)(1)(A), a court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interest of the class . . . ." No single factor is determinative, instead a court should appoint counsel after evaluating all relevant considerations and comparing the applicants' relative strengths.



Here, each of these factors weighs in favor of approving Proposed Class Counsel as Interim Lead Counsel. Proposed Class Counsel will execute all duties and responsibilities to advance this litigation effectively and efficiently such as those standards outlined in the Manual for Complex Litigation: including presenting written and oral arguments to the court; communicating with other parties; organizing discovery requests and responses; examining deponents; delegating specific tasks to other counsel; seeing that schedules are met; and other pretrial duties to coordinate pretrial activities or as authorized by the Court.. Proposed Class Counsel intend to lead this case with a small, tight-knit team of attorneys who have deep experience litigating complex antitrust and class action cases. This will ensure that attorneys who oversee the document review know the facts—leading to well-written and well-supported briefs, consistent positions during discovery negotiations, and well-considered themes developed during questioning and cross-examination. This strategic approach ensures that this matter is adjudicated efficiently and staffed appropriately by establishing a time and expense reporting protocol for all counsel.

### A. Proposed Class Counsel has already demonstrated their commitment to the class by expending time and resources to investigate plaintiffs' claims and advance this litigation by filing the first and only complaint. (Fed. R. Civ. P. 23(g)(1)(A)(i)).

Courts often look at the resources counsel expended investigating the suit before filing. Proposed Class Counsel have already taken significant steps to identify and thoroughly investigate the Plaintiffs' claims and to advance this litigation. One factor a court may consider is whether an attorney has undertaken "the process of drafting the complaint [which] requires investigatory and analytical effort." Hagens Berman's investigation has led to the filing of the singular action arising from the allegations in the complaint. Berman Decl. ¶ 6.

The depth and detail of the allegations in the complaint are one indication of Proposed Class Counsel's efforts. Before filing, Hagens Berman analyzed articles in trade publications, industry presentations and reports, SEC filings, and investor presentations concerning the Las Vegas Strip Hotel Market and the individual defendants. Berman Decl., ¶ 7. Hagens Berman corroborated their research into publicly available resources by retaining investigators who have spent hours researching defendants and interviewing confidential witnesses. Hagens Berman

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

additionally retained economic experts to extensively investigate the unique aspects of the Las Vegas Strip Hotel Market and the facts alleged in the complaint. Hagens Berman, overall, spent many hours talking to impacted hotel guests, accessing pricing information and conducting factual and economic analysis to present the allegations in the complaint, including the following:

**Gathering admissions by Rainmaker and Defendants**: Attorneys at Hagens Berman spent dozens of hours performing a detailed review of historical statements and archived internet materials revealing statements Rainmaker made to its customers, Defendant Hotel Operators, regarding utilizing its software with other market participants. In addition, Hagens Berman's attorneys spent time meaningfully reviewing industry participant statements, presentations, trade publications, and customer testimonials to identify critical admissions regarding communications between industry participants and coordinated pricing decisions. Price sharing of the type undertaken by Rainmaker and its co-conspirators here reduces strategic uncertainty in the market and changes the incentives for competitors to compete—this is especially so when the data includes detailed, commercially sensitive information, as it does in this case.

**Identifying confidential Rainmaker information circulated within the Hotel Industry**: Hagens Berman unearthed detailed information circulated by Rainmaker through its three pricing algorithms: GuestRev, RevCaster, and GroupRev, as well as secured confirmation that Defendants viewed and used this information. Hagens Berman discovered through talking to industry experts and confidential witnesses that the information exchanged is granular. The reports allowed the co-conspirators to compare their prices, output, and customer information, and receive recommendations based on their competitor information. The complaint explains in depth how this type of detailed competitor information was shared—including at annual in-person conferences—for the purposes of maximizing profit of the co-conspirators, and not for the benefit of consumers, who experienced substantial price hikes.

**Preparing economic research on the relevant Market**: Hagens Berman retained expert consultants who analyzed the Las Vegas Strip Hotel Market as a separate and unique market and the economics of the industry. Hagens Berman worked with these economists to identify critical

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

factors that made the Las Vegas Strip Hotel Market more susceptible to collusion. For example, the high-cost barriers to enter the market, high degree of market concentration, inelastic consumer demand, and the relative fungibility of hotel rooms are several of the characteristics that prevent discipline of the cartel price fixing. Hagens Berman additionally traced the collusion within the industry over time, and throughout market downturns, showing the facilitation of price sharing during the proposed class period. This includes statements that defendant Rainmaker made to its clients such as advertising up to a 15% revenue increase by using its algorithms.

This work did not stop upon the filing of the complaint. Hagens Berman is continuing the investigation of impacted proposed class members and communicating with numerous hotel guests across the country. Hagens Berman has also continued to take the lead in actively litigating the case, including negotiating a briefing schedule with Defendants, scheduling a 26(f) conference, and preparing discovery requests.

**B. Proposed Class Counsel have extensive experience in litigating complex antitrust class actions including the types of claims asserted in this action. (Fed. R. Civ. P. 23(g)(1)(A)(ii)).**

Courts have found that proposed class counsel's experience and service as lead counsel in prior cases is particularly persuasive when selecting Interim Lead Counsel. Proposed Class Counsel each have a wealth of relevant experience supporting appointment as Interim Class Counsel.

**1. Hagens Berman**

Hagens Berman is an eighty-lawyer firm, with offices in Seattle, Berkeley, Boston, Chicago, Los Angeles, New York, Phoenix, and San Diego. Since its founding in 1993, Hagens Berman has represented plaintiffs in a broad spectrum of complex, multi-party antitrust cases. Hagens Berman was named to the 2022 Elite Trial Lawyer – Litigation Firm of the Year in the Antitrust Category by the National Law Journal, as well as being named Practice Group of the Year—Antitrust by Law 360 for 2022, and honoree for Outstanding Antitrust Litigation Achievement in Private Law Practice" by the American Antitrust Institute in 2021. *See* Berman Decl., Exhibit A (firm resume). Hagens Berman has repeatedly taken antitrust matters to verdict and defended the results on appeal, including up to the Supreme Court.



Hagens Berman is also committed to promoting diversity in the practice of law. Berman Decl., ¶ 13. Diversity in MDL and class action proceedings rightly has received increased attention in recent years, with many judges seeking to make appointments "that are consistent with the diversity of our society and the justice system." *See* Berman Decl., Exhibit B (Resolution on Diversity in Trial Court Appointments, National Association of Women Judges). Best practices ask judges to appoint a diverse group, considering gender, race and national origin, age, and sexual orientation, while also being "mindful of creating a team with diversity of experience[.]" *Id.* Ex. C (Standards and Best Practices for Large and Mass-Tort MDLs) at 46. This team is committed to developing opportunities for newer attorneys to have meaningful opportunities in court, with appropriate supervision. Hagens Berman is also mindful of this Court's standing order that encourages the participation of younger attorneys, including in oral argument before the court and at trial. Hagens Berman commits to provide that type of participation for the younger attorneys who are present on the team.

The attorneys responsible for this litigation will include the founding and managing partner of Hagens Berman Steve Berman, Rio Pierce, Abby Wolf, Hannah Song, and Stephanie Verdoia. This team of litigators reflects Hagens Berman's commitment to diversity in terms of gender, race, and experience.

**a. Steve W. Berman**

Mr. Berman, the founder and managing partner of Hagens Berman, has served as lead or co-lead counsel in antitrust, securities, consumer, product liability, and employment class actions and complex litigation throughout the country. Examples of Mr. Berman's involvement in litigation include:

- *In Re: National Collegiate Athletic Association Athletic Grant-In-Aid Cap Antitrust Litigation*, No. 4:14-md-02541-CW (N.D. Cal.): Hagens Berman is one of the few plaintiffs' firms in the United States that often has taken complex civil litigation, including class actions, to trial. In September 2018, Mr. Berman served as the lead trial lawyer on behalf of college athletes, where the Court granted injunctive relief on behalf of the class following a bench trial. Hagens Berman also recovered settlements totaling

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

$200 million on behalf of the class. The NCAA appealed all the way up to the Supreme Court, where the injunctive relief awarded to the class was affirmed by a unanimous court.

- *In re Ebooks Antitrust Litigation*, Case No. 11-md-02293 (S.D.N.Y.): Mr. Berman acted as co-lead counsel on behalf of a class of purchasers of eBooks who were overcharged for the purchase due to a price-fixing conspiracy between the publishers of eBooks and Apple. This case led to recovery by consumers of $566 million—twice the estimated damages. Hagens Berman litigated this case alongside the Department of Justice and the Attorneys General of thirty-three states.
- *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, No. 10-md-02151 (C.D. Cal.): In *Toyota*, Judge James V. Selna *sua sponte* identified Mr. Berman as a presumptive co-lead counsel. Mr. Berman secured a $1.6 billion settlement, the largest automobile class settlement in history at the time. Consumers in *Toyota* received 100 percent of their losses and 2.6 million cars received a safety upgrade.
- *In re Visa Check/Mastermoney Antitrust Litigation*, No. 96-cv-05238 (E.D.N.Y.): Mr. Berman helped lead this record-breaking antitrust case against credit card giants Visa and MasterCard, which resulted in a $3.05 billion cash settlement and injunctive relief valued at more than $20 billion.

**b. Rio S. Pierce**

Mr. Pierce is a 2013 graduate of Harvard Law School, a former clerk to Judge Joseph Jerome Farris of the Ninth Circuit, and partner in Hagens Berman's Berkeley Office. Mr. Pierce has frequently represented classes of purchasers in large antitrust class actions. Some prominent examples include:

- *Moehrl v. National Association of Realtors*, Case No. 19-cv-01610 (N.D. Ill.): Mr. Pierce is a key member of the case team challenging anticompetitive conduct by the National Association of Realtors and four large real estate brokerages. In this litigation, Mr. Pierce

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

has taken numerous fact depositions, took the deposition of Defendant's expert at class certification, and played a key role in drafting class certification briefing.

- *In re: Turkey Antitrust Litigation*, Case No. 1:19-cv-08318 (N.D. Ill.): Mr. Pierce was a key member of the case team in this litigation challenging as anticompetitive an information exchange agreement between Defendants, orchestrated through a third-party service. Mr. Pierce played a key role in developing the legal theory of the case, has taken numerous fact depositions of senior Defendant executives, and has worked closely with experts throughout the litigation.
- *In re: Qualcomm Antitrust Litigation*, Case No. 17-md-02773 (N.D. Cal.) Mr. Pierce was a member of the case team in this antitrust MDL where Judge Koh certified a class of all United States consumers who had purchased cell phones from 2011 to 2017. As part of that litigation, Mr. Pierce took numerous depositions, including of key Defendant executives and Defendants' experts, helped draft class certification briefing, and led negotiations with numerous third parties for key relevant data.

**c. Abby R. Wolf**

Ms. Wolf is a 2016 graduate of University of California, Davis School of Law, a former clerk to Judge Joseph R. Goodwin of the Southern District of West Virginia and Judge Dale A. Drozd of the Eastern District of California, and an associate in Hagens Berman's Berkeley Office. Ms. Wolf has frequently represented individuals in complex multiparty litigations as well as classes in large antitrust class actions. As a law student, she successfully first chaired a criminal jury trial. Ms. Wolf has worked as a key member of the Hagens Berman team on *In re: Turkey Antitrust Litigation*, Case No. 1:19-cv-08318 (N.D. Ill.), in litigation challenging as anticompetitive an information exchange agreement between Defendants, orchestrated through a third-party service. In that case, Ms. Wolf has taken numerous fact depositions of Defendant executives, worked closely with experts, argued a discovery motion before the court, and helped lead day-to-day management of the case.

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

     **d. Hannah K. Song**

Ms. Song is a 2021 graduate of Stanford Law School and works as an associate attorney at Hagens Berman's Berkeley office. Ms. Song has worked as a key member of the Hagens Berman team in *Klein, et al. v. Meta Platforms, Inc.,* Case No. 3:20-cv-08570-JD (N.D. Cal.), where Hagens Berman was appointed as co-lead counsel to represent a class of Facebook users who allege Facebook monopolized the market through deceptive data collection and use practices. Ms. Song led discovery negotiations with third parties and assisted in managing extensive discovery efforts. She also helped draft multiple submissions to the court. Prior to joining Hagens Berman, Ms. Song worked on antitrust and consumer protection issues in various settings including as an extern at the Department of Justice Antitrust Division. Ms. Song also has experience in economics, statistics, and other quantitative methods, and has worked previously as an economic consultant supporting experts in antitrust and other litigation.

**e. Stephanie A. Verdoia**

Ms. Verdoia graduated from the University of Washington School of Law in 2021. In her first few years of experience, she has become a core member of the Hagens Berman team representing thousands of student athletes in *In re: College Athlete NIL Litigation*, Case No. 4:20-cv-03919 CW (N.D. Cal.). Ms. Verdoia has played a substantial role negotiating discovery issues—such as protective orders, privacy rights, and data production—with defendants and over 200 third parties on behalf of student class members. In addition, she has drafted formal discovery responses, reviewed productions, coordinated with class representatives, and contributed to filing the class certification motion, which is currently pending.

**2. PSBR**

Panish Shea Boyle Ravipudi LLP is a forty lawyer firm with offices in California and Nevada. Since its founding in 2005, PSBR has been a recognized leader in both individual trial practice and complex litigation, including in Nevada trial courts. The firm played an important leadership role in *Sheppard, et al. v. Mandalay Bay, et al.*, the litigation arising from the 1 October tragedy, serving as co-lead counsel for the victims. PSBR has likewise served as co-



lead counsel in litigation arising from the 2017 Thomas Fire, the 2018 Woolsey Fire, the 2015 Aliso Canyon gas leak, and disability discrimination claims relating to the ACT college examination testing. The attorneys responsible for this litigation will include PSBR partners Brian Panish and Rahul Ravipudi as well as Ian Samson and Adam Ellis, all of whom are admitted to the Nevada Bar and maintain an active Nevada trial practice.

**a. Brian Panish**

Brian Panish, one of PSBR's founding partners, has served in multiple leadership roles in complex litigation, which includes: Co-Lead Counsel in the Woolsey Fire litigation and the 2017 Thomas Fire and subsequent debris flows in Montecito, California, both of which have resulted in hundreds of millions of dollars in recoveries for wildfire victims; Lead Trial Counsel in the Porter Ranch/Aliso Canyon Gas Well Blowout Litigation, where he lead a team of lawyers in obtaining a $1.8 billion settlement from Southern California Gas Company; and leadership roles in the Asiana Airlines Crash Litigation, the Olympus Superbug CRE Litigation and DePuy ASR Hip Implant Litigation, among others. Mr. Panish also enjoys a long track record of courtroom success, including a $4.9 billion record verdict in the landmark products liability case *Anderson v. General Motors*, over 100 verdicts and settlements in excess of $10 million, and six verdicts in excess of $50 million. In 2022, Mr. Panish was admitted to the State Bar of Nevada

**b. Rahul Ravipudi**

Rahul Ravipudi, a partner at PSBR, has served in multiple leadership roles in complex litigation. That includes the 2018 Woolsey Fire, the 2017 Thomas Fire and subsequent mudflows, the Judicial Council Coordinated Proceeding in *Juul Labs Products Cases* (JCCP 5052), and *Bloom v. ACT, Inc.*, No. 18-cv-6749 (C.D. Cal.), a class action arising from disability-related claims against the ACT. Mr. Ravipudi has multiple seven and eight figure jury verdicts, as well as a nine-figure jury verdict in Clark County, Nevada. Mr. Ravipudi's work has extended beyond the courtroom, including advocating for the Paul Lee School Bus Safety Law, a California law passed in the wake of Mr. Ravipudi's advocacy on behalf of a severely autistic student who died after being abandoned on a school bus. In 2018, Mr. Ravipudi was admitted to the State Bar of Nevada.



  **c. Ian Samson**

Ian Samson, an attorney at PSBR, has represented classes in a variety of matters, including complex financial products, federal statutory claims, and state consumer protection statutes. Since joining PSBR in 2019, Mr. Samson has focused his practice on representing individual plaintiffs in California and Nevada. His matters have included $28.5 million settlement for a special needs child severely injured after he was denied federally mandated transportation by his school district, a $15.95 million settlement arising from a brain injury caused by playground equipment, and an $11.8 million judgment following a jury verdict for a special education teacher injured by dangerous chemicals served to him in a beverage. In 2019, Mr. Samson was admitted to the State Bar of Nevada.

**d. Adam Ellis**

Adam Ellis, an attorney at PSBR, is a 2017 graduate of the William S. Boyd Law School and an integral member of PSBR's Nevada practice. Mr. Ellis was admitted to the State Bar of Nevada in 2017, and served as a law clerk in the Eighth Judicial District Court. Mr. Ellis assisted with *Sheppard, et al. v. Mandalay Bay, et al.*, the litigation arising from the 1 October tragedy in which the firm served as co-lead counsel. Prior to joining PSBR Mr. Ellis garnered experience litigating complicated class action cases, including one involving Nevada's minimum wage amendment. Mr. Ellis now represents plaintiffs in a variety of complex matters, including those arising from product liability, operations, and aviation, and serves as local counsel to out-of-state attorneys in numerous cases.

**C. Hagens Berman has deep knowledge of the applicable law and has led the charge developing the law relevant to this case. (Fed. R. Civ. P. 23(g)(1)(A)(iii)).**

This case involves a conspiracy among industry participants to exchange pricing data through an intermediary called Rainmaker. Information sharing is a type of anticompetitive conduct that raises a specific antitrust risk and requires skilled counsel to navigate the rapidly evolving legal landscape. Prosecuting these actions requires fact-intensive assessments and expert analysis of whether or not the agreement to share information is "likely to harm competition," including whether the information relates to price, cost, output, customers, or



strategic planning; whether the information is current or historical; and whether the ultimate effect of the information exchange could facilitate coordination or endanger competition.

Appreciation of these specific risks raised by information exchanges, and in particular the use of pricing algorithms, has caused such conduct to receive new scrutiny by regulators. For example, on February 3, 2023, the Department of Justice announced it had withdrawn specific guidelines related information exchange and publicly questioned whether the agency's guidance on exchange of nonpublic information among competitors and in particular, the use of pricing algorithms was sufficient:"[W]e are experiencing an inflection point in the use of algorithms, data at scale, and cloud computing. Additional changes are inevitable and likely to come in rapid succession. That is why it is important to revisit outdated guidance before it strays even further from market realities." The Principal Deputy Assistant Attorney General of the Antitrust Division further stated that the agency would be issuing new guidance which would contain more a nuanced understanding of the value and use of the kinds of sensitive and sophisticated pricing algorithms today.

Hagens Berman is thus uniquely well suited to advance the claims of the hotel guests class because not only has Hagens Berman pursued antitrust class claims in many industries but the proposed team of lawyers also has deep knowledge of litigating cases involving pricing algorithms and information exchanges between industry co-conspirators and a central intermediary that artificially raises prices.

Hagens Berman has most recently been appointed as interim lead counsel in *Navarro v. RealPage* to represent a class of nationwide student housing renters, who challenge housing lessors' exchange of pricing information through a third-party intermediary, a property management software company. The student renter class alleges an agreement to share confidential and commercially sensitive information, including pricing algorithms with a common decisionmaker, anticompetitively raises prices—much as the hotel guest class does in this case. *Id*. When appointing Hagens Berman as interim lead counsel in *Navarro*, the District Court found Hagens Berman satisfied Federal Rule of Civil Procedure 23(g) including

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

"counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in [the] action[.]"

Hagens Berman is also at the forefront of a series of cases that challenge illegal price fixing through information sharing in the pork, beef, turkey, and chicken industries in the United States. In each case, Hagens Berman has been appointed as lead counsel on behalf of a proposed class: *In re*: *Broilers Antitrust Litigation,* Case No. 1:16-cv-08637 (N.D. Ill.); *In re: Pork Antitrust Litigation*, Case No. 1:18-cv-01776 (D. Minn.); and *In re: Turkey Antitrust Litigation*, Case No. 1:19-cv-08318 (N.D. Ill.). Like the current case, *Broilers*, *Pork*, and *Turkey* involve allegations that the defendants used a third-party intermediary (called Agri Stats), which caused anticompetitive effects. Berman Decl., ¶¶ 4-5. Hagens Berman understands the law regarding information exchanges: plaintiffs in *Broilers*, *Pork*, and *Turkey* have overcome multiple rounds of motions to dismiss, and the district court in *Broilers* has certified a class. While each is in its own stage of litigation, Hagens Berman has already recovered more than $275 million for class members. Berman Decl., ¶¶ 4-5.

While this litigation will pose its own unique challenges, Hagens Berman has the expertise necessary of the applicable law to drawn upon to overcome any of Defendants' challenges.

**D. Hagens Berman will devote the resources necessary to aggressively prosecute the claims in this case. (Fed. R. Civ. P. 23(g)(1)(A)(vi)).**

This Court must be satisfied that counsel "will commit sufficient attorney time and financial resources to vigorously prosecute the putative class's claims." Hagens Berman ably meets this standard and stands ready to dedicate all resources necessary to represent and protect the interests of the proposed hotel guest class through rigorous motion practice, discovery, class certification, trial, and appeal.

This litigation team has demonstrated their dedication and commitment in the many complex cases discussed above, and Hagens Berman will bring the same resources and commitment to ensure a successful outcome of this case. Berman Decl., ¶¶ 10-13. As described previously, Hagens Berman is well-capitalized law firm and possesses some of the largest and



most robust investigatory and litigation teams in their field. The firm consistently advances millions of dollars in litigation costs without third-party funding in matters of comparable size and complexity. *Id*. at ¶ 11. They will approach litigating against the well-funded Defendants in this case with the same advocacy and commitment.

**E. Proposed Class Counsel will cooperate with all counsel and commits to protect the interests of the class by closely guarding class resources.**

Proposed Class Counsel will make every effort to prosecute this case successfully, as both firms have done historically. Hagens Berman has a demonstrated record of accomplishment in working professionally with defense counsel and will commit to continue to do so in order to best advance the interests of the class.

Hagens Berman also commits to ensuring cost-effective representation of the class. Hagens Berman has a robust timekeeping policy to ensure timely and detailed records of all billable time. Time must be contemporaneously tracked by attorneys in time-keeping software, according to time codes that are standard in large antitrust cases. Berman Decl., ¶ 12. Time descriptions must be sufficiently detailed to enable anyone reviewing the entries to identify the specific activity performed the time spent on the activity and its purpose, and the relationship to the matter. Time must be tracked in tenth-of-an-hour increments. Timekeepers who do not follow the policy of entering time contemporaneously are subject to financial penalties to incentivize compliance. *Id*. at¶ 12. Timekeeping is considered a critical job function and tardiness is not tolerated. *Id.* Hagens Berman also audits this time every month and can provide regular reports to the Court, if requested.

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court appoint Hagens Berman Sobol Shapiro LLP and Panish Shea Boyle Ravipudi LLP as Interim Class Counsel to represent the proposed class in this litigation pursuant to Rule 23(g).



DATED this 29 day of March, 2023.

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
*/s/ Stephanie Verdoia*
Stephanie Verdoia (*pro hac vice*)
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
stephaniev@hbsslaw.com

Rio S. Pierce (*pro hac vice*)
Abby R. Wolf (*pro hac vice pending*)
Hannah K. Song (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 300
Berkeley, CA 94710

Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com
hannahso@hbsslaw.com

PANISH SHEA BOYLE RAVIPUDI LLP

*/s/ Adam Ellis*
Rahul Ravipudi, NV Bar No. 14750
Adam Ellis, NV Bar No. 14514
Ian P. Samson, NV Bar No. 15089
PANISH SHEA BOYLE RAVIPUDI LLP
300 S. 4th Street, Suite 710
Las Vegas, NV 89101
Telephone: (702) 560-5520
Facsimile: (702) 975-2515
Email: ravipudi@psblaw.com
ellis@psblaw.com
samson@psblaw.com



Brian J. Panish *(admission pending)*
Nevada State Bar No. 16123
PANISH SHEA BOYLE RAVIPUDI LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
Email: bpanish@psbrlaw.com

*Counsel for Plaintiffs and Proposed Class*

MOT AND MEMO. OF LAW ISO MOT. FOR APPOINTMENT AS INTERIM CLASS COUNSEL - 16
Case No. _2:23-cv-00140
011141-11/2187654 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX



**CERTIFICATE OF SERVICE**

I hereby certify that on March 29 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 29 day of March, 2023

*/s/ Adam Ellis*
Adam Ellis

MOT AND MEMO. OF LAW ISO MOT. FOR APPOINTMENT AS INTERIM CLASS COUNSEL - 17
Case No. _2:23-cv-00140
011141-11/2187654 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

