Patrick J. Reilly
Nevada Bar No. 6103
preilly@bhfs.com
Arthur A. Zorio
Nevada Bar No. 6547
azorio@bhfs.com
Emily Garnett
(*pro hac vice*)
egarnett@bhfs.com
Eric D. Walther
Nevada Bar No. 13611
ewalther@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada  89106
Telephone: 702.382.2101
Facsimile:  702.382.8135

*Attorneys for Treasure Island, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD GIBSON, and HERIBERTO VALIENTE,<br><br>Plaintiffs,<br><br>v.<br><br>MGM RESORTS INTERNATIONAL, CENDYN GROUP, LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC,<br><br>Defendants. | Case No. 2:23-cv-00140-MMD-DJA<br><br>**OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendant Treasure Island, LLC ("Treasure Island"), by and through its counsel, hereby opposes Plaintiffs' Motion To Appoint Hagens Berman Sobol Shapiro LLP And Panish Shea Boyle Ravipudi LLP as Interim Class Counsel (the "Motion"). This Opposition is based on the attached Memorandum of Points and Authorities, the papers and pleadings on file, and any oral argument this Court may allow.

DATED this 12th day of April, 2023.

/s/ *Patrick J. Reilly*
Patrick J. Reilly
Arthur A. Zorio
Emily Garnett
Eric D. Walther
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

*Attorneys for Treasure Island, LLC*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO MOTION TO APPOINT INTERIM CLASS COUNSEL**

The Motion should be denied.[1] Rule 23(g)(3) provides that the "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). However, the Advisory Committee admonishes that interim class counsel should be appointed only "if necessary to protect the interests of the putative class." Fed. R. Civ. P. 23, advisory committee note of 2003.

Necessity must be shown because an "attorney who acts on behalf of the class prior to certification, including the attorney who filed the action, must act in the best interests of the class as a whole, regardless of formal appointment as interim class counsel. Therefore, formal appointment of interim class counsel is not needed to assure the named plaintiffs' current attorney is obligated to act in the best interests of the class as a whole." 5 MOORE'S FEDERAL PRACTICE - CIVIL § 23.121 (2023); Fed. R. Civ. P. 23, advisory committee note of 2003.

"Although [Federal Rule of Civil Procedure 23(g)(3)] does not provide a standard for determining whether interim counsel should be appointed, courts that have construed it have relied on the Advisory Committee Notes accompanying the rule which limit its use to circumstances when interim counsel is necessary to protect the interests of the putative class." *Jenkins v. Hyundai Motor Fin. Co.*, 2008 U.S. Dist. LEXIS 23073, at *10, 2008 WL 781862, at *3 (S.D. Ohio Mar. 24, 2008) (quotation and citations omitted). Interim counsel is only necessary where "there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed R. Civ. P. 23(g), advisory committee note of 2003. *See White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) ("[T]hose cases in which interim counsel is appointed are typically those in which a large number of putative class actions have been consolidated or are otherwise pending before a single court"). An interim appointment might also be necessary where there are "duplicative and unproductive posturing by the competing attorneys" that are asking to be appointed interim counsel. 5 MOORE'S FEDERAL PRACTICE - CIVIL § 23.121. Interim counsel may also be necessary where

---

[1] Treasure Island takes no position at this time on the other arguments made in the Motion, and reserves all rights. For the purposes of this opposition, it is sufficient to raise the lack of necessity for appointment of interim counsel.

- 3 -

"there are a number of overlapping, duplicative, or competing suits pending in other courts" because "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." ANN. MANUAL COMPLEX LIT. § 21.11 (4th ed. 2022).

In this matter, there is a single case pending before a court and only one counsel seeking appointment as interim class counsel. In such cases, courts have found it unnecessary to appoint interim class counsel. *See In re Seagate Tech. LLC Litig.*, 2016 U.S. Dist. LEXIS 80741, at *7, WL 3401989, at *3 (N.D. Cal. June 21, 2016) ("Where there are no competing lawsuits or firms, courts in this district have been unwilling to appoint interim class counsel" (collecting cases)); *see also Burns v. Navistar, Inc.*, 2011 U.S. Dist. LEXIS 18147, at **7-8 (S.D. Cal. Feb. 24, 2011) (finding "no compelling reason" to appoint interim class counsel despite pendency of a similar action in another district because "[t]here is but one case now before the Court, and there is little confusion that it is the responsibility of [movant's counsel] to protect the interests of the putative class"); *Nutz for Candy v. Ganz, Inc.*, 2008 U.S. Dist. LEXIS 79340, at *4, 2008 WL 4332532 (N.D. Cal. Sept.19, 2008) (rejecting motion for appointment of interim counsel where the court had "a single action and a single firm seeking to be appointed interim lead counsel," despite pendency of similar cases in other Districts that had not been consolidated before the court because "at this time the responsibility for protecting the interests of the class in this Court is clear."); *Parrish v. National Football League Players Inc.*, 2007 U.S. Dist. LEXIS 43732, at *24, 2007 WL1624601, at *9 (N.D. Cal. Jun. 4, 2007) (appointment unnecessary because "there is a single action and a single law firm who has moved to be appointed," "[t]here are not multiple complaints, nor is there a gaggle of law firms jockeying to be appointed" and "[n]o consolidation with other actions is on the horizon"); *see also Evans v. ZB, N.A.*, 2020 U.S. Dist. LEXIS 207399, at *2, 2020 WL 6526245, at *1 (E.D. Cal. Nov. 5, 2020) (denying motion for interim counsel where there was "no rivalry ... among competing law firms to represent the putative class").

Plaintiffs do not attempt to show that appointing interim class counsel is necessary to protect the putative class's interests. Instead, the Motion merely describes the putative qualification of the

lawyers that filed the Complaint. Plaintiffs also fail to provide any evidence that there would be any prejudice suffered if the Motion is denied.

THEREFORE, This Court should deny Plaintiffs' Motion and "wait to consider the adequacy of representation and appointment of class counsel until such time as [Plaintiffs] move for class certification." *Evans v. ZB, N.A.*, 2020 U.S. Dist. LEXIS 207399, *6, 2020 WL 6526245, at *2.

DATED this 12th day of April, 2023.

/s/ *Patrick J. Reilly*
Patrick J. Reilly
Arthur A. Zorio
Emily Garnett
Eric D. Walther
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

*Attorneys for Treasure Island, LLC*

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **TREASURE ISLAND, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL** was served via electronic service on April 12, 2023, to all parties on the CM/ECF service list.

| | |
|---|---|
| Sammuel B. Auld<br>Boris Bershteyn<br>Michael Harmon Menitove<br>Kenneth B. Schwartz<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Manhattan West<br>New York, NY 10001<br>Sam.auld@skadden.com<br>Boris.bershteyn@skadden.com<br>Michael.menitove@skadden.com<br>Ken.schwartz@skadden.com<br><br>Adam Hosmer-Henner<br>McDonald Carano LLP<br>100 W. Liberty St., 10th Floor<br>Reno, NV 89501<br>ahosmerhenner@mcdonaldcarano.com<br><br>*Attorney for Caesar's Entertainment, Inc.*<br><br>Margarita Elias<br>Nicholas J. Santoro<br>Holley Driggs<br>300 South 4th Street, Suite 1600<br>Las Vegas, NV 89101<br>melias@nevadafirm.com<br>nsantoro@nevadafirm.com<br><br>Alicia Rubio-Spring<br>Goodwin Procter LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>arudio@goodwinprocter.com<br><br>*Attorney for The Rainmaker Unlimited, Inc.* | Steve W. Berman<br>Stephanie A. Verdoia<br>Abby R. Wolf<br>Hagens Berman Sobol Shapiro LLP<br>1301 Second Ave., Suite 2000<br>Seattle, WA 98101<br>Stephaniev@hbsslaw.com<br>steve@hbsslaw.com<br>abbyw.@hbsslaw.com<br><br>Adam Ellis<br>Rahul Ravipudi<br>Ian P. Samson<br>Panish Shea Boyle Ravipudi LLP<br>300 S. 4th Street, Suite 710<br>Las Vegas, NV 89101<br>ellis@psblaw.com<br>ravipudi@psblaw.com<br>samson@psblaw.com<br><br>Brian Joseph Panish<br>Panish Shea Boyle Ravipudi LLP<br>11111 Santa Monica Bl., Ste 700<br>Los Angeles, CA 90025<br>bpanish@psbr.law<br><br>Rio S. Pierce<br>Hannah K. Song<br>Hagens Berman Sobol Shapiro LLP<br>715 Hearst Ave., Suite 202<br>Berkeley, CA 94710<br>riop@hbsslaw.com<br>hannahso@hbsslaw.com<br><br>*Attorney for Haliberto Valiente and Richard Gibson* |

| | | |
|---|---|---|
| 1 | Bradley T. Austin<br>Patrick G. Bryne | Todd L. Bice<br>Brianna Smith |
| 2 | Snell & Wilmer LLP<br>3883 Howard Hughes Pkwy., Suite 1100 | Pisanelli Bice PLLC<br>400 South 7th Street, Suite 300 |
| 3 | Las Vegas, NV 89169<br>baustin@swlaw.com | Las Vegas, NV 89101<br>lit@pisanellibice.com |
| 4 | | bgs@pisanellibice.com |

Lenora Cohen
Mark Holscher
Tammy A. Tsoumas
Kirkland & Ellis LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Mark.holscher@kirkland.com
Ttsoumas@kirkland.com
Matthew Solum
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Matthew.solum@kirkland.com

*Attorneys for Wynn Resorts Holdings, LLC*

Bethany Woodard Kristovich
Kyle W. Mach
Munger, Tolles & Olson LLP
350 S. Grand Avenue, Suite 50th Floor
Los Angeles, CA 90071
Benthany.kristovich@mto.com
Kyle.mach@mto.com

Justin P. Raphael
Juliana M. Yee
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Justin.raphael@mto.com
Juliana.yee@mto.com

*Attorney for MGM Resorts International*

Sadik Huseny
Brendan A. McShane
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Sadik.huseny@lw.com
Brendan.mcshane@lw.com

Anna M. Rathbun
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Anna.rathbun@lw.com

J. Colby Williams
Campbell & Williams
710 South Seventh Street, Suite A
Las Vegas, NV 89101
Jcw@cwlawlv.com

*Attorney for CENDYN Group, LLP*

/s/ Wendy Cosby
Wendy Cosby, an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP