**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman, Esq. (*pro hac vice*)
steve@hbsslaw.com
Stephanie A. Verdoia, Esq. (*pro hac vice*)
stephaniev@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594

Rio S. Pierce, Esq. (*pro hac vice*)
riop@hbsslaw.com
Abby R .Wolf, Esq. (*pro hac vice*)
abbyw@hbsslaw.com
Hannah K. Song, Esq. (*pro hac vice*)
hannahso@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001

**PANISH SHEA BOYLE RAVIPUDI LLP**
Brian J. Panish, NV Bar No. 16123
panish@psbr.law
Rahul Ravipudi, NV Bar No. 14750
rravipudi@psbr.law
Adam Ellis, NV Bar No. 14514
aellis@psbr.law
Ian Samson, NV Bar No. 15089
isamson@psbr.law
300 S. Fourth Street, Suite 710
Las Vegas, NV 89101
Telephone:  (702) 560-5520

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD GIBSON, and HERIBERTO VALIENTE,<br><br>                    Plaintiffs,<br><br>           v.<br><br>MGM RESORTS INTERNATIONAL, CENDYN GROUP, LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC,<br><br>                    Defendants. | No. 2:23-cv-00140-MMD-DJA<br><br>**PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL** |

PLS.' REPLY IN OPP'N TO DEFS.' OPP'N TO PLS.' MOT. TO APPT INTERIM CLASS COUNSEL
No. 2:23-cv-00140-MMD-DJA
011141-11/2240323 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

# ARGUMENT

Treasure Island, LLC's ("Treasure Island") opposition does not contest the qualification of Hagens Berman Sobol Shapiro LLP and Panish Shea Boyle Ravipudi LLP (collectively "Plaintiffs' Counsel") to serve as interim lead counsel under Fed. R. Civ. P. 23(g). Rather, it argues that this designation is premature because there have been no competing cases filed or competing applications for appointment by other attorneys.[1] For the following reasons, its arguments are unpersuasive.

*First*, Rule 23(g)(3) does not state that it is inappropriate to appoint interim co-lead counsel when there are no leadership fights or competing class suits filed.[2] To the contrary, the Advisory Committee Notes to Rule 23 state that "in many cases the need to progress toward the certification determination may require designation of interim counsel" and "active management may be necessary to ensure that the certification decisions is not unjustifiably delayed."[3]

This case was initially filed on January 25, 2023 by the law firms of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Panish Shea Boyle Ravipudi LLP ("PSBR").[4] Since that filing, Plaintiffs' Counsel have established a co-lead counsel structure, coordinated stipulations regarding response timelines, initiated a Rule 26(f) conference with all named Defendants and their respective counsel, and drafted early discovery requests. Instead of acknowledging the efficient manner in which Plaintiffs' Counsel has sought to proceed, Treasure Island claims that appointment of interim co-lead counsel is unnecessary in the absence of competing lawyers or lawsuits.[5]

Yet, there is no requirement that there be a "gaggle" of competing law firms or attorneys in order for the appointment of interim class counsel to be warranted.[6] As one district court

---

[1] Treasure Island's Memorandum of Points and Authorities in Support of Opposition to Motion to Appoint Interim Class Counsel, ECF No. 97, at 3–4 ("Def. Mem.").

[2] Fed. R. Civ. P. 23(g)(3).

[3] Fed. R. Civ. P. 23, Adv. Comm. Notes (2003).

[4] Class Action Compl., ECF No. 1.

[5] Def. Mem. at 3–4.

[6] *See, e.g.*, *Gallagher v. Bayer AG*, No. 14-cv-04601-WHO, 2015 WL 4932292, at *8 (N.D. Cal. Aug. 18, 2015) (appointing interim class counsel over defendant's objection that no competing cases existed because plaintiffs showed they met the Rule 23(g)(1) factors and

PLS.' REPLY IN OPP'N TO DEFS.' OPP'N TO PLS.' MOT. TO APPT INTERIM CLASS COUNSEL - 1
No. 2:23-cv-00140-MMD-DJA
011141-11/2240323 V1


1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

explained, "neither the Advisory Notes nor the Rule [23(g)] provide that 'rivalry or uncertainty' is a requirement for appointment of interim class counsel; rather it is included as one of several circumstances that may require appointment of interim class counsel."[7] District courts in this circuit have reached the same conclusion and did *not* find the absence of any competing cases or applications for appointment of counsel "particularly helpful to the resolution of plaintiffs' motion."[8] Instead, the proposed counsel's satisfaction of Rule 23(g)(1) factors and the lack of prejudice to defendants was sufficient to appoint interim class counsel.[9]

Treasure Island additionally ignores that the "most common" method of selecting class counsel is the "private ordering" among counsel where: "the lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests."[10] Plaintiffs' Counsel here, including Hagens Berman who independently investigated this matter on their own and PSBR who has provided substantive local support, have determined a co-lead counsel structure to work together in the interests of the plaintiffs and the putative class. Appointing interim class counsel now will help ensure that the case continues to proceed in an efficient manner.[11]

*Second*, Treasure Island does not dispute that Plaintiffs' Counsel meets all Rule 23(g)(1) factors.[12] Plaintiffs' Counsel provided significant support to show satisfaction of Rule 23(g)(1)

---

because of "several cases in which courts have appointed interim class counsel in the absence of other class suits.").

[7] *Henderson v. Volvo Cars of N. Am., LLC*, No. 09-cv-4146 (DMC)(JAD), 2010 U.S. Dist. LEXIS 151733, at *6–7 (D.N.J. Nov. 1, 2010).

[8] *McFadden v. Microsoft Corp.*, No. C20-0640-RSM-MAT, 2020 WL 5642822, at *2 (W.D. Wash. Sept. 22, 2020) (granting plaintiffs' motion to appoint interim class counsel where proposed counsel satisfied Rule 23(g)(1)(A) factors as "sufficient justification" for the appointment requested).

[9] *Id.*

[10] ANN. MANUAL COMPLEX LITIGATION, § 21.272 (4th ed. 2022).

[11] *Chen v. Target Corp.*, No. 21-1247 (DWG/DTS), 2021 WL 6063632, at *2 (D. Minn. Dec. 22, 2021) (finding appointment of interim class counsel would maximize efficiency); *Henderson*, 2010 U.S. Dist. LEXIS 151733, at *6–7 (finding appointment "will ensure continued cooperation amongst [] counsel throughout the pre-certification process"); *C.f. Beture v. Samsung Elecs. Am., Inc.*, No. 17-5757 (SRC), 2018 WL 3159875, at *1 (D.N.J. Mar. 27, 2018) (stating that "were [the] court to deny [the motion to appoint interim counsel]," then "the result would be competing counsel").

[12] Def. Mem. at 3 n.1 ("For the purposes of this opposition, it is sufficient to raise the lack of necessity for appointment of interim counsel.").

---

PLS.' REPLY IN OPP'N TO DEFS.' OPP'N TO PLS.' MOT. TO APPT INTERIM CLASS COUNSEL - 2
No. 2:23-cv-00140-MMD-DJA
011141-11/2240323 V1



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

factors.[13] Treasure Island states Plaintiffs "merely" described the qualifications of "the lawyers that filed the Complaint."[14] However, more is not required of Plaintiffs' Counsel. And Treasure Island's failure to dispute Plaintiffs' Counsel's adequacy to represent the putative class is relevant to the determination of the motion.[15] Courts have found "no downside" to appointing interim class counsel during early stages of the case when the proposed class counsel satisfies the factors set forth in Rule 23(g)(1).[16] Instead, adequate interim class counsel clarifies responsibilities and ensures efficiency as the case progresses.

Further, district courts have found "no indication" of prejudice to defendants by interim appointment of class counsel if the "law firms would, in any event, continue to be involved in th[e] litigation."[17] Treasure Island provides no information on how appointment of Plaintiffs' Counsel at this stage in the case would prejudice them.[18]

Plaintiffs, by and through their respective counsel, respectfully submit that their motion to appoint Plaintiffs' Counsel as interim class counsel should be granted.

---

[13] Pls.' Mot. to Appoint HBSS and Panish Shea Boyle as Interim Class Counsel and Memorandum of Law in Support, ECF No. 93.

[14] Def. Mem. at 4–5.

[15] *See Chen*, 2021 WL 6063632, at *2; *McFadden*, 2020 WL 5642822, at *3; *Gallagher*, 2015 WL 4932292, at *8.

[16] *See Chen*, 2021 WL 6063632, at *2.

[17] *Demarco v. Avalonbay Cmtys., Inc.*, No. 15-0628 (JLL), 2015 U.S. Dist. LEXIS 194344, at *6–7 (D.N.J. Mar. 17, 2015).

[18] Def. Mem. at 3 n.1.

PLS.' REPLY IN OPP'N TO DEFS.' OPP'N TO PLS.' MOT. TO APPT INTERIM CLASS COUNSEL - 3
No. 2:23-cv-00140-MMD-DJA
011141-11/2240323 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

| | | |
|---|---|---|
| 1 | DATED: April 19, 2023 | Respectfully submitted, |
| 2 | | HAGENS BERMAN SOBOL SHAPIRO LLP |

By    */s/ Steve W. Berman*
    Steve W. Berman (*pro hac vice*)
Stephanie A. Verdoia (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
T: (206) 623-7292
F: (206) 623-0594
steve@hbsslaw.com
stephaniev@hbsslaw.com

Rio S. Pierce (*pro hac vice*)
Abby R. Wolf (*pro hac vice*)
Hannah K. Song (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
T: (510) 725-3000
F: (510) 725-3001
riop@hbsslaw.com
abbyw@hbsslaw.com
hannahso@hbsslaw.com

Rahul Ravipudi (Nevada Bar No. 14750)
Adam Ellis (Nevada Bar No. 14514)
Ian P. Samson (Nevada Bar No. 15089)
PANISH SHEA BOYLE RAVIPUDI LLP
300 S. 4th Street, Suite 710
Las Vegas, NV 89101
T: (702) 560-5520
F: (702) 975-2515
rravipudi@psblaw.com
aellis@psblaw.com
isamson@psblaw.com

Brian J. Panish (Nevada Bar No. 16123)
PANISH SHEA BOYLE RAVIPUDI LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025
T: (310) 477-1700
F: (310) 477-1699
panish@psbrlaw.com

*Counsel for Plaintiffs and the Proposed Class*

PLS.' REPLY IN OPP'N TO DEFS.' OPP'N TO PLS.' MOT. TO APPT INTERIM CLASS COUNSEL - 4
No. 2:23-cv-00140-MMD-DJA
011141-11/2240323 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED:  April 19, 2023              */s/ Steve W. Berman*
                                    Steve W. Berman

PLS.' REPLY IN OPP'N TO DEFS.' OPP'N TO PLS.' MOT. TO APPT INTERIM CLASS COUNSEL - 5
No. 2:23-cv-00140-MMD-DJA
011141-11/2240323 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX