Steve W. Berman (*Pro Hac Vice*)
Ted Wojcik *(Pro Hac Vice Forthcoming)*
Stephanie A. Verdoia *(Pro Hac Vice)*
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email:  steve@hbsslaw.com
         tedw@hbsslaw.com
         stephaniev@hbsslaw.com

Rio S. Pierce *(Pro Hac Vice)*
Abby R. Wolf *(Pro Hac Vice)*
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email:  riop@hbsslaw.com
         abbyw@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*
[additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD GIBSON, and HERIBERTO VALIENTE,<br><br>            Plaintiffs,<br><br>    v.<br><br>MGM RESORTS INTERNATIONAL, CENDYN GROUP, LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC,<br><br>            Defendants. | Case No. 2:23-CV-140-MMD-DJA<br><br>**[PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Rule 26(f)(2) of the Federal Rules of Civil Procedure and Local Rule 26-1 of the United States District Court in and for the District of Nevada, the Parties through their respective attorneys of record hereby submit their proposed Discovery Plan and Scheduling Order for this Court's review and approval.

## A. Fed. R. Civ. P. 26(f) Conference:

The Parties met on March 6 and April 18, to discuss discovery and general scheduling issues. On April 24, May 9, and 10, 2023, the Parties conducted the discovery conference as required under Fed. R. Civ. P. 26(f). The following attendees participated for Plaintiffs: Rio S. Pierce, Ted Wojcik, Abby R. Wolf, and Stephanie A. Verdoia. The following attendees participated for Defendants: Tammy Tsoumas, Nathaniel Haas, Patrick Byrne, Bradley Austin (for Defendant Wynn Resorts Holdings, LLC); Brendan McShane, Anna Rathbun, Chris Brown (for Defendant Cendyn Group, LLC); Patrick Reilly (for Defendant Treasure Island, LLC); Alicia Rubio-Spring (for Defendant Rainmaker Group Unlimited, Inc.); Bethany Kristovich, Kyle Mach, Justin Raphael (for Defendant MGM Resorts International); Boris Bershteyn, Mike Menitove (for Defendant Caesars Entertainment, Inc.).

## B. Brief Description of the Case:

This antitrust case is a proposed class action of purchasers of hotel guest room rentals on the Las Vegas Strip from Defendant Hotel Operators allegedly utilizing Defendant Cendyn's Rainmaker pricing software ("Rainmaker") and their co-conspirators.  Defendants dispute Plaintiffs' allegations and have moved to dismiss them under Fed. R. Civ. P. 12(b)(6).

## C. Discussion of Matters Required by Local Rule 26-1 and Fed. R. Civ. P. 26(f):

On March 27, 2023, Defendants moved to dismiss this action in accordance with Fed. R. Civ. P. 12(b).  ECF No. 91.  MGM Resorts International filed a separate motion to dismiss on the basis that MGM contends that Plaintiffs did not allege that MGM uses any Rainmaker revenue software at any of the ten hotels that MGM is alleged to operate.  ECF No. 92. Plaintiffs dispute this contention for the reasons contained in their opposition. ECF No. 110. Pursuant to a

stipulation of the Parties, Plaintiffs' responses were filed on May 11, 2023, and Defendants' reply memoranda are due on June 12, 2023.  ECF No. 95.  The Parties have met and conferred to discuss either a stay of discovery or a limited discovery scope while these motions are being considered by the Court on February 16, March 6, April 18, April 24, May 9, and 10, 2023 as well as additional phone calls with MGM on March 30 and May 2.  However, the Parties have been unable to come to agreement.  Defendants anticipate they will be filing a motion to stay discovery shortly.  Accordingly, the Parties have met and conferred and agreed upon, subject to the Court's approval, a briefing schedule as reflected below.  The Parties hereby submit the following proposed Discovery Plan and Scheduling Order with a statement of each side's position on the points in dispute pursuant to Local Rule 26-1(a).

*Plaintiffs' Position*.  Plaintiffs' proposed schedule would proceed on an overall more efficient timeframe that would still allow adequate time for the necessary discovery to proceed—makes use of the time during which the motions to dismiss are pending—as well provides adequate time for Plaintiffs to prepare for their class certification motion.

Plaintiffs' proposal allows for targeted discovery of core documents while using the time that the dispositive motions are pending to work through objections, negotiate discovery protocols, and narrow disputes so that further discovery can proceed with minimal Court intervention in the event Defendants' motions to dismiss are denied. Under Plaintiffs' schedule, at the time of the Court's ruling on the pending motions, Defendants other than MGM will have already produced core discovery, and the Parties will have teed up disputes on the remaining discovery, if any, and have in hand, a working ESI protocol and Protective Order to allow for document production. Thus, at that moment of the ruling, discovery will be allowed to proceed in earnest and without further delay. Defendants' decision to delay discovery negotiations until after the pending motions and to sever reports from the briefing causes their schedule to be simultaneously both much longer than Plaintiffs' proposal (by 110 days) and also, as described herein, condenses the time period for discovery to a tiny fraction of the time necessary for a case of this size and complexity (to just 95 days).

Plaintiffs' proposal plans for class certification to proceed while fact discovery is open, which allows for an overall faster resolution of the case. Similarly, under Plaintiffs' proposal class certification and class certification expert reports would proceed simultaneously rather than building in dead time between such events. As described below, this approach of overlapping class certification with fact discovery is consistent with the Federal Rules and is often done in similar antitrust cases.

Thus, Plaintiffs' proposed schedule would proceed on an overall more efficient timeframe that would still allow adequate time for discovery to proceed. For the Court's ease of review, the below charts compare the two differently structured schedules.

**Case Schedule Sorted in Date Order of Plaintiffs' Proposal**

| Event (in Plaintiffs' Proposed Order) | Plaintiff Proposal | Defendant Proposal |
|---|---|---|
| **Serve Initial RFPs/Rogs** | Mon., May 8, 2023 | Discovery should be stayed pending resolution of the Motion(s) to dismiss, except for the discovery agreed to by all Defendants except MGM in Section 3.C |
| **Discovery Plan Due Date** | Mon., May 15, 2023 | Mon., May 15, 2023 |
| **Deadline to produce Interrogatory responses [All Under Plaintiff Proposal, Rogs. 1 & 2 for all Defendants except MGM under Defense Proposal]** | Wed., July 12, 2023 All Rogs. for All Defendants | Wed., July 12, 2023 Rogs. 1 & 2 for all Defendants except MGM |
| **Deadline to produce remaining Interrogatory responses under Defendants' proposal** | *Already completed by July 12, 2023* | 45 days after resolution of the Motion(s) to dismiss |
| **Initial Disclosures Due Date** | Wed., Jun. 28, 2023 | Wed., Jun. 28, 2023 (all Defendants except MGM) |
| **Deadline for ESI and Protective Order** | Fri., June 30, 2023 | Fri., June 30, 2023 (all Defendants except MGM) |
| **Deadline to produce Priority Discovery Go-Gets** | Wed., July 19, 2023 | Discovery should be stayed pending resolution of the Motion(s) to dismiss, except for the discovery agreed to by all Defendants except MGM in Section 3.C |
| **Deadline to complete negotiations regarding RFP R&Os.** | Mon., Oct. 9, 2023 | Defendants' proposal is to serve responses & objections to Plaintiffs' remaining requests for production 15 days after resolution of the Motion(s) to dismiss and complete negotiations regarding the same 45 days after resolution of the Motion(s) to dismiss |

| | | |
|---|---|---|
| **Deadline to complete search term negotiations, and submit proposed briefing schedule regarding any disputes** | Mon., Oct. 9, 2023 | 75 days after resolution of the Motion(s) to dismiss |
| **Document Production Substantial Completion Deadline for 5 Priority Custodians** | 30 days after resolution of the pending motions to dismiss | 120 days after resolution of the Motion(s) to dismiss |
| **Deadline to Produce Structured Data.** | 60 days after resolution of the pending motions to dismiss | 180 days after resolution of the Motion(s) to dismiss |
| **Document Production Substantial Completion Deadline** | 120 days after resolution of the pending motions to dismiss | 270 days after resolution of the Motion(s) to dismiss |
| **Plaintiffs' Class Certification Motion** | 300 days after resolution of the pending motions to dismiss | 560 days after resolution of the Motion(s) to dismiss |
| **Plaintiffs' Class Certification Expert Opening Reports** | 300 days after resolution of the pending motions to dismiss | 395 days after resolution of the Motion(s) to dismiss |
| **Defendants' Class Certification Opposition** | 360 days after resolution of the pending motions to dismiss | 605 days after resolution of the Motion(s) to dismiss |
| **Defendants' Expert Opening Report** | 360 days after resolution of the pending motions to dismiss | 455 days after resolution of the Motion(s) to dismiss |
| **Defendants' *Daubert* Motion re Plaintiffs' Expert(s)** | 360 days after resolution of the pending motions to dismiss | 560 days after resolution of the Motion(s) to dismiss |
| **Plaintiffs' Class Certification Reply** | 420 days after resolution of the pending motions to dismiss | 650 days after resolution of the Motion(s) to dismiss |
| **Plaintiffs' Class Certification Expert Reply Report** | 420 days after resolution of the pending motions to dismiss | 485 days after resolution of the Motion(s) to dismiss |
| **Plaintiffs' *Daubert* Opposition re Plaintiffs' Expert(s)** | 420 days after resolution of the pending motions to dismiss | 605 days after resolution of the Motion(s) to dismiss |
| **Plaintiffs' *Daubert* Motion re Defendants' Expert(s)** | 420 days after resolution of the pending motions to dismiss | 560 days after resolution of the Motion(s) to dismiss |
| **Defendants' Daubert Reply re Plaintiffs' Expert(s)** | 450 days after resolution of the pending motions to dismiss | 650 days after resolution of the Motion(s) to dismiss |

| | | |
|---|---|---|
| **Defendants' *Daubert* Opposition re Defendants' Expert(s)** | 450 days after resolution of the pending motions to dismiss | 605 days after resolution of the Motion(s) to dismiss |
| **Last day for Amending the Pleadings and Adding Parties** | 450 days after resolution of the pending motions to dismiss | Three months after the commencement of discovery following the Court's last ruling on Defendants' Motion(s) to dismiss |
| **Class Certification Expert(s) discovery cut-off** | 450 days after resolution of the pending motions to dismiss | 515 days after resolution of the Motion(s) to dismiss |
| **Plaintiffs' *Daubert* Reply re Defendants' Expert(s)** | 510 days after resolution of the pending motions to dismiss | 650 days after resolution of the Motion(s) to dismiss |
| **Class Certification Hearing** | Court's convenience | Court's convenience |
| **Discovery Cut-Off Date** | 540 days after resolution of the pending motions to dismiss | 365 days after resolution of the Motion(s) to dismiss |
| **Total time required:** | **Plaintiff Schedule: 540 days** | **Defendant Schedule: 650 days** |

### Case Schedule Sorted in Date Order of Defendants' Proposal

| Event (in Defendants' Proposed Order) | Plaintiff Current Proposal | Defendant Proposal |
|---|---|---|
| **Serve Initial RFPs/Rogs** | Mon., May 8, 2023 | Discovery should be stayed pending resolution of the Motion(s) to dismiss, except for the discovery agreed to by all Defendants except MGM in Section 3.C |
| **Discovery Plan Due Date** | Mon., May 15, 2023 | Mon., May 15, 2023 |
| **Deadline for ESI and Protective Order** | Fri., June 30, 2023 | Fri., June 30, 2023 (all Defendants except MGM) |
| **Deadline to produce Interrogatory responses  [All Under Plaintiff Proposal, Rogs. 1 & 2 for all Defendants except MGM under Defense Proposal]** | Wed., July 12, 2023 All Rogs for All Defendants | Wed., July 12, 2023 Rogs. 1 & 2 for all Defendants except MGM |

| | | |
|---|---|---|
| **Deadline to produce Priority Discovery Go-Gets** | Wed., July 19, 2023 | Discovery should be stayed pending resolution of the Motion(s) to dismiss, except for the discovery agreed to by all Defendants except MGM in Section 3.C |
| **Initial Disclosures Due Date** | Wed., Jun. 28, 2023 | Wed., Jun. 28, 2023 (all Defendants except MGM) |
| **Deadline to complete negotiations regarding RFP R&Os.** | Mon., Oct. 9, 2023 | Defendants' proposal is to serve responses & objections to Plaintiffs' remaining requests for production 15 days after resolution of the Motion(s) to dismiss and complete negotiations regarding the same 45 days after resolution of the Motion(s) to dismiss |
| **Deadline to produce remaining Interrogatory responses under Defendants' proposal** | *Already completed by July 12, 2023* | 45 days after resolution of the Motion(s) to dismiss |
| **Deadline to complete search term negotiations, and submit proposed briefing schedule regarding any disputes** | Mon., Oct. 9, 2023 | 75 days after resolution of the Motion(s) to dismiss |
| **Last day for Amending the Pleadings and Adding Parties** | 450 days after resolution of the pending motions to dismiss | Three months after the commencement of discovery following the Court's last ruling on Defendants' Motion(s) to dismiss |
| **Document Production Substantial Completion Deadline for 5 Priority Custodians** | 30 days after resolution of the pending motions to dismiss | 120 days after resolution of the Motion(s) to dismiss |
| **Deadline to Produce Structured Data.** | 60 days after resolution of the pending motions to dismiss | 180 days after resolution of the Motion(s) to dismiss |
| **Document Production Substantial Completion Deadline** | 120 days after resolution of the pending motions to dismiss | 270 days after resolution of the Motion(s) to dismiss |
| **Discovery Cut-Off Date** | 540 days after resolution of the pending motions to dismiss | 365 days after resolution of the Motion(s) to dismiss |
| **Plaintiffs' Class Certification Expert Opening Reports** | 300 days after resolution of the pending motions to dismiss | 395 days after resolution of the Motion(s) to dismiss |
| **Defendants' Expert Opening Report** | 360 days after resolution of the pending motions to dismiss | 455 days after resolution of the Motion(s) to dismiss |

| Plaintiffs'Class Certification Expert Reply Report | 420 days after resolution of the pending motions to dismiss | 485 days after resolution of the Motion(s) to dismiss |
|---|---|---|
| Class Certification Expert(s) discovery cut-off | 450 days after resolution of the pending motions to dismiss | 515 days after resolution of the Motion(s) to dismiss |
| Plaintiffs' Class Certification Motion | 300 days after resolution of the pending motions to dismiss | 560 days after resolution of the Motion(s) to dismiss |
| Plaintiffs' *Daubert* Motion re Defendants' Expert(s) | 420 days after resolution of the pending motions to dismiss | 560 days after resolution of the Motion(s) to dismiss |
| Defendants' *Daubert* Motion re Plaintiffs' Expert(s) | 360 days after resolution of the pending motions to dismiss | 560 days after resolution of the Motion(s) to dismiss |
| Defendants' Class Certification Opposition | 360 days after resolution of the pending motions to dismiss | 605 days after resolution of the Motion(s) to dismiss |
| Plaintiffs' *Daubert* Opposition re Plaintiffs' Expert(s) | 420 days after resolution of the pending motions to dismiss | 605 days after resolution of the Motion(s) to dismiss |
| Defendants' *Daubert* Opposition re Defendants' Expert(s) | 450 days after resolution of the pending motions to dismiss | 605 days after resolution of the Motion(s) to dismiss |
| Plaintiffs' Class Certification Reply | 420 days after resolution of the pending motions to dismiss | 650 days after resolution of the Motion(s) to dismiss |
| Plaintiffs' *Daubert* Reply re Defendants' Expert(s) | 510 days after resolution of the pending motions to dismiss | 650 days after resolution of the Motion(s) to dismiss |
| Defendants' Daubert Reply re Plaintiffs' Expert(s) | 450 days after resolution of the pending motions to dismiss | 650 days after resolution of the Motion(s) to dismiss |
| Class Certification Hearing | Court's convenience | Court's convenience |
| **Total time required:** | **Plaintiff Schedule: 540 days** | **Defendant Schedule: 650 days** |

*Defendants' Position.*  Defendants' proposals are subject to their position that discovery should be significantly limited, or stayed in its entirety, while their dispositive motions are being considered by the Court.  To resolve Plaintiffs' assertions regarding efficiency, Defendants other than MGM have made a proposal that allows for discovery logistics discussions and limited, targeted discovery to move forward while the motions to dismiss are pending.  Specifically, although Defendants believe, based on the dearth of allegations against all Defendants, that their pending motion to dismiss should lead to full resolution and dismissal of this action, Defendants other than MGM have agreed to exchange initial disclosures, negotiate an ESI Order and a Protective Order, respond to certain of Plaintiffs' Interrogatories, and provide organizational charts in response to one of Plaintiffs' Requests for Production.  MGM believes, based on Plaintiffs' failure to allege that the hotels allegedly operated by MGM use any Rainmaker revenue software that provides pricing recommendations, that discovery against it should be stayed entirely pending resolution of the motions to dismiss.

1.      **Briefing Schedule on Defendants' Motion to Stay**: The Parties have agreed to the following briefing schedule for Defendants' Motion to Stay:

      a.   Defendants' Motion to Stay will be filed on Monday, May 22.

      b.   Plaintiffs' Opposition will be filed on Monday, June 5.

      c.   Defendants' Reply will be filed on Monday, June 19.

      d.   The Parties will be available for a hearing at the Court's convenience.

      e.   The Parties agree that while the Motion to Stay is pending a decision, Defendants do not need to respond to Plaintiffs' Requests for Production and Interrogatories, except as provided by Defendants' offer in Section C.3.  For the avoidance of doubt, Defendants agree to provide the limited discovery they have committed to, as outlined in section C.3.  And for the avoidance of doubt, Plaintiffs have committed that to the extent they oppose Defendants' Motion to Stay, they will only seek the discovery they have outlined in the

chart below in Section C.3.

**2.      Deadline for Initial Disclosures Fed. R. Civ. P. 26(a)(1)**: Pursuant to Fed. R. Civ. P. 26(a)(1)(C), "a different time" to file Initial disclosures may be "set by stipulation or court order." Accordingly, the Parties propose that the Parties other than MGM exchange initial disclosures on **June 28, 2023**.

**3.      Discovery Subjects and Phased Discovery:**

_Plaintiffs' proposal:_ Pursuant to Fed. R. Civ. P. 26(f)(3)(B), Plaintiffs contend that discovery should proceed in a single phase but that class certification briefing and expert reports be completed prior to merits briefing and expert reports.

Throughout the meet and confer process, Plaintiffs have attempted to create a workable, reasonable schedule that would allow the case to progress while the motions to dismisses were pending. Beginning in early February, Plaintiffs described that, consistent with the laws of this Circuit and District, they would be seeking discovery while any motion to dismiss was pending.

The parties then discussed potential subjects for discovery on March 6, April 18, April 24, May 9, and 10, 2023 as well as conducted additional phone calls specifically with MGM on March 30 and May 2. In order to facilitate this discussion and to aid resolution of this dispute absent motion practice, Plaintiffs provided Defendants with an early draft of their requests on April 14, 2023. The parties initially convened on April 18, 2023 for the scheduled 26(f) conference, but Defendants stated at the start of that the Zoom call that they would be better able to propose a discovery plan if given more time to review Plaintiffs' draft discovery requests. The Plaintiffs obliged and then the Parties then reconvened on April 24.

Subsequently, Defendants except MGM made a limited offer contained in Section C.3. On May 8, 2023, Plaintiffs then served their first discovery requests.

| Event | Suggested Date or Response |
|---|---|
| Serve Initial RFPs/Rogs | Mon., May. 8, 2023 |
| Discovery Plan Due Date | Mon., May. 15, 2023 |
| Deadline to produce Priority Discovery Go-Gets and Interrogatory responses | Mon. July 10, 2023 |
| Initial Disclosures Due Date | Wed., Jun. 28, 2023 |
| Deadline for ESI and Protective Order | Fri., June 30, 2023 |
| Deadline to complete negotiations regarding for non-Priority Discovery Go-Gets RFP R&Os. | Mon., Oct. 9, 2023 |
| Deadline to complete search term negotiations, and custodians and submit proposed briefing schedule regarding any disputes | Mon., Oct. 9, 2023 |
| Document Production Substantial Completion Deadline for 5 Priority Custodians | 30 days after the Court's Ruling on the MTD |
| Deadline to Produce Structured Data. | 60 days after the Court's Ruling on the MTD |
| Document Production Substantial Completion Deadline | 120 days after the Court's Ruling on the MTD |

*Defendants' proposal*: For the reasons set forth in Defendants' forthcoming Motion to stay discovery, Defendants request that discovery be stayed pending the Court's resolution of Defendants' motion(s) to dismiss, including any motions to dismiss any future amended complaint, should one be filed by Plaintiffs. However, in line with the Local Rules, Defendants provide the following proposal regarding the phasing and sequencing of discovery and other case management deadlines. Defendants other than MGM also identify below the limited discovery to which they are agreeable while the motion(s) to dismiss are pending. Defendants other than MGM further believe that the proposal below accomplishes the goal of participating in limited and efficient targeted discovery while the motions to dismiss are pending. Further, for the avoidance of doubt, Defendants reserve their rights to file Rule 56 motions prior to class certification.

a. Defendants other than MGM will provide Rule 26(a) disclosures by June 28, 2023.

b. With respect to Plaintiffs' Interrogatories, the Hotel Operator Defendants other than

MGM will provide responses, subject to their objections, to Interrogatory Nos. 1 and 2 for their Las Vegas-based entities.  Similarly, Defendants Rainmaker and Cendyn will provide responses, subject to their objections, to Interrogatory Nos. 1 and 2 directed to the "Rainmaker Entities."

      c. With respect to Plaintiffs' Requests for Production, and consistent with Defendants' agreement to answer Interrogatories Nos. 1 and 2, Defendants other than MGM will provide relevant organizational charts in response to Request No. 1.

      d. Other Categories. In addition to the above, Defendants other than MGM are agreeable to undertaking negotiations regarding a stipulated ESI protocol and protective order.

| Event | Suggested Date or Response |
|---|---|
| Negotiate ESI and Protective Order | Ongoing, with goal to complete by June 30, 2023 |
| Initial Disclosures Due Date | Wed., June 28, 2023 |
| Defendants' Responses and Objections to Interrogatories Nos. 1 & 2 | Wed., July 12, 2023 |
| Defendants' Responses and Objections to Request for Production No. 1 | Wed., July 19, 2023 |
| Discovery in Full Begins | Court's Order on Defendants' Motion to Dismiss (Day 0) |
| Defendants to Serve Responses and Objections to remaining Requests for Production served on May 8, 2023 | Day 15 |
| Defendants to Serve Responses and Objections to remaining Interrogatories served on May 8, 2023 | Day 45 |
| Deadline to complete negotiations regarding RFP R&Os | Day 45 |
| Deadline to complete search term negotiations, and submit proposed briefing schedule regarding any disputes | Day 75 |
| Document Production Substantial Completion Deadline for 5 Priority Custodians | Day 120 |
| Deadline to Produce Structured Data | Day 180 |
| Document Production Substantial Completion Deadline | Day 270 |
| Close of Fact Discovery | Day 365 |

**4.      Discovery Cut-Off Date:**

_Plaintiffs' proposal:_ 540 days after the Court's ruling on the pending motions. Plaintiffs'

proposal provides a realistic amount of time for the completion of both discovery and class

certification considering the complexity of this case. Based on experience in other antitrust cases

of this scope, Plaintiffs anticipate that it is likely that there will be (1) numerous document

custodians from each Defendant; (2) millions of pages of documents ultimately reviewed and produced; and (3) at least 10 depositions for each Defendant (meaning at least 50 depositions in total).[1] Plaintiffs' schedule provides sufficient time for this work to be done.

By contrast, Defendants' schedule unrealistically compresses the heart of document discovery into just a 95-day period from the substantial completion of production of documents (when Plaintiffs will likely get the significant majority of documents that Defendants produce) until the close of fact discovery. During this limited time period, Plaintiffs will be required to review from scratch the majority of documents produced and then take depositions of all Defendant witnesses. Notably, Defendants' schedule provides them with at least 195 days to complete document production (from the date for completion of negotiations regarding search terms until the date of substantial completion of production). Defendants' proposed schedule significantly prejudices Plaintiffs from effectively litigating this case. Defendants claim that they will make rolling productions in advance of the substantial completion deadline but provide no specific commitment on the volume of documents that Defendants will produce during the 150 day period between the completion of production from five priority custodians until substantial completion of production. Defendants also state that Plaintiffs can modify their proposed schedule for good cause, but, of course, that standard significantly favors Defendants and puts the burden on Plaintiffs to fix a prejudicial schedule. Rather than adopting an unrealistic schedule that will likely result in future motion practice, the Court should adopt Plaintiffs' schedule that sets forth a reasonable amount of time for fact discovery to be completed in light of

---

[1] Defendants dispute the number of depositions that Plaintiffs anticipate taking. Approximately 10 depositions per Defendant family is standard practice in antitrust cases of this size and complexity, including in cases in which counsel for Defendants have participated. *See Broilers* (10 depositions per Defendant, Skadden Arps, Kirkland & Ellis); *Pork* (10 depositions per Defendant, Kirkland & Ellis); *In Re: Optical Disk Drive Products Antitrust Litig.,* 3:10-md-2143-RS, Case Management Order (ECF No. 660 at 3) (15 depositions per Defendant family, Latham & Watkins). In any case, Defendants' schedule leaves the parties little time to meaningfully engage in the meet and confer process they envision—the Parties would have approximately 3 months to review documents, identify likely deponents, meet and confer, present any disputes regarding deposition limits to the Court, and then take those depositions. (Especially if presumptively limited to 10 total depositions across 5 Defendant families, Plaintiffs would be unable to meaningfully identify which depositions to take until they had received Defendants' complete productions.)

the complexity of this case.

  _Defendants' proposal_: The Parties will substantially complete document production **nine months** after the Court's last ruling on Defendants' motion(s) to dismiss, including any motions to dismiss any amended complaint, should one be filed by Plaintiffs. Fact discovery will conclude **twelve months** after the Court's last ruling on Defendants' motion(s) to dismiss, including any motions to dismiss any amended complaint, should one be filed by Plaintiffs. Defendants' proposal to complete fact discovery in a _one-year period_ provides ample time to complete the fact discovery required in this case.  Plaintiffs' arguments in support of an _eighteen-month_ period of fact discovery are unavailing for several reasons.  First, by way of example only, Defendants will make rolling productions beginning in advance of the substantial completion deadline.  Plaintiffs take issue with Defendants for not committing to "the volume of documents" Defendants will produce before the substantial completion deadline.  That makes no sense.  At this early stage of the litigation, Defendants are not able to reasonably predict how much information they will produce without knowing how many documents they will collect, review, and ultimately produce in response to Plaintiffs' requests.  Plaintiffs' unsupported allegation that Defendants will delay producing a "significant majority" of documents until the substantial completion deadline is also without merit.  If Defendants' proposal is adopted, and Plaintiffs later believe that good cause exists to extend fact discovery beyond one year, Plaintiffs may attempt to demonstrate good cause at that time.  But Plaintiffs should not be entitled to a year and a half of fact discovery based on hypothetical allegations of sandbagging.  Second, by way of another example, Plaintiffs have made no showing that they are entitled to 50 depositions. Plaintiffs raised the number of depositions this morning, and the Parties' have not previously discussed it.  For the avoidance of doubt, Defendants' position is that the Parties are limited to ten depositions per side, as provided by Fed. R. Civ. P. 30(a)(2)(A)(i).  The Parties must request leave of Court to take additional depositions.  Nevertheless, until today, the number of depositions is not an issue that has been raised during the Parties' discussions, and Defendants reiterate that they remain open to meeting and conferring on these issues with Plaintiffs' counsel,

once in discovery and a purported need to extend beyond ten depositions materializes. Defendants' proposed one-year period of fact discovery, with a substantial completion deadline during month nine, provides 95 days (over three months) to take the presumptive ten depositions per side.

### 5. Discovery Cut-Off Date: Amending the Pleadings and Adding Parties:

*Plaintiffs' proposal:* Plaintiffs propose that the case follow the normal guidance of the District's Local Rules, and that the deadline for amending be 90 days before the close of discovery. Local Rule 26-1(b)(2). To express this date in terms of days since the Court's denial of the motions to dismiss, it would be 450 after the Court's ruling on the pending motions pursuant to Plaintiffs' schedule **(90 days before the close of discovery).** Plaintiffs would oppose Defendants' below proposal as, on its face, it would seemingly prevent Plaintiffs from being able to amend with the benefit of discovery should it be based on the currently pending motions to dismiss. Plaintiffs object to the extent it is based on dates unaccounted for by Defendants' schedule (such as the dismissal of an amended complaint). Defendants' only explanation for altering the deadline set forth in the local rules is that it could significantly change the complexion of the case. But Plaintiffs would move to amend, should they needed to, as soon as practicable.  And Defendants would still be able to oppose any amendment, even if it occurred before the Plaintiffs' proposed deadline, under the standard set forth in Federal Rule of Civil Procedure 15, including that the amendment would cause Defendants' undue prejudice. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir.1999) (noting that the Ninth Circuit had "previously reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment.").

*Defendants' proposal:* **Three months** after the commencement of discovery following the Court's last ruling on Defendants' motion(s) to dismiss, including any motions to dismiss any amended complaint, should one be filed by Plaintiffs.  Defendants would be prejudiced if Plaintiffs were able to amend the Complaint after a significant amount of fact discovery, because

any amendment could significantly change the complexion of the case.

### 6. Class Certification and *Daubert* Deadlines.

*Plaintiffs' proposal:*

| Case Event | Deadline based on Court's Ruling on Defendants' Motion to Dismiss |
|---|---|
| Plaintiffs' Class Certification Motion and Plaintiffs' Class Certification Expert Reports | 300 days |
| Defendants' Class Certification Opposition; Defendants' Expert Report and *Daubert* Motion re Plaintiffs' Expert(s) | 360 days |
| Class Certification Reply and Class Certification Expert Reply Report; *Daubert* Opposition re Plaintiffs' Expert(s); *Daubert* Motion re Defendants' Expert(s) | 420 days |
| Defendants' *Daubert* Reply re Plaintiffs' Expert(s); *Daubert* Opposition re Defendants' Expert(s) | 450 days |
| Plaintiffs' *Daubert* Reply re Defendants' Expert(s) | 510 days |
| Class Certification Hearing | Court's convenience |

Plaintiffs propose that class certification be briefed while fact discovery is still open. This a logical implementation of Fed. R. Civ. P. 23(c)(1)(A), which states that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Here, Plaintiffs are proposing an early practicable time to begin briefing class certification-several months after the parties have completed substantial production of documents, with sufficient time for the parties to take additional discovery, such as key depositions, that may be necessary for the class certification briefing. Contrary to Defendants' claims of prejudice, this proposal is also consistent with the procedure used in other comparable antitrust cases where the schedule provides that class

certification is briefed while fact discovery is still open. *See, e.g.*, *In Re Broiler Chicken Antitrust Litig.*, Case No. 1:16-cv-08637, (N.D. Ill.) ("*Broilers*"), Scheduling Order No. 16 (ECF. No. 4748) (reflecting a class certification deadline of October 30, 2020 and a merits fact discovery deadline of July 30, 2021 (~15 months of overlap); *In Re Pork Antitrust Litig.*, Case No. 18-cv-1776 (JRT/HB) (D. Minn.) ("*Pork*"), Pretrial Scheduling Order (ECF. No. 658) (reflecting a class certification motion deadline of February 7, 2022 and fact discovery to be completed by September 1, 2022 (~7 months of overlap)); *In Re Cattle and Beef Antitrust Litig.*, Case No. 22-md-03031-JRT-JFD (D. Minn.), Order (ECF No. 129) (reflecting a class certification deadline of April 25, 2024 and a merits fact discovery deadline of August 7, 2014 (~4 months of overlap)).

Defendants present a parade of potential horribles from briefing class certification while fact discovery is open. But the 2003 advisory Committee's note to Fed. R. Civ. P. 23 specifically states to the contrary that "it is appropriate to conduct controlled discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis. Active judicial supervision may be required to achieve the most effective balance that expedites an informed certification determination without forcing an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'" Here, class certification can and should be briefed while fact discovery is still open exactly because it "expedites an informed certification decision."

Plaintiffs' approach ensures that the case is able to proceed efficiently and expeditiously, with both class certification briefing and fact discovery completed within approximately 18 months of the Court's order on the pending motions to dismiss. This is consistent with the kind of "active management [that] may be necessary to ensure that the certification decision is not unjustifiably delayed" that is recommended by the Federal Rules. Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment.

Defendants' schedule elongates the overall schedule, including taking approximately 200 extra days to complete class certification, while at the same time significantly compressing the amount of time to take fact discovery in a way that is prejudicial to Plaintiffs, with just three

months of time from substantial completion of production of documents until the close of fact discovery. Defendants introduce further complications by reserving their right to file Rule 56 motions prior to class certification. Defendants have not provided any details regarding this potential approach, such as the dates for which associated merits expert reports would be filed. In any case, if Defendants took this approach, it would introduce still further complications, such as (1) inefficient, burdensome simultaneous briefing of class certification and merits at approximately the same time; and/or (2) further delays in the adjudication of class certification contrary to the instructions of the Federal Rule of Civil Procedures that class certification should be decided at an "early practicable time."

Additionally, because Defendants' proposal doesn't allow for document production (other than for RFP No. 1) while the motions to dismiss are pending, Plaintiffs' time to review Defendants' documents and build their case would compressed on both ends of Defendants' proposal. For example, negotiations on the remaining served discovery requests (which have largely been in Defendants' possession since April 14), would not even be addressed 75 days after a ruling. Indeed, pursuant to Defendants' proposal, the first commitment to document production is not until 120 days after a ruling on the pending motions.

_Defendants' proposal_:

| Case Event | Deadline |
|---|---|
| Plaintiffs serve opening Class Certification Expert report(s) | 30 days after the close of fact discovery |
| Defendants serve opening Class Certification Expert(s) report(s) | 60 days thereafter |
| Plaintiffs serve rebuttal Class Certification Expert(s) rebuttal report(s) | 30 days thereafter |
| Class Certification Expert(s) discovery cut-off | 30 days thereafter |
| Plaintiffs' Class Certification Motion *Daubert* motions on Class Certification Experts | 45 days thereafter |
| Defendants' Class Certification Opposition; Oppositions to *Daubert* Motions re Class Certification Expert(s) | 45 days thereafter |
| Class Certification Reply; Replies in support of *Daubert* Motions re Class Certification Expert(s) | 45 days thereafter |
| Class Certification and *Daubert* Hearing | To be set by the Court |

Defendants submit that Plaintiffs' schedule for class certification discovery, briefing and related *Daubert* motion practice would be prejudicial to Defendants because it would require Defendants to oppose class certification without a complete factual or expert record. Under Plaintiffs' proposal, Plaintiffs would be able to take fact discovery and submit a reply expert report *after* Defendants have already submitted their opposition to class certification. That will deprive Defendants of a fair opportunity to oppose class certification. The important decision of whether to certify a class should be based on the application of the law as set forth in the arguments of the Parties based on a common evidentiary record. Requiring class certification briefing while the record remains in flux is a recipe for disputes and for requests for sur-replies (or even sur-sur-replies). Defendants' proposal would avoid that risk on roughly the same timeline (a difference of only approximately three months) for completing discovery and class certification briefing as Plaintiffs. The charts that Plaintiffs have attached as exhibits obscure

this fact, creating the misimpression that Defendants' proposed schedule would significantly delay proceedings in this matter.  It would not.  To take just one example, Plaintiffs' charts mask the fact that Defendants propose a twelve-month period of fact discovery, which is six months shorter than Plaintiffs' proposed eighteen-month fact discovery period.

Plaintiffs' claim that their proposal is "consistent with the procedure used in other comparable antitrust cases where the schedule provides that class certification is briefed while fact discovery is still open."  It is not.  To take but two examples, Defendants' proposal is consistent with other antitrust cases, including those involving the same law firm representing Plaintiffs here, Hagens Berman.  *See Tichy v. Hyatt Corp.*, No. 1-18-c-01959, ECF No. 170 (N.D. Ill. Jun. 1, 2020); *In re: Propane Tank Antitrust Litig.,* No. 14-02567-MD-W-GAF, ECF No. 136 (W.D. Mo. July 11, 2019).

**7.      Dispositive Motions; Initial Fed. R. Civ. P. 26(a)(2) Disclosures (Experts); Rebuttal Fed. R. Civ. P. 26(a)(2) Disclosures (Experts); Fed. R. Civ. P. 26(a)(3) Disclosures; Pretrial Order:** The Parties agree that it would be premature at this time to set a deadline for dispositive motions and a trial-ready date.

*Plaintiffs' Position*: Although the Local Rules request deadlines for dispositive motions and expert disclosure deadlines, Plaintiffs note that neither proposed schedule includes dates for merits experts briefing, merits expert reports/disclosures, or dispositive motions. Plaintiffs assert those dates should be set by the Court following the grant of class certification or that the Court enforce the thirty-day time limit set forth in the Local Rules for dispositive motions when no date is set. Local Rule 26-1(b)(4).

Plaintiffs note that it was not until Saturday before this statement was due, that Defendants clearly communicated to Plaintiffs that they contemplated filing a dispositive motion at some unspecified point during their proposed schedule and would be reserving rights to do so. *See* Section 3.

Plaintiffs oppose Defendants' inclusion of any unscheduled, potential dispositive motion in this schedule prior to class certification both for substantive and procedural reasons.

Defendants' potential, unscheduled motion most importantly does not include a schedule for merits expert reports or briefing. Furthermore, the only case Defendants cite in support of their contention that unscheduled summary judgment motions should disrupt a pre-determined case schedule is inapposite to the present circumstances. The summary judgment motions in *In re Transpacific Passenger Air Transportation Antitrust Litigation* were brought by Defendants based on the application of a specific legal doctrine (the filed rate doctrine) and because the parties "believe[d] it would be more efficient for the Court to decide Defendants' summary judgment motions based on the Filed Rate Doctrine prior to the briefing of any motion for class certification." *See In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. 07-CV-5634-CRB, ECF No. 734 at 2, Stip. and Order Setting Briefing Schedule for Defs.' Summ. J. Mots. Based on the Filed Rate Doctrine and Modifying the Schedule for Briefing on Class Certification (Oct. 4, 2013).[2]

Without properly scheduling dates or time for merits experts, Plaintiffs would be prejudiced by Defendants' surprise motion. Furthermore, Defendants' unscheduled, potential dispositive motion also would be inefficient as this unaccounted-for motion practice would derail the schedules both Parties are proposing, undermining the entire raison d'être of this statement which is to create a timeline for which the Parties will litigate this case.

*Defendant's Position:* Plaintiffs' assertion that Defendants did not raise the filing of dispositive motions until Saturday is untrue. Defendants have consistently taken the position in draft proposals that it is premature to set a deadline or schedule for the filing of dispositive motions. Defendants' position is that depending on how fact discovery unfolds, Defendants believe it may be efficient to brief dispositive motions in advance of class certification. It is

---

[2] To the extent the Defendants believe this case serves as a model case schedule, Plaintiffs observe that in *In re Transpacific Passenger Air Transportation*, class certification briefing was set to occur along with simultaneous expert reports, as Plaintiffs propose here. ECF No. 720. Furthermore, class certification was scheduled to proceed before the close of fact discovery, as Plaintiffs propose here. ECF No. 665 at 2. Plaintiffs note that this deadline was later extended by the Court after defendants' productions were delayed (see ECF No. 715 at 2-3 and chart showing production volume increasing over time as the production deadline approached). ECF No. 720, Order Revising Briefing and Discovery Schedule (Aug. 30, 2013).

premature at this time to make that determination, but Defendants note that dispositive motions have been briefed in advance of class certification in other antitrust cases. *See In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. 07-CV-5634-CRB, ECF No. 792 (N.D. Cal. Dec. 17, 2013). While Defendants have no plans to file seriatim motions, a potentially dispositive issue may arise during the course of discovery such that it is more efficient to resolve a summary judgment issue in advance of class certification—but it is premature to assess that at this point in time.

**D.    Certifications Required by LR 26-1**. The Parties certify as follows:

    **1.    Alternative Dispute Resolution:** The Parties certify they met and conferred about the possibility of using alternative dispute-resolution processes. The Parties would be amenable to private mediation or early neutral evaluation at an appropriate time**.**

    **2.    Alternative Forms of Case Disposition:** The Parties certify they have considered consent to a trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). At this time no party believes either alternative process is appropriate for this matter.

    **3.    Electronic Evidence:** The Parties other than MGM certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the Parties have not agreed upon any stipulations regarding use of electronic evidence but the Parties other than MGM will address this issue again in the forthcoming ESI Protocol and Protective Order pursuant to Fed. R. Civ. P. 26(f)(3)(C) and 26(f)(3)(D). MGM reserves the right to suggest modifications or revisions to the ESI Protocol and Protective Order.

DATED this 15th day of May, 2023.


*/s/ Steve W. Berman*
Steve W. Berman (*Pro Hac Vice*)
Ted Wojcik *(Pro Hac Vice Forthcoming)*
Stephanie A. Verdoia *(Pro Hac Vice)*
HAGENS BERMAN SOBOL SHAPIRO
LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
          tedw@hbsslaw.com
          stephaniev@hbsslaw.com


Rio S. Pierce (*Pro Hac Vice*)
Abby R. Wolf (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO
LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com
          abbyw@hbsslaw.com


*Attorneys for Plaintiffs and the Proposed
Class*


*/s/ Mark Holscher*
Patrick G. Byrne
Bradley Austin
SNELL & WILMER
3883 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: pbyrne@swlaw.com
Email: baustin@swlaw.com


Mark Holscher (*pro hac vice*)
Tammy Tsoumas *(pro hac vice)*

*/s/ Rahul Ravipudi*
Rahul Ravipudi
Nevada State Bar No. 14750
Adam Ellis
Nevada State Bar No. 14514
Ian P. Samson
Nevada State Bar No. 15089
PANISH SHEA BOYLE RAVIPUDI LLP
300 S. 4th Street, Suite 710
Las Vegas, NV 89101
Telephone: (702) 560-5520
Facsimile: (702) 975-2515
Email: rravipudi@psblaw.com
          aellis@psblaw.com
          isamson@psblaw.com


Brian J. Panish
Nevada State Bar No. 16123
PANISH SHEA BOYLE RAVIPUDI LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
Email: panish@psbrlaw.com


*/s/ Patrick J. Reilly*
Patrick J. Reilly
Arthur A. Zorio
Emily Garnett (*Pro Hac Vice*)
Eric D. Walther
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
100 North City Parkway, Ste. 1600
Las Vegas, NV 89106
Telephone: 702.382.2101
Email: preilly@bhfs.com
azorio@bhfs.com
egarnett@bhfs.com
ewalther@bhfs.com

KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, California 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900
Email: ttsoumas@kirkland.com
Email: mholscher@kirkland.com
Matthew Solum (pro hac vice)
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
Telephone: (212) 446-4688
Facsimile: (917) 848-7536
Email: msolum@kirkland.com

*Attorneys for Defendant Wynn
Resorts Holdings, LLC*


/s/ Todd L. Bice
Todd L. Bice
Emily A. Buchwald
PISANELLI BICE PLLC
400 S. 7th Street, Suite 300
Las Vegas, NV 89101
Telephone:  702-214-2100
Email:  tlb@pisanellibice.com
Email:  eab@pisanellibice.com

Bethany Kristovich (*pro hac vice*)
Kyle Mach (*pro hac vice*)
Justin Raphael (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave.; 50th Floor
Los Angeles, CA 90071
Telephone:  213 683 9100
Email:  bethany.kristovich@mto.com
Kyle.mach@mto.com
Justin.raphael@mto.com

*Attorneys for Defendant MGM Resorts International*


/s/ Anna M. Rathbun
Sadik Huseny (*pro hac vice*)

*Attorneys for Defendant Treasure Island,
LLC*


/s/ Adam Hosmer-Henner
Adam Hosmer-Henner (NSBN 12779)
Chelsea Latino (NSBN 14227)
Jane Susskind (NSBN 15099)
McDONALD CARANO LLP
100 West Liberty Street, Tenth Floor
Reno, Nevada 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
clatino@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com


Boris Bershteyn (*Pro hac vice*)
Ken Schwartz (*Pro hac vice*)
Michael Menitove (*Pro hac vice*)
Sam Auld (*Pro hac vice*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000
    Boris.Bershteyn@skadden.com
    Ken.Schwartz@skadden.com
    Michael.Menitove@skadden.com
    Sam.Auld@skadden.com

*Attorneys for Defendant
Caesars Entertainment, Inc.*


/s/ Alicia Rubio-Spring
Nicholas J. Santoro
HOLLEY DRIGGS
300 S. 4th Street, Suite 1600
Las Vegas, NV 89101
Telephone: (702) 791-0308
Facsimile: (702) 791-1912
Email:  nsantoro@nevadafirm.com

Arman Oruc (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036-1612
Phone: (202) 346-4000

Tim O'Mara (*pro hac vice*)
Brendan A. McShane (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: sadik.huseny@lw.com
Email: tim.o'mara@lw.com
Email: brendan.mcshane@lw.com


Anna M. Rathbun (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-3381
Facsimile: (202) 637-2201
Email: anna.rathbun@lw.com


*Attorneys for Defendant Cendyn Group LLC*

Fax: (202) 346-4444
Email: AOruc@goodwinlaw.com

Alicia Rubio-Spring (*pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02110
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
Email: ARubio-Spring@goodwinlaw.com

*Attorneys for Defendant The Rainmaker
Group Unlimited, Inc.*

**IT IS SO ORDERED:**

_____

UNITED STATES MAGISTRATE JUDGE
Dated:_____

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 15, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 15th day of May, 2023

*/s/ Mark Holscher*
Mark Holscher