J. Colby Williams (NSBN 5549)
**CAMPBELL & WILLIAMS**
710 South 7th St
Las Vegas, Nevada 89101
(702) 382-5222
jcw@cwalawlv.com

Sadik Huseny (*pro hac vice*)
Tim O'Mara (*pro hac vice forthcoming*)
Brendan McShane (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
sadik.huseny@lw.com
tim.o'mara@lw.com
brendan.mcshane@lw.com

Anna M. Rathbun (*pro hac vice*)
Christopher J. Brown (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh St, NW Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
anna.rathbun@lw.com
chris.brown@lw.com

*Attorneys for Defendant Cendyn Group LLC*
[*Additional counsel listed on Signature Page*]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD GIBSON, and HERIBERTO VALIENTE,<br><br>Plaintiff,<br><br>v.<br><br>MGM RESORTS INTERNATIONAL, CENDYN GROUP, LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC,<br><br>Defendants. | Case No. 2:23-cv-00140-MMD-DJA<br><br>**CERTAIN DEFENDANTS' MOTION TO PARTIALLY STAY DISCOVERY**<br><br>(FIRST REQUEST) |

# TABLE OF CONTENTS

CERTAIN DEFENDANTS' MOTION TO PARTIALLY STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS ..................................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

INTRODUCTION..............................................................................................................................1

PROCEDURAL BACKGROUND..................................................................................................1

LEGAL STANDARD........................................................................................................................2

ARGUMENT.....................................................................................................................................3

    I.    Defendants' Motion to Dismiss Is Dispositive ........................................................3

    II.    No Additional Discovery Is Necessary To Decide the Motion..............................4

    III.    The Motion to Dismiss Raises Substantial Questions That Weigh Against Allowing Burdensome and Unnecessary Discovery ................................4

        A.    "Preliminary Peek" Supports the Complaint's Likely Dismissal ........................................................................................................5

        B.    Defendants Would Be Prejudiced by Expansive and Premature Discovery While Their Motion to Dismiss is Pending..................................................................................................................6

        C.    Plaintiffs Will Not Be Prejudiced by a Stay...........................................11

CONCLUSION................................................................................................................................12

**CERTAIN DEFENDANTS' MOTION TO PARTIALLY STAY DISCOVERY
PENDING RULING ON MOTION TO DISMISS**

Defendants Cendyn Group, LLC ("Cendyn"), the Rainmaker Group Unlimited, Inc. ("Rainmaker"), Caesars Entertainment, Inc. ("Caesars"), Treasure Island, LLC ("Treasure Island"), and Wynn Resorts Holdings, LLC ("Wynn"), by and through their counsel, move this Court pursuant to Rules 1 and 26(c) of the Federal Rules of Civil Procedure and Local Rule 1-1(a) for an order partially staying discovery pending resolution of their motion to dismiss.

As set forth in the memorandum of points and authorities, defendants' motion to dismiss is dispositive of this antitrust case, as it seeks dismissal of the complaint in its entirety. Plaintiffs should not be permitted to subject defendants to wide-ranging, costly, and burdensome discovery unless and until the Court determines that the complaint can survive a motion to dismiss. Both the Supreme Court and Ninth Circuit have specifically warned against the dangers of permitting expensive and burdensome discovery in antitrust cases before plaintiffs have alleged facts establishing a plausible inference of an unlawful antitrust conspiracy. And following that instruction, district courts routinely stay discovery of antitrust cases pending motions to dismiss. A stay is particularly warranted here where it will not prejudice plaintiffs nor delay the overall resolution of this case under the parties' proposed case schedules. Moreover, moving defendants here agreed to provide certain targeted discovery while the motions to dismiss are pending.

This motion is made and based upon the attached memorandum of points and authorities and all pleadings and papers on file.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The Court should partially stay discovery in what plaintiffs themselves characterize as a "complex" antitrust class action alleging a novel and creative theory that hotel operators allegedly using basic business software were engaged in an undetectable and unevidenced plan to fix prices. Stip. & Proposed Or. to Extend Disc'y Plan Deadline at 1, ECF No. 107. Putting aside its facial implausibility, the complaint utterly fails to allege any agreement among the defendants. Mot. to Dismiss, ECF No. 91. A "preliminary peek" at the motion to dismiss strongly favors staying discovery pending the Court's decision. *Long v. Gamo Outdoor S.L.U.*, No. 22-CV-00670, 2022 WL 2819662, at *2 (D. Nev. July 18, 2022) (Albregts, M.J.). The Supreme Court, the Ninth Circuit, and many courts in this Circuit have expressly warned against permitting plaintiffs to impose costly and burdensome discovery on defendants before determining that plaintiffs have plausibly alleged an antitrust conspiracy. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Consistent with these principles, one district court after another has stayed discovery in antitrust cases pending resolution of motions to dismiss. This Court should do the same.

## PROCEDURAL BACKGROUND

On January 25, 2023, plaintiffs filed a complaint against defendants asserting a single cause of action under § 1 of the Sherman Act on behalf of a putative class of "direct purchasers of hotel guest room rentals on the Las Vegas Strip" from January 24, 2019 to some undefined date. Compl. ¶¶ 77, 87, ECF No. 1. On March 27, 2023, all defendants filed a motion to dismiss on the basis that plaintiffs failed to sufficiently allege an agreement amongst the defendants. Mot. to Dismiss, ECF No. 91. MGM Resorts International ("MGM") joined that motion and filed a standalone motion. MGM Mot. to Dismiss, ECF No. 92. The motions will be fully briefed by June 12.

Since the filing of the motions to dismiss, the parties held several conferences pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. As part of that process, the parties discussed whether discovery should proceed or be stayed. Moving defendants outlined a proposal that would permit targeted discovery to move forward while the motions to dismiss are pending. Joint

Proposed Disc'y Plan at 12-13, ECF No. 111.[1]  Specifically, moving defendants proposed that they would exchange initial disclosures, negotiate an ESI order and a protective order, respond to certain of plaintiffs' interrogatories and provide organizational charts in response to one of plaintiffs' requests for production.[2] *Id.*  Plaintiffs rejected that proposal.  On May 8, plaintiffs sent updated discovery requests that include fifty-four numbered requests for production ("Hotel RFP" or "Hotel Request") to Hotel Defendants and forty-seven numbered requests for production to Cendyn and Rainmaker ("Cendyn/Rainmaker RFP" or "Cendyn/Rainmaker Request"), as well as eight numbered interrogatories to Rainmaker and Cendyn and six numbered interrogatories to Hotel Defendants.  Decl. of B. Shane, ¶ 5; Ex. A at 1, Email from A. Wolf to defense counsel (May 8, 2023); Ex. B Pls.' First Set of Reqs. for Prod. of Docs. to Operator Defs. (May 8, 2023); Exhibit C, Pls.' First Set of Reqs. for Prod. of Docs. to Cendyn and Rainmaker (May 8, 2023); Ex. D, Pls.' First Set of Interrogs. to Operator Defs. (May 8, 2023); Ex. E, Pls.' First Set of Interrogs. to Cendyn and Rainmaker (May 8, 2023).  On that same day, plaintiffs demanded that defendants (1) answer all interrogatories, (2) produce documents in response to six requests for production, and (3) resolve the other RFPs' responses and objections, search terms, and custodians no later than October 9.  *See* Decl. of B. Shane, ¶ 5; Ex. A at 1; Joint Proposed Disc'y Plan at 11-12, ECF No. 111.  Defendants rejected plaintiffs' proposal and notified plaintiffs that they intended to file a motion to stay. Moving defendants intend to respond to the targeted discovery requests identified in their portion of the Joint Proposed Discovery Plan.

## LEGAL STANDARD

In determining whether to grant a stay of discovery, "the Court is guided by the objectives of Rule 1 [of the Federal Rules of Civil Procedure] to ensure a just, speedy, and inexpensive determination of every action." *Long*, 2022 WL 2819662, at *2.  Courts in this District grant motions to stay discovery pending the resolution of a motion to dismiss when: "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without

---

[1] All page numbers referred to in citations to the Joint Proposed Discovery Plan refer to ECF page numbers for ECF No. 111.

[2] As set forth in its individual motion to stay discovery, MGM believes that all discovery as to it should be stayed pending resolution of its separate motion to dismiss.

CERTAIN DEFENDANTS' MOTION TO
PARTIALLY STAY DISCOVERY               2
Case No. 2:23-cv-00140-MMD-DJA

1  additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the
2  potentially dispositive motion to evaluate the likelihood of dismissal." *Id.* The third factor "is not
3  intended to prejudge the outcome, but to evaluate the propriety of a stay." *Id.*

4  If the "preliminary peek" into the merits of the underlying motion to dismiss raises a "real
5  question" about the merits of a plaintiff's action, the Court may grant a stay where it would be
6  "more just to delay or limit discovery and other proceedings to accomplish the inexpensive
7  determination of the case," consistent with Rule 1. *Davis v. Nevada*, No. 13-CV-00559, 2014 WL
8  1308347, at *2-4 & nn.2-3 (D. Nev. Mar. 31, 2014) (quoting *Tradebay, LLC v. eBay, Inc.*, 278
9  F.R.D. 597, 603 (D. Nev. 2011)); *see also Duffy v. ASNY NY, LLC*, No. 21-CV-01680, 2022 WL
10 1785395, at *3 (D. Nev. May 31, 2022) (Albregts, M.J.) (finding that a motion to dismiss was
11 "likely meritorious" and granting motion to stay discovery); *Bertsch v. Discover Fin. Servs.*, No.
12 18-CV-00290, 2018 WL 11442871, at *1 (D. Nev. June 12, 2018) (granting motion to stay pending
13 resolution of defendants' motion to dismiss in an antitrust case). This approach reflects the law of
14 the Ninth Circuit that "plaintiffs must satisfy the pleading requirements of Rule 8 [of the Federal
15 Rules of Civil Procedure] *before* the discovery stage, not after it." *Mujica v. AirScan Inc.*, 771 F.3d
16 580, 593-94 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words,
17 "a district court lacks discretion to permit a plaintiff to take discovery when the plaintiff has not yet
18 satisfied Rule 8's plausibility standard." *Duffy*, 2022 WL 1785395, at *3 (citing *Mujica*, 771 F.3d
19 at 593 n.7).

20 **ARGUMENT**

21 **I.    Defendants' Motion to Dismiss Is Dispositive**

22  Defendants' joint motion to dismiss is dispositive as it seeks to dismiss plaintiffs' complaint
23 in full. *See* Mot. to Dismiss, ECF No. 91; *Puckett v. Schnog*, No. 12-CV-01958, 2013 WL 1874754,
24 at *1-2 (D. Nev. May 3, 2013) (defendant met its burden for this portion of the test where defendant
25 moved to dismiss the complaint in its entirety). Plaintiffs' complaint only identifies a single cause
26 of action, and plaintiffs fail to plead facts sufficient to support that claim. Accordingly, if granted,
27 defendants' motion to dismiss would be dispositive of the full case. The first factor weighs in favor
28 of granting a stay. *See Long*, 2022 WL 2819662, at *2.

CERTAIN DEFENDANTS' MOTION TO
PARTIALLY STAY DISCOVERY                          3
Case No. 2:23-cv-00140-MMD-DJA

II.     **No Additional Discovery Is Necessary To Decide the Motion**

Defendants' motion to dismiss can be decided without any discovery. "In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff could find evidence to support the pleadings." *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)), *affirmed in relevant part*, 301 F. App'x 675 (9th Cir. 2008). The issues raised in defendants' motion to dismiss are legal in nature and based on plaintiffs' failure to plead facts sufficient to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). And where a complaint is challenged as "deficient as a matter of law," discovery is not required for the resolution of that motion. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *cf. DM Rsch., Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) ("[T]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome."). Here, discovery is not necessary to evaluate the sufficiency of the complaint and resolve the motion to dismiss. The second factor weighs in favor of granting a stay. *See Bank of N.Y. Mellon v. Stewart Info. Servs. Corp.*, No. 21-CV-01492, 2022 WL 494213, at *4 (D. Nev. Jan. 11, 2022) (Albregts, M.J.).

III.    **The Motion to Dismiss Raises Substantial Questions That Weigh Against Allowing Burdensome and Unnecessary Discovery**

Defendants' motion to dismiss raises substantial questions regarding the viability of the complaint. The complaint is completely devoid of plausible factual allegations necessary to sustain plaintiffs' claim. The Supreme Court and the Ninth Circuit both agree that plaintiffs are not entitled to discovery in antitrust cases when they have failed to meet their obligation to plead a plausible complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Rutman Wine*, 829 F.2d at 738. And district courts routinely grant motions to stay pending decisions on motions to dismiss based on the same logic. *See infra*, Section III(B)(1). The Court should do the same here, where plaintiffs seek expansive and burdensome discovery, and because a stay will not prejudice any party.

### A. "Preliminary Peek" Supports the Complaint's Likely Dismissal

A "preliminary peek" at defendants' motion to dismiss reveals multiple grounds upon which plaintiffs' action is "likely to [] be dismissed in its entirety." *Davis*, 2014 WL 1308347, at *5.[3] The complaint fails to include *any* of the essential factual elements necessary to plead an antitrust conspiracy under Ninth Circuit law. Courts routinely dismiss antitrust claims for failing to plead the kind of details that are missing here because such barebones complaints are "almost impossible to defend against, particularly where the defendants are large institutions." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008). The complaint fails to answer *Kendall*'s "basic questions"—"who, did what, to whom (or with whom), where, and when?" *Id.* at 1048. For instance, the complaint fails to allege "when" the purported conspiracy began and even concedes that plaintiffs have no idea when it may have begun. Mot. to Dismiss at 9, ECF No. 91.

Even if plaintiffs were able to answer these "basic questions," the complaint would still fail because it lacks plausible allegations of direct or circumstantial evidence of a conspiracy. The agreement that plaintiffs challenge is a purported horizontal "agreement among Defendants to use pricing algorithms provided by Rainmaker." Compl. ¶ 88, ECF No. 1. But as explained in defendants' motion to dismiss, plaintiffs do not allege direct or circumstantial evidence plausibly suggesting a horizontal agreement among Hotel Defendants to use any revenue management product, which is fatal to their claim. *See* Mot. to Dismiss at 10-19, ECF No. 91. Nor does the complaint make any factual allegation that *any* Hotel Defendant adopted a revenue management product's suggested pricing, let alone that Hotel Defendants did so in parallel. *See id.* at 14-15.

Because resolution of these issues will dispose of this case entirely, a "preliminary peek" into defendants' motion supports a stay of discovery pending its resolution.

---

[3] Defendants will not belabor their dismissal arguments in this motion, but respectfully refer the Court to the filing, ECF No. 91.

**B. Defendants Would Be Prejudiced by Expansive and Premature Discovery While Their Motion to Dismiss is Pending**

**1. Plaintiffs Seek to Impose Burdensome Discovery**

A stay of discovery is particularly warranted here because of the massive burden and expense associated with discovery in antitrust cases. In *Twombly*, the Supreme Court recognized that plaintiffs in antitrust actions must present a viable complaint before the parties proceed with burdensome and expensive discovery. 550 U.S. at 555-56. In that case, plaintiffs brought antitrust claims against several of the incumbent regional Bell operating companies, alleging a wide range of purported anticompetitive activity. *Id.* at 549-51. In upholding the dismissal of the complaint, the *Twombly* Court emphasized the importance of rooting out groundless complaints before discovery commences. When "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* at 558 (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 233-34 (3d ed. 2004)). The Court recognized the inherent unfairness of subjecting defendants to discovery absent a viable pleading, observing that discovery can account for as much as 90 percent of the costs of a litigation and warning trial courts not "to forget that proceeding to antitrust discovery can be expensive." *Id.* at 558-59; *see also Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1027 (D. Nev. 2013) ("in the antitrust context . . . 'the long drawn out process of discovery can be both harassing and expensive'") (quoting *Franchise Realty Interstate Corp. v. San Francisco Loc. Joint Exec. Bd. of Culinary Workers*, 542 F.2d 1076, 1082 (9th Cir. 1976)).

The Ninth Circuit similarly concluded in *Rutman Wine* that it "defies common sense" to permit discovery in an antitrust case before determining whether a plaintiff can state a claim. 829 F.2d at 738. The court reasoned that foreclosing discovery before an antitrust complaint survives a motion to dismiss furthers the purpose of Rule 12(b)(6), which is "to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Id.* And this procedure "especially makes sense" in antitrust cases "because the costs of discovery in such actions are prohibitive." *Id.* Indeed, the Ninth Circuit has recognized that "discovery in antitrust

cases frequently causes substantial expenditures and gives the plaintiff the opportunity to extort large settlements even where he does not have much of a case." *Kendall*, 518 F.3d at 1047. Accordingly, the Ninth Circuit concluded that "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine*, 829 F.2d at 738.

District courts routinely embrace the reasoning of *Twombly* and *Rutman Wine Co.* in staying discovery in antitrust cases pending motions to dismiss. *See, e.g., Arcell v. Google LLC*, No. 22-CV-02499, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (citing *Rutman Wine*, 829 F.2d at 738) (granting motion to stay discovery, including responses to interrogatories and requests for production of contracts at issue); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-CV-00363, 2020 WL 2843369, at *4 (N.D. Cal. Apr. 10, 2020) (granting motion to stay discovery; "as the Supreme Court has recognized, 'staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive'" (quoting *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) (citing *Twombly*, 550 U.S. at 558)); *Top Rank, Inc. v. Haymon*, No. CV15-4961, 2015 WL 9952887, at *2-3 (C.D. Cal. Sept. 17, 2015) (citing *Twombly*, 550 U.S. 559-60 and *Rutman Wine*, 829 F.2d at 738) (granting motion to stay discovery in an antitrust case because "discovery requests are already voluminous and compliance will be costly and time-consuming," and "the arguments raised in the [pending motions to dismiss] are compelling and deserve careful consideration before allowing the parties to proceed with costly and time-consuming discovery"); *In re Graphics Processing Units Antitrust Litig.* ("*In re GPUs*"), No. C 06-07417, 2007 WL 2127577, at *4 (N.D. Cal. July 24, 2007) (granting motion to stay discovery, observing that "to allow antitrust discovery prior to sustaining a complaint would defeat one of the rationales of *Twombly*, at least when the discovery would be burdensome"); *see also Mitchell Int'l, Inc. v. HealthLift Pharm. Servs., LLC*, No. 19-CV-000637, 2022 WL 111126, at *3 (D. Utah Jan. 12, 2022) (granting motion to stay discovery because "to proceed with antitrust discovery would greatly expand the scope of discovery in this case, even though the viability of the antitrust claims has not yet been determined" and noting that "the concerns set forth in *Twombly* militate against allowing burdensome antitrust discovery to proceed before a ruling on the motion

to dismiss"); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 11-CV-249, 2011 WL 4345432, at *3 (N.D. Ind. Sept. 15, 2011) (granting motion to stay discovery in part because "this is an antitrust case, which directly invokes the Supreme Court's concerns in *Twombly* about burdensome and expensive discovery").

The discovery already provided by plaintiffs illustrates this reasoning. Plaintiffs seek extraordinarily broad discovery, and a stay is necessary to prevent the wasteful expenditure of time and money into a case that should end at the motion to dismiss stage.

**Document Production.** Plaintiffs make incomplete but sweeping claims about the relationships between Rainmaker/Cendyn and Hotel Defendants, about the operation of the revenue management products, and about the nature of plaintiffs' proposed Las Vegas Strip hotel market. Their document requests are correspondingly expansive, essentially probing into every facet of defendants' businesses over nine years. *See* Exs. B, C. For example, plaintiffs request:

- "All Documents relating to Communications . . . regarding Competitive Conditions in the Hotel industry" (Ex. B at 8, Hotel RFP No. 13);
- "All Documents relating to budgets, projections, estimates, or related studies, presentations, or reports regarding Hotel rooms regularly prepared or received . . ." (*id.*, Hotel RFP No. 14);
- "All Documents relating to Competitive Conditions in the Las Vegas Strip Hotel Market," including twelve (12) sub-parts (*id.* at 11, Hotel RFP No. 38);
- "All contracts, and any summaries of the terms . . . for the sale of Hotel rooms to Your customers" (*id.* at 13, Hotel RFP No. 47); and
- Fifteen categories (and additional sub-categories) of data regarding the sale and pricing of hotel rooms (*id.* at 13-14, Hotel RFP No. 50).

These requests are only a sample of the *fifty-four* requests for production to Hotel Defendants. The discovery requested of Rainmaker and Cendyn is similarly expansive, where plaintiffs include *forty-seven* numbered requests for production. The actual number of requests is significantly higher considering that multiple requests include numerous sub-parts.

Plaintiffs' claimed narrowing of the document requests they seek while the motion to

dismiss is pending does not alleviate the unnecessary burden and cost. During the course of the parties' meet and confers, plaintiffs demanded that defendants each respond to six requests for production pending the Court's ruling on defendants' motions to dismiss.[4] However, defendants would still incur significant costs responding to these requests. For example, Request No. 3 to Hotel Defendants seeks "*[a]ll* Communications and Documents relating to the scheduling, attendance, or otherwise referencing any in-person, telephonic, or other meetings You attended related to Rainmaker." Ex. B at 6 (emphasis added). Plaintiffs' other requests reflect a similarly burdensome scope, with Request Nos. 52, 53, and 54 to Hotel Defendants seeking "*[a]ll* Documents" relating to various allegations plaintiffs made in their complaint. *Id.* at 15 (emphasis added); *see also* Ex. C at 11, Requests Nos. 46, 47 (requesting "[a]ll Documents" relating to various allegations). Defendants cannot simply "go get" these documents off the shelf. Rather, defendants likely would have to undertake custodial searches of e-mail communications and other documents. That process is expensive and burdensome.

**Custodians and Search Terms.** Plaintiffs also demand that the parties complete negotiations regarding responses and objections to the other RFPs, search terms, and custodians by October 9. Joint Proposed Disc'y Plan at 6, 8, 12, ECF No. 111. Responding to these requests would require defendants to understand, at minimum, who has responsive documents and information; where the responsive documents and information are stored; and how long people have been within their prior roles or whether there are predecessors or former employees. This means defendants would need to conduct numerous interviews of employees, identify legacy systems, and collect, process, and store documents from custodial and non-custodial sources. The same burden applies to negotiating search terms. Defendants cannot do that in a vacuum. It will require the collection and processing of data and documents from relevant custodians, and then hosting it with either an external vendor or in-house system to test the burden related to proposed search terms. Defendants would be forced to expend significant time and expenses—when a

---

[4] Plaintiffs request that Hotel Defendants respond to Hotel RFPs Nos. 1, 3, 4, 52, 53, and 54 and that Cendyn and Rainmaker respond to Cendyn/Rainmaker RFPs Nos. 1, 3, 4, 5, 46, and 47. Decl. of B. Shane, ¶ 5; Ex. A at 1. Defendants have agreed to respond to one of these requests for production (No. 1) and two of these interrogatories (Nos. 1 and 2). Joint Proposed Disc'y Plan at 12-13, ECF No. 111.

preliminary peek at the motion to dismiss demonstrates a strong likelihood of complete resolution of the case.

**Interrogatories.** Plaintiffs' demand that the Hotel Defendants, Cendyn and Rainmaker each respond to all of plaintiffs' interrogatories is equally burdensome and unnecessary. *See* Exs. D, E. To take just one example, Interrogatory No. 4 to Hotel Defendants requests that they provide eight different pieces of information for *each* revenue management product that Hotel Defendant used over the course *of more than nine years*. The information requested includes *every* person "who regularly communicated regarding any Pricing Algorithm service, reviewed, received, or used information received from any Pricing Algorithm service, prepared information for transmission to any Pricing Algorithm service, attended meetings with individuals from Rainmaker, *or* attended meetings at which information from any Pricing Algorithm was discussed." Ex. D at 5-6 (emphasis added). Similarly, Interrogatory No. 7 to Cendyn and Rainmaker requests that they "Identify each Meeting attended or arranged by You, or any of Your Employees, that was attended by one or more Employees of a Hotel Operator during which a Pricing Algorithm was discussed, reviewed, presented, or analyzed." Ex. E at 6-7. This request, too, covers a period of more than nine years and defines "Meeting" broadly enough to cover *any* communication and "Pricing Algorithm" broadly enough to cover any revenue management product, so the request essentially requests any communication between the vendor and its customer. *Id.* at 2. Thus, plaintiffs' claimed focus on only partial discovery would still result in substantial and unnecessary burden on defendants.

### 2. Plaintiffs Cannot Try to Discover Their Way Into a Viable Complaint

Plaintiffs are also not entitled to try to discover their way into a viable complaint. The Ninth Circuit has held that "plaintiffs must satisfy the pleading requirements of Rule 8 [of the Federal Rules of Civil Procedure] *before* the discovery stage, not after it." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593-94 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). And this Court has held that defendants are prejudiced if, through premature discovery, "[p]laintiffs discovered facts without which they otherwise could not assert a claim sufficient to meet Rule 8's standards." *Duffy, v. ASNY NY, LLC*, No. 21-CV-01680, 2022 WL 1785395, at *3 (D. Nev. May


31, 2022) (Albregts, M.J.); *see also Carter v. DeKalb Cnty.*, 521 F. App'x. 725, 728 (11th Cir. 2013) (per curiam) (holding that a plaintiff who failed to allege a plausible claim was not entitled to discovery because "discovery *follows* 'the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim.'" (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)); *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (affirming motion to dismiss antitrust claim and holding that "the language of *Iqbal* specifically directs that *no* discovery may be conducted in cases such as this" because "[t]he plaintiff may not use the discovery process to obtain [necessary] facts after filing suit").

Requiring defendants to engage in discovery at this stage is not warranted under Rule 1. If the motion to dismiss is granted, there is no need for discovery. And even plaintiffs' narrowed discovery requests here are plainly burdensome, which weighs in favor of granting defendants' motion to stay. *See Long v. Gamo Outdoor S.L.U.*, No. 22-CV-00670, 2022 WL 2819662, at *2 (D. Nev. July 18, 2022) (Albregts, M.J.) (granting motion to stay discovery and considering the fact that the plaintiff "served a large volume of discovery requests"). Accordingly, a stay is appropriate because it "would result in the inexpensive determination of the action by ensuring that the parties do not conduct unnecessary discovery before issues are resolved or narrowed by the motion to dismiss." *Id.*; *see also Duffy*, 2022 WL 1785395, at *3; *Bank of N.Y. Mellon v. Stewart Info. Servs. Corp.*, No. 21-CV-01492, 2022 WL 494213, at *4 (D. Nev. Jan. 1, 2022) (Albregts, M.J.). The requested stay would also further reduce the burden on the Court by eliminating the likely need to address discovery disputes until after the Court has had an opportunity to assess the viability of plaintiffs' complaint.

### C.   Plaintiffs Will Not Be Prejudiced by a Stay

Plaintiffs, on the other hand, will not be prejudiced by the requested discovery stay. The motion to dismiss will be fully briefed by June 12. Moving defendants have already agreed to produce certain organizational chart documents, provide responses to two of plaintiffs' interrogatories, and negotiate an ESI protocol and proposed protective order while their motion to dismiss is pending. This is another reason why, at most, staying discovery would—assuming the

1  case proceeds past the motion to dismiss stage—only slightly delay the action and not "impede
2  Rule 1's objective of a speedy determination." *Long*, 2022 WL 2819662, at *2. Plaintiffs do not
3  identify any testimony that needs to be immediately preserved, and so there is "no urgent need for
4  immediate discovery." *In re GPUs*, 2007 WL 2127577, at *5. As the *In re GPUs* court explained,
5  where there is no provisional relief being sought or a need for witness testimony to be preserved
6  due to ill health, there is enough time "to critique the complaint and to then consider the best course
7  for discovery." *Id.* Rather, "if discovery is stayed and the Court later denies [d]efendants' motion
8  to dismiss . . . [p]laintiffs may only suffer a delay in receiving answers to their discovery requests."
9  *Duffy*, 2022 WL 1785395, at *3.

10  The parties' recently filed proposed discovery plan also underscores the lack of prejudice
11  from any stay. In the event that the case proceeds past the pleadings (and it should not), defendants
12  proposed a schedule that would complete discovery months before it would be complete under
13  Plaintiffs' proposal. *See* Joint Proposed Disc'y Plan at 8, ECF No. 111. Both parties proposed
14  schedules are tied to a motion to dismiss decision. Under defendants' schedule, discovery begins
15  and ends within one year after that date. *Id.* at 8, 16-17. Under plaintiffs' proposal, discovery
16  ends 540 days after the Court's ruling on "dispositive motions." *Id.* at 8, 14-15. In other words,
17  even though plaintiffs seek to begin discovery now, they would still not complete discovery until
18  six months after the deadline that defendants propose. Plaintiffs will not be prejudiced by
19  defendants' requested stay here because it will not delay the ultimate completion of discovery and
20  resolution of this case.

## CONCLUSION

22  For the foregoing reasons, defendants respectfully request that the Court partially stay
23  discovery pending a ruling on the motion to dismiss the complaint.

Dated: May 22, 2023

| | |
|---|---|
| /s/ *J. Colby Williams* | /s/ *Mark Holscher* |
| J. Colby Williams (5549) | Patrick G. Byrne |
| 710 South Seventh Street | Bradley T. Austin |
| Las Vegas, NV 89101 | SNELL & WILMER LLP |
| Telephone: (702) 382-5222 | 3883 Howard Hughes Parkway |
| Facsimile: (702) 382-0540 | Las Vegas, NV 89169 |
| Email: jcw@cwlawlv.com | Telephone: (702) 784-5200 |
| | Facsimile: (702) 784-5252 |
| Sadik Huseny (*pro hac vice*) | Email: pbyrne@swlaw.com |
| Timothy O'Mara (*pro hac vice forthcoming*) | Email: baustin@swlaw.com |
| Brendan McShane (*pro hac vice*) | |
| LATHAM & WATKINS LLP | Mark Holscher (*pro hac vice*) |
| 505 Montgomery Street, Suite 2000 | Tammy A. Tsoumas (*pro hac vice*) |
| San Francisco, CA 94111-6538 | KIRKLAND & ELLIS LLP |
| Telephone: (415) 391-0600 | 2049 Century Park East, Suite 3700 |
| Facsimile: (415) 395-8095 | Los Angeles, CA 90067 |
| Email: sadik.huseny@lw.com | Telephone: (310) 552-4200 |
| tim.o'mara@lw.com | Facsimile: (310) 552-5900 |
| brendan.mcshane@lw.com | Email: mholscher@kirkland.com |
| | Email: ttsoumas@kirkland.com |
| Anna M. Rathbun (*pro hac vice*) | |
| Christopher J. Brown (*pro hac vice*) | Matthew Solum (*pro hac vice*) |
| LATHAM & WATKINS LLP | KIRKLAND & ELLIS LLP |
| 555 Eleventh Street, NW, Suite 1000 | 601 Lexington Avenue |
| Washington, DC 20004-1304 | New York, NY 10022 |
| Telephone: (202) 637-2200 | Telephone: (212) 446-4688 |
| Facsimile: (202) 637-2201 | Facsimile: (917) 848-7536 |
| Email: anna.rathbun@lw.com | Email: msolum@kirkland.com |
| chris.brown@lw.com | |
| | *Attorneys for Defendant Wynn Resorts Holdings, LLC* |
| *Attorneys for Defendant Cendyn Group, LLC* | |

| | |
|---|---|
| /s/ *Adam Hosmer-Henner* | /s/ *Alicia Rubio-Spring* |
| Adam Hosmer-Henner (NSBN 12779) | Nicholas J. Santoro |
| Chelsea Latino (NSBN 14227) | HOLLY DRIGGS |
| Jane Susskind (NSBN 15099) | 300 S. 4th Street, Suite 1600 |
| McDONALD CARANO LLP | Las Vegas, NV 89101 |
| 100 West Liberty Street, Tenth Floor | Telephone: (702) 791-0308 |
| Reno, NV 89501 | Facsimile: (702) 791-1912 |
| (775) 788-2000 | Email: nsantoro@nevadafirm.com |
| ahosmerhenner@mcdonaldcarano.com | |
| clatino@mcdonaldcarano.com | Arman Oruc (*pro hac vice*) |
| jsusskind@mcdonaldcarano.com | GOODWIN PROCTER LLP |
| | 1900 N Street, N.W. |
| Boris Bershteyn (*pro hac vice*) | Washington, DC 20036 |

CERTAIN DEFENDANTS' MOTION TO
PARTIALLY STAY DISCOVERY                    13
Case No. 2:23-cv-00140-MMD-DJA

| | | |
|---|---|---|
| 1 | Ken Schwartz (*pro hac vice*) | Phone: (202) 346-4000 |
| | Michael Menitove (*pro hac vice*) | Facsimile: (202) 346-4444 |
| 2 | Sam Auld(*pro hac vice*) | Email: aoruc@goodwinlaw.com |
| 3 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | |
| 4 | One Manhattan West | Alicia Rubio-Spring (*pro hac vice*) |
| | New York, NY 10001 | GOODWIN PROCTER LLP |
| 5 | (212) 735-3000 | 100 Northern Avenue |
| | boris.bershteyn@skadden.com | Boston, MA 02110 |
| 6 | ken.schwartz@skadden.com | Telephone: (617) 570-1000 |
| | michael.menitove@skadden.com | Facsimile: (617) 5231231 |
| 7 | sam.auld@skadden.com | Email: arubio-spring@goodwinlaw.com |

*Attorneys for Defendant Caesars Entertainment, Inc.*

*Attorneys for Defendant The Rainmaker Group Unlimited, Inc.*

/s/ *Patrick J. Reilly*
Patrick J. Reilly
Arthur A. Zorio
Emily Garnett (*pro hac vice*)
Eric D. Walther
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 N. City Parkway, Suite 1600
Las Vegas, NV 89106
Telephone: 702.382.2101
preilly@bhfs.com
azorio@bhfs.com
egarnett@bhfs.com
ewalther@bhfs.com

*Attorneys for Defendant Treasure Island, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing **CERTAIN DEFENDANTS' MOTION TO PARTIALLY STAY DISCOVERY** was served on the 22nd day of May, 2023 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ J. Colby Williams
An employee of Campbell & Williams

# INDEX OF EXHIBITS

| EXHIBIT NO. | DESCRIPTION | PAGE NO. |
|---|---|---|
| N/A | Declaration of Brendan McShane | N/A |
| A | Email from A. Wolf to Defense Counsel dated May 8, 2023 | 001-009 |
| B | Plaintiffs' First Set of Requests for Production of Documents to Operator Defendants | 010-027 |
| C | Plaintiffs' First Set of Requests for Production of Document to Defendants Cendyn Group, LLC and the Rainmaker Group Unlimited, Inc. | 028-042 |
| D | Plaintiffs' First Set of Interrogatories to Operator Defendants | 043-052 |
| E | Plaintiffs' First Set of Interrogatories to Defendants Cendyn Group, LLC and the Rainmaker Group Unlimited, Inc. | 053-063 |