# EXHIBIT B

# Plaintiffs' First Set of Requests for Production of Documents to Operator Defendants

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman, Esq. (*pro hac vice*)
steve@hbsslaw.com
Ted Wojcik, Esq. (*pro hac vice forthcoming*)
tedw@hbsslaw.com
Stephanie A. Verdoia, Esq. (*pro hac vice*)
stephaniev@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Rio S. Pierce, Esq. (*pro hac vice*)
riop@hbsslaw.com
Abby R. Wolf, Esq. (*pro hac vice*)
abbyw@hbsslaw.com
715 Hearst Ave, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

*Attorneys for Plaintiffs and the Proposed Class*
[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD GIBSON, and HERIBERTO VALIENTE, *on behalf of themselves and others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> MGM RESORTS INTERNATIONAL, CENDYN GROUP, LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC, <br><br> Defendants. | Case No. 2:23-CV-00140-MMD-DJA <br><br> **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO OPERATOR DEFENDANTS** |

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO OPERATOR DEFENDANTS
Case No. 2:23-CV-00140-MMD-DJA

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

010

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Richard Gibson and Heriberto Valiente (collectively, "Plaintiffs") hereby request that Defendants MGM Resorts International; Caesars Entertainment Inc.; Treasure Island, LLC; and Wynn Resorts Holdings, LLC (collectively, "Operator Defendants") produce the documents herein requested within 30 days at the offices of Panish Shea Boyle Ravipudi LLP, 300 S. 4th Street, Suite 710, Las Vegas, NV 89101, or such other time and place as may be agreed upon by counsel. Pursuant to Federal Rule of Civil Procedure 34(b), unless otherwise specified, all documents must be organized and labeled to correspond to the categories in the associated document request. Corrections and supplemental answers and production of documents are required as provided for in the Federal Rules of Civil Procedure.

**DEFINITIONS**

The following definitions shall apply to these document requests:

1. "And" and "or" are to be read interchangeably so as to give the broadest possible meaning to a particular request in which either or both is used.

2. "Communication" or "Communicated" means, without limitation, any exchange of thoughts, messages, or information, as by speech, signals, writing, or behavior, including but not limited to, any advice, advisement, announcement, articulation, assertion, contact, conversation, written or electronic correspondence, declaration, discussion, dissemination, elucidation, expression, interchange, memoranda, notes, publication, reception, revelation, talk, transfer, transmission, or utterance. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

3. "Competitive Conditions" means costs, pricing, production/output, capacity, sales, demand, supply, or market shares for Hotel rooms.

4. "Defendant" means any company, organization, entity or person presently or subsequently named as a Defendant in this litigation including its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments,

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO OPERATOR DEFENDANTS - 1
Case No. 2:23-CV-00140-MMD-DJA

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

011

divisions, joint ventures, other affiliates and any organization or entity managed or controlled by a named Defendant, including those merged with or acquired, together with all present and former directors, officers, Employees, agents, attorneys, representatives or any persons acting or purporting to act on behalf of a Defendant.

5. "Document" shall have the same meaning as used in Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, the original and all non-identical copies of all writings, including, without limitation, handwritten, typed, printed or electronically stored electronic material. Each and every draft of a Document is a separate Document for purposes of these document requests.

6. "Document Custodian" refers to Your Employees and/or representatives who the parties agree, or the Court orders, must have Documents in Your, the Employee's, and/or Representative's possession, custody, or control collected and produced in this matter.

7. "Electronically stored information" or "ESI" means and refers to computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, the cloud, tape, or other real or virtualized devices or media. Non-limiting examples of ESI include:

    a. Digital communications (e.g., email, phone calls and logs of phone calls, voice mail, text messaging, instant messaging, and ephemeral messaging (SnapChat, Confide, Signal, etc.));

    b. Email Server Stores (e.g., Lotus Domino .NSF or Microsoft Exchange .EDB);

    c. Word processed documents (e.g., MS Word or WordPerfect files and drafts);

    d. Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);

    e. Accounting Application Data (e.g., QuickBooks, Money, Peachtree data);

    f. Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);

    g. Sound Recordings (e.g., .WAV and .MP3 files);

    h. Video and Animation (e.g., .AVI and .MOV files);

    i. Unstructured Data;

    j. Structured Databases (e.g., Access, Oracle, SQL Server data, SAP);

    k. Contact and Relationship Management Data (e.g., Outlook, ACT!);

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO OPERATOR DEFENDANTS - 2
Case No. 2:23-CV-00140-MMD-DJA

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

012

    l.   Calendar and Diary Application Data (e.g., Outlook PST, blog entries);

    m.   Online Access Data (e.g., Temporary Internet Files, History, Cookies);

    n.   Presentations (e.g., PowerPoint, Corel Presentations);

    o.   Network Access and Server Activity Logs;

    p.   Project Management Application Data;

    q.   Backup and Archival Files (e.g., Veritas, Zip, .GHO, iTunes archives of iPhone content); and

    r.   Cloud based or other virtualized ESI, including application, infrastructure and data.

8.    "Employee" means, without limitation, any current or former owner, representative, officer, director, executive, manager, Employee, secretary, staff member, messenger, agent or other person who is or was employed by You and any controlled subsidiaries, or any person or purporting to act on Your behalf.

9.    "Hotel" means an establishment located on or near the Las Vegas Strip that provides accommodations, casino services, and occasionally entertainment and other services.

10.    "Hotel Operator" refers to any person or entity that manages or operates a hotel or casino property in the Las Vegas Strip Hotel Market as defined in the Class Action Complaint, which includes but is not limited to the named Defendants in the present action: MGM Resorts International, Caesars Entertainment, Inc., Treasure Island, LLC, and Wynn Resorts Holdings, LLC. "Hotel Supply Factors" refers to the ways in which Defendants control the supply of hotel rooms, including capacity reductions, controlling occupancy rates, and limiting promotions in the Las Vegas Strip Hotel Market.

11.    "Including" is used to emphasize certain types of Documents requested and should not be construed as limiting the request in any way. Including therefore means "including, but not limited to," or "including without limitation."

12.    "Industry Analyst" means a Person, other than an Employee of a Defendant, a Defendant's parent, a Defendant's subsidiary, or another Hotel Operator, who analyzes Hotel Operators for the purpose or with the effect of advising clients on investment in Hotel Operators.

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO OPERATOR DEFENDANTS - 3
Case No. 2:23-CV-00140-MMD-DJA

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

013

13. "Industry Meeting" means a meeting for companies in the Las Vegas Strip Hotel Market and at which the industry is discussed, organized or hosted by an entity other than a named Defendant, a Defendant's parent, a Defendant's subsidiary, and attended by two or more Hotel Operators, including at least one named Defendant.

14. "Las Vegas Strip Hotel Market" is the relevant geographic and product market alleged in this case, comprising Hotel room rentals in the Las Vegas Strip and surrounding areas in Las Vegas, Nevada. *See Gibson et al. v. MGM Resorts Int'l et al.*, No. 2:23-cv-00140-MD-DJA, Dkt. 1.

15. "Management" means a Defendant's (a) Board of Directors, (b) officers, (c) CEO, CFO, COO, or President, and (d) senior executives.

16. "Meeting" means, without limitation, any assembly, convocation, encounter, communication or contemporaneous presence (whether in person or via any electronic, computer-assisted, digital, analog, video, or telephonic method of communication) of two or more persons for any purpose, whether planned or arranged, scheduled or not.

17. "Named Plaintiffs" means those individuals or entities listed as plaintiffs in the Complaint, and any entities subsequently added as named plaintiffs in this matter.

18. "Operator Defendants" refers to Defendants MGM Resorts International; Caesars Entertainment Inc.; Treasure Island, LLC; and Wynn Resorts Holdings, LLC.

19. "Owner" refers to any entity or person who owns 1% or more of You and/or Your wholly-owned or controlled subsidiaries or affiliates or from whom You collectively borrowed or received funds totaling in excess of $10 million from January 1, 2009 through the present.

20. "Person" means, without limitation, any individual, corporation, partnership or any variation thereof (e.g., limited partnership, limited liability partnership), limited liability company, proprietorship, joint venture, association, group or other form of legal entity or business existing under the laws of the United States, any state, or any foreign country.

21. "Policy" or "Procedure" means any rule, practice or course of conduct, guidelines or business methods or traditions whether formal or informal, written or unwritten, recorded or

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO OPERATOR DEFENDANTS - 4
Case No. 2:23-CV-00140-MMD-DJA

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

014

unrecorded, which was recognized or followed, explicitly or implicitly, by You.

22. "Pricing Algorithm" refers to any profit optimization software, platforms, systems, or processes, You access, use, or distribute, that inputs data and information and compares, forecasts, recommends, or summarizes pricing for clients, including but not limited to Rainmaker's GuestRev, Revcaster, GroupRev, and RevIntel services.

23. "Rainmaker" refers to Defendants Cendyn Group, LLC and The Rainmaker Group Unlimited, Inc., or any other related entity providing Pricing Algorithm services for the Hotel industry.

24. "Relating to," "referring to," "regarding," "with respect to" or "concerning" mean without limitation the following concepts: concerning, constituting, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part, directly or indirectly. Documents are considered relating to the subject matter whether they are viewed alone or in combination with other Documents.

25. "Representative" shall mean any and all agents, Employees, servants, consultants, officers, directors, or other persons authorized to act on Your behalf.

26. "Structured Data" or "Structured Database" refers to data stored in a fixed field within a database or other structured record or file according to specific form and content rules as defined by each field.

27. "Telephone Record" means any record of the originating and terminating phone numbers for a particular phone call or facsimile transmission, such as the monthly bill that telephone carriers such as AT&T, CenturyLink, and numerous other telephone carriers provide on a monthly basis.

28. "Trade Association" means an association of business organizations that promotes the interests of Hotel Operators and in which two or more Hotel Operators are members, including but not limited to the Las Vegas Hospitality Association (LVHA), Nevada Hotel and Lodging Association (NHLA), and the Nevada Resort Association (NRA).

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO OPERATOR DEFENDANTS - 5
Case No. 2:23-CV-00140-MMD-DJA

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

015

29. "Unstructured Data" is data that does not conform to a specific, pre-defined data model, it may be human generated and in various formats that fit into structured database tables and columns. Common examples include, but not are limited to, word processing documents, emails, blogs, social media extracts, tweets, picture captions, GPS data, and others of similar variable formats.

30. "You," "Your" or "Your company" mean the responding Defendant, including its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates and any organization or entity that the responding Defendant manages or controls, including those merged with or acquired, together with all present and former directors, officers, Employees, agents, attorneys, representatives or any persons acting or purporting to act on their behalf.

## DOCUMENT REQUESTS

The "Relevant Time Period" for these requests is January 1, 2014 through the present, unless otherwise noted.

**REQUEST NO. 1**: Documents sufficient to show Your corporate organizational structure of Employees (including names, titles, and reporting relationships) throughout the Relevant Time Period, including but not limited to any constitution, formation or organizational documents, articles of incorporation, business licenses, or organizational charts.

**REQUEST NO. 2**: Documents sufficient to show, for each of Your hotels, the conditions, duration, and terms of participation in Rainmaker Pricing Algorithm services.

**REQUEST NO. 3**: All Communications and Documents relating to the scheduling, attendance, or otherwise referencing any in-person, telephonic, or other meetings You attended related to Rainmaker.

**REQUEST NO. 4**: Documents sufficient to show the terms of all contracts You had with Rainmaker.

**REQUEST NO. 5**: Documents sufficient to show all payments You made to Rainmaker.

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO OPERATOR DEFENDANTS - 6
Case No. 2:23-CV-00140-MMD-DJA

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

016

**REQUEST NO. 6**: Documents sufficient to show Your methods of pricing Your Hotel rooms before You began participating in Rainmaker.

**REQUEST NO. 7**: All Documents relating to the origins, intent, purpose and/or motivation for subscribing to Rainmaker Pricing Algorithm services, including but not limited to business plans, analyses, reports, studies, and memoranda.

**REQUEST NO. 8**: All Documents relating to the intent, purpose, motivation, and/or strategies for continuing to use to Rainmaker Pricing Algorithm services, including but not limited to business plans, analyses, reports, studies, and memoranda.

**REQUEST NO. 9**: Documents sufficient to show Your pricing methodology for Hotel rooms in the Las Vegas Hotel Market prior to any usage of Rainmaker Pricing Algorithms.

**REQUEST NO. 10**: All Documents or Communications between You and any other Hotel Operator or Rainmaker relating to Competitive Conditions in the Las Vegas Strip Hotel Market.

**REQUEST NO. 11**: All Communications and Documents relating to the scheduling, attendance, or otherwise referencing any in-person, telephonic, or other meeting between You and Rainmaker.

**REQUEST NO. 12**: For each Document Custodian, all:
a. electronic and hard copy diaries, calendars, appointment books or notes, notebooks, or to-do lists;

b. contact information maintained in electronic or hard copy format, for any Person who is or was: (i) an owner, Employee, consultant, officer board member, Representative, or agent of a Hotel Operator or Rainmaker; (ii) an employee of a Trade Association; or (iv) an employee of any entity that falls within the definition of Industry Meeting;

c. Trip and travel logs and records, expense reports, and entertainment reports, including any other supporting Documents;

d. bills, statements, records, and supporting Documents concerning local, long distance, and cellular telephone calls by such Employees, including calls made using telephones not paid for by You (such as home office, fax, and personal telephone numbers, personal cellphones, and temporary pay-as-you go cellphones) if such telephones were used for business purposes;

e. Documents relating to membership in any Trade Association or industry group or attendance at any Trade Association or Industry Meeting, including announcements, membership lists, presentations (including speaker notes),

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO OPERATOR DEFENDANTS - 7
Case No. 2:23-CV-00140-MMD-DJA

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

017

agendas, minutes, notes, attendance lists, and correspondence;

f. a copy of the Person's most recently created resume or curriculum vitae (CV);

g. copies of any transcripts or recordings of prior testimony relating to Competitive Conditions in the market for Hotel rooms, such as testimony at a deposition, trial, or public hearing;

h. Documents sufficient to show the Document Custodian's complete contact information, including all phone numbers, social media user names or "handles," and email addresses used by such persons for any business purposes, even if only sparingly; and

i. Any severance agreements in connection with the Document Custodian ceasing employment or changing employment status with You (without time limitation).

**REQUEST NO. 13**: All Documents relating to Communications with investors, Industry Analysts, benchmarking services, regarding Competitive Conditions in the Hotel industry.

**REQUEST NO. 14**: All Documents relating to budgets, projections, estimates, or related studies, presentations, or reports regarding Hotel rooms regularly prepared or received by Your current or former directors, officers, or Management on a regular basis (weekly, monthly, quarterly, or annually) regarding the following topics:

a. cost and/or cost accounting reports (including production, sale and distribution);

b. audited or unaudited financial statements (including all appendices);

c. cost and supply of raw material and/or inputs;

d. distribution channels for rooms You provide;

e. product information regarding the rooms sold by You;

f. forecasted, projected, estimated, planned, or actual demand for rooms sold by You;

g. demand changes or demand fluctuations for rooms sold by You; and

h. profits, revenues, and loss information on rooms sold by You identified on a (i) consolidated basis; (ii) product line or product category basis; and/or (iii) facility-by-facility basis (including, but not limited to, gross profits, operating profits, net profits, cash flow reports, and EBITDA).

**REQUEST NO. 15**: All Documents relating to actual or potential substitutes for Hotel rooms in the Las Vegas Strip Hotel Market.

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO OPERATOR DEFENDANTS - 8
Case No. 2:23-CV-00140-MMD-DJA

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

018

**REQUEST NO. 16**: All Documents relating to the elasticity of supply, demand, or price of Hotel rooms in the Las Vegas Strip Hotel Market.

**REQUEST NO. 17**: All Documents relating to the interchangeability of Hotel rooms sold by different Hotel Operators in the Las Vegas Strip Hotel Market.

**REQUEST NO. 18**: Documents sufficient to show Your market share in the Las Vegas Strip Hotel Market.

**REQUEST NO. 19**: All Documents concerning the costs of and potential obstacles to entering the Las Vegas Strip Hotel Market, including, but not limited to, capital costs, regulation, brand-name recognition, other competitors, real estate, and location.).

**REQUEST NO. 20**: All Documents concerning the identity of any actual or potential entrant(s) into the Hotel market and analysis of any barriers, obstacles or difficulties facing the actual or potential entrant(s).

**REQUEST NO. 21**: All Documents utilized or generally referred to by You and Your Representatives for quoting, changing, or setting the prices or the terms and conditions for sale of Hotel rooms, including pricing guidelines, pricing methods, pricing formulas, procedures or authorization procedures to quote a price, price changes, price lists, pricing policies, violations of pricing policies and Documents providing guidance to Sales Personnel about implementation of price changes.

**REQUEST NO. 22**: All Documents or Communications relating to any consideration of the risks and/or benefits of providing information to or receiving information from Rainmaker, the anonymity of individual Hotel Operator data received from Rainmaker, any reverse-engineering processes employed by You to de-anonymize Rainmaker data, any contracts or agreements with Rainmaker, any presentations, Communications, or meeting minutes received from or provided to Rainmaker, and all copies of reports received from Rainmaker.

**REQUEST NO. 23**: All Documents or Communications with Rainmaker or its affiliates, including but not limited to any presentations, agendas, or meeting minutes.

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO OPERATOR DEFENDANTS - 9
Case No. 2:23-CV-00140-MMD-DJA

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

019

**REQUEST NO. 24**: All Documents or Communications with Hotel Operators relating to Rainmaker or Rainmaker's Pricing Algorithms.

**REQUEST NO. 25**: All Documents that You received from Rainmaker or its affiliates, including, but not limited to, data, services, presentations, analyses, or reports.

**REQUEST NO. 26**: All Documents or Communications relating to meetings or other interactions with Rainmaker or its affiliates, including but not limited to meeting minutes or calendar invites.

**REQUEST NO. 27**: All Documents relating to Your usage of Rainmaker's GroupRev.

**REQUEST NO. 28**: All Documents relating to Your usage of Rainmaker's GuestRev.

**REQUEST NO. 29**: All Documents relating to Your usage of Rainmaker's Revcaster.

**REQUEST NO. 30**: All Documents relating to Your usage of Rainmaker's RevIntel.

**REQUEST NO. 31**: All Documents or Communications relating to how You used Rainmaker's Pricing Algorithms as part of or replacing Your existing methods for pricing Hotel rooms.

**REQUEST NO. 32**: All Documents or Communications relating to Your internal communications, analyses, and strategy relating to the usage of Rainmaker's Pricing Algorithms.

**REQUEST NO. 33**: All Documents or Communications relating to Your usage of Rainmaker products, including but not limited to its Pricing Algorithms, data, reports, or services, in determining capacity targets to set for your properties.

**REQUEST NO. 34**: All Documents or Communications relating to Your usage of Rainmaker products, including but not limited to its Pricing Algorithms, data, reports, or services, in determining pricing targets and pricing strategy for Hotel rooms.

**REQUEST NO. 35**: All Documents relating to any processes or attempts by You to de-anonymize Rainmaker data.

**REQUEST NO. 36**: All Documents relating to the anonymity of individual Hotel Operator data received from Rainmaker.

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO OPERATOR DEFENDANTS - 10
Case No. 2:23-CV-00140-MMD-DJA

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

020

**REQUEST NO. 37**: All Documents relating to any purported procompetitive benefits from using Rainmaker's products, including but not limited to its Pricing Algorithms.

**REQUEST NO. 38**: All Documents relating to Competitive Conditions in the Las Vegas Strip Hotel Market, including reports, presentations, industry publications, business plans, studies, analyses, or other Documents concerning forecasted, projected, estimated, planned or actual: (a) market shares; (b) consolidation, mergers, acquisitions, joint ventures, or real estate transactions; (c) capacity utilization or reduction; (d) fixed or variable costs; (e) pricing; (f) planned or actual construction to increase Hotel room capacity; (g) Hotel entry or exit conditions; (h) supplies/supply trends; (i) data, publications, or other sources used in the regular course of business by You to monitor demand for Hotel rooms; (j) substitute products; (k) supply factors; or (l) other industry statistics.

**REQUEST NO. 39**: All Documents or Communications between You and any Hotel Operator concerning pricing for Hotel rooms provided by You in the Las Vegas Strip Hotel Market, including any related to industry leadership, industry discipline, pricing discipline, availability discipline, or other so-called disciplined approaches or practices relating to the Las Vegas Strip Hotel Market.

**REQUEST NO. 40**: All Documents and Communications relating to any benchmarking or information sharing services relating to Las Vegas Strip Las Vegas Strip Hotel Market industry profitability, pricing, production, or supply other than Rainmaker products or Pricing Algorithms.

**REQUEST NO. 41**: All Documents relating to compliance Policies, whether implemented, adopted, used or considered, concerning federal, state, or international antitrust laws, competition laws, anti-monopoly laws, anti-cartel laws, unfair competition laws, anti-bribery laws and any similar laws or regulations, or contacts and/or Communications with Your competitors (including current and former versions of compliance policies and procedures, presentations, seminars, programs, memos, statements signed by Your Employees with responsibility for Hotel rooms that acknowledge receipt of or compliance with such policies

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO OPERATOR DEFENDANTS - 11
Case No. 2:23-CV-00140-MMD-DJA

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

021

arising from or relating to any prior legal proceedings), and all Documents relating to any inquiries or investigations concerning compliance with such policies including those listed in the prior Request.

**REQUEST NO. 42**: All Documents concerning any internal investigation, government investigation, litigation, or other inquiry into possible or alleged violations of federal, state, or international antitrust laws, competition laws, anti-monopoly laws, anti-cartel laws, unfair competition laws, and any similar laws or regulations relating to Rainmaker's services provided to the Las Vegas Strip Hotel Market.

**REQUEST NO. 43**: All Documents relating to the Named Plaintiffs.

**REQUEST NO. 44**: All Documents relating to actions to conceal or avoid detection of any potential violations of federal, state, or international antitrust laws, competition laws, anti-monopoly laws, anti-cartel laws, unfair competition laws, anti-bribery laws and any similar laws, rules or regulations (including the use of code words or otherwise masking the identity of any Person or entity, meeting in locations or communicating at times or via methods with the intent to avoid detection by any Person or entity, using non-traceable prepaid calling cards or cellphones, non-contract or disposable cell phones, placing calls from public phones, and destroying, secreting, altering or forging Documents).

**REQUEST NO. 45**: All Documents necessary to understand the operation of any of the computer hardware and systems, software, Structured Databases, ESI, database, storage, backup and archiving systems and Communications systems and devices information requested herein (including, but not limited to, Documents describing or defining the fields contained in any such database file naming conventions and standards); user manuals; Help features or documentation; password, encryption, and other security protocols; diskette, CD, DVD, and other removable media labeling standards; email storage conventions, e.g., limitations on mailbox sizes/storage locations; schedule and logs for storage; software and hardware upgrades (including patches) for the Relevant Time Period (including who and what organization conducted such upgrades); and Backup tape rotation.

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO OPERATOR DEFENDANTS - 12
Case No. 2:23-CV-00140-MMD-DJA

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

022

**REQUEST NO. 46**: Documents sufficient to identify and describe Your computer hardware and systems (including email systems), software, ESI, Structured Databases, storage, backup and archiving systems and Communications systems and devices used in connection with Documents called for by production of these Requests for Production, including data maps, data dictionaries, explanations of information contained in each system or database, and document retention policies.

**REQUEST NO. 47**: All contracts, and any summaries of the terms (including duration, price protection, terms for price modification, surcharges, discounts, or rebates) for the sale of Hotel rooms to Your customers.

**REQUEST NO. 48**: All Documents referenced or relied upon in responding to any Interrogatory served by any party in this Action.

**REQUEST NO. 49**: Documents sufficient to show the process You used for calculating the pricing terms for Your customers' contracts for Hotel rooms, including any reviews, analyses, discussions, and/or consideration of any changes to that process.

**REQUEST NO. 50**: For the Relevant Time Period, Structured Data sufficient to show, for each sale of Hotel rooms, the categories of information listed below, and Documents sufficient to understand all data fields, codes, or other fields on the invoice. Plaintiffs request this information in the most disaggregated form (meaning at the transactional level, not aggregated by month or quarter) in which it is kept, and Defendants should produce the data in a comma-delimited text file (e.g., a file with a file extension of .csv or .txt). If You maintain separate or distinct sets of such data for internal purposes, Rainmaker reporting purposes, or any other purpose, Plaintiffs' request is for each separate set of data for the categories of information listed below.

    a. the terms of each sale;

    b. the platform on which the sale was completed (e.g., on Your website, through Hotels.com, by phone, or some other intermediary service)

    c. the invoice number;

    d. the purchase order number;

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO OPERATOR DEFENDANTS - 13
Case No. 2:23-CV-00140-MMD-DJA

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

023

  e. the location in which the service or product was provided;

  f. the customer's name, phone number(s), address(es), email address(es), including the identity of the customer that was billed and the location in which the service or product was provided;

  g. the date You sold the service or product, the date You billed for the service or product, and the date the customer took delivery of the service or product;

  h. the description of the product or service, including any product numbers, unique purchaser-specific identifier, any description of characteristics, and product descriptions sold for each transaction;

  i. the quantity (and units of measure) for each sale;

  j. all pricing information concerning the sale, including tax and similar charges, and the gross and net unit price for each item in the sale;

  k. the currency in which the sale was billed and paid;

  l. any discounts, rebates, credits, returns, free goods, and/or services or any other pricing adjustment for each sale, with sufficient information to attribute these adjustments to individual sales;

  m. any fixed or variable costs or costs of goods sold concerning the sale (including sales and distribution cost, raw materials, payments to intermediaries including third party platforms like Hotels.com, marketing or sales cost, and any other cost attributed or allocated to the sale);

  n. any Structured Database field summarizing terms of sale or agreements or contracts for customers;

  o. any other data available in Your database Concerning the purchase, sale or distribution of the Hotel products or services for each sale.

**REQUEST NO. 51**: Documents sufficient to show Your policies regarding rebates, surcharges, credits, discounts, complimentary services, or other special price arrangements relating to Hotel rooms, including:

  a. Structured Data of any marketing funds or rebate payments made to purchasers of Hotel rooms offered by You, including:

   i. Date of payment;

   ii. Period over which payment applies;

   iii. Name and description of program (e.g., volume rebate, discounts, or complimentary service);

   iv. Payment amount;

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO OPERATOR DEFENDANTS - 14
Case No. 2:23-CV-00140-MMD-DJA

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

024

    v.   Information pertaining to which customer the rebate applied to;

    vi.   Total purchase dollars and volume of Hotel rooms on which basis the rebate is paid;

    vii.   Any supplier agreements or other Documents describing the terms of the program.

**REQUEST NO. 52**: All Documents relating to Your awareness of any Hotel Operator's participation status in Rainmaker's Pricing Algorithms, including, but not limited to communications regarding other Hotel Operators' participation status in Rainmaker's Pricing Algorithms.

**REQUEST NO. 53**: All Documents concerning any request by Rainmaker for permission to share Your name and/or Your participation status in Rainmaker's Pricing Algorithms with any prospective, and/or other current, Rainmaker Hotel Operator client.

**REQUEST NO. 54**: All Documents concerning the names and/or participation status in Rainmaker's Pricing Algorithms of any other Hotel Operator in Rainmaker's Pricing Algorithms.

DATED: May 8, 2023

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
Ted Wojcik (*pro hac vice forthcoming*)
Stephanie Verdoia (*pro hac vice*)
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email:    steve@hbsslaw.com
           tedw@hbsslaw.com
           stephaniev@hbsslaw.com

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO OPERATOR DEFENDANTS - 15
Case No. 2:23-CV-00140-MMD-DJA

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

025

Rio S. Pierce (*pro hac vice*)
Abby R. Wolf (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email:    riop@hbsslaw.com
          abbyw@hbsslaw.com

Rahul Ravipudi
Nevada State Bar No. 14750
Adam Ellis
Nevada State Bar No. 14514
Ian P. Samson
Nevada State Bar No. 15089
PANISH SHEA BOYLE RAVIPUDI LLP
300 S. 4th Street, Suite 710
Las Vegas, NV 89101
Telephone: (702) 560-5520
Facsimile:  (702) 975-2515
Email:    rravipudi@psblaw.com
          aellis@psblaw.com
          isamson@psblaw.com
Brian J. Panish
Nevada State Bar No. 16123
PANISH SHEA BOYLE RAVIPUDI LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile:  (310) 477-1699
Email:    panish@psbrlaw.com

*Counsel for Plaintiffs and the Proposed Class*



## **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2023, I caused the foregoing Plaintiffs' First Set of Requests for Production of Documents to Operator Defendants to be served upon counsel of record via electronic mail.

DATED: May 8, 2023                  */s/ Steve W. Berman*
                                                    Steve W. Berman
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO OPERATOR DEFENDANTS - 17
Case No. 2:23-CV-00140-MMD-DJA



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

027