# EXHIBIT D

# Plaintiffs' First Set of Interrogatories to Operator Defendants

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
Ted Wojcik *(pro hac vice forthcoming)*
tedw@hbsslaw.com
Stephanie A. Verdoia (*pro hac vice*)
stephaniev@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594

Rio S. Pierce (*pro hac vice*)
riop@hbsslaw.com
Abby R. Wolf (*pro hac vice*)
abbyw@hbsslaw.com
715 Hearst Ave, Suite 300
Berkeley, CA 94710
Telephone:  (510) 725-3000
Facsimile:   (510) 725-3001

*Attorneys for Plaintiffs and the Proposed Class*
[additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD GIBSON, and HERIBERTO VALIENTE, *on behalf of themselves and others similarly situated*,<br><br>                             Plaintiffs,<br>     v.<br>MGM RESORTS INTERNATIONAL, CENDYN GROUP, LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC,<br><br>                             Defendants. | Case No. 2:23-CV-140-MMD-DJA<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO OPERATOR DEFENDANTS** |

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO OPERATOR DEFENDANTS
Case No. 2:23-cv-00140

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**043**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Richard Gibson and Heriberto Valiente (collectively "Plaintiffs") hereby request that Hotel Operator Defendants MGM Resorts International, Caesars Entertainment, Inc., Treasure Island, LLC, and Wynn Resorts Holdings, LLC, answer the following Interrogatories separately and fully, in writing and under oath, and in accordance with the following instructions and definitions, within 30 days of the date of service.

## I.    DEFINITIONS

The following definitions shall apply to these Interrogatories:

1. "Document" has the same meaning as in the Federal Rules of Civil Procedure and includes, without limitation, the original and all non-identical copies of all writings, including, without limitation, handwritten, typed, printed or electronically stored electronic material. Each and every draft of a Document is a separate Document for purposes of these document requests.

2. "Defendant" means the responding Defendant, including any predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, and any organization or entity that the responding Defendant manages or controls.

3. "Employee" means without limitation, any current or former owner, representative, officer, director, executive, manager, employee, secretary, staff member, messenger, agent or other person who is or was employed by Defendant and any controlled subsidiaries, or any person or purporting to act on Defendant's behalf.

4. "And" and "or" are to be read interchangeably so as to give the broadest possible meaning to a particular request in which either or both is used.

5. "Identify" means to provide sufficient information so that the subject matter can be located, including but not limited to the present or last known address, contact information, relevant time period for each entity, and any and all individuals affiliated with the entity(ies) or involved with participation with a particular entity on Your behalf. When used with respect to a person, "Identify" shall mean to give, to the extent known, the person's full name, present or last known address, telephone number. Once a person has been identified in accordance with this

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO OPERATOR DEFENDANTS - 1
Case No. 2:23-cv-00140

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

044

instruction, only the name of that person need be listed in response to subsequent Interrogatories requesting the identification of that person.

      6. "Including" should not be construed as limiting the request in any way and therefore means "including, but not limited to," or "including without limitation."

      7. "You," "Your," or "Your company" means the responding Defendant, including any predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates and any organization or entity that the responding Defendant manages or controls.

      8. "Hotel" means an establishment located on or near the Las Vegas Strip Hotel Market that provides accommodations, casino services, and occasionally entertainment and other services.

      9. "Hotel Operator" refers to any person or entity that manages or operates a hotel in the Las Vegas Strip Hotel Market as defined in the Class Action Complaint, which includes but is not limited to the named Defendants in the present action: MGM Resorts International, Caesars Entertainment, Inc., Treasure Island, LLC, and Wynn Resorts Holdings, LLC.

      10. "Hotel Supply Factors" refers to the ways in which Defendants control the supply of hotel rooms, including capacity reductions, controlling occupancy rates, and limiting promotions in the Las Vegas Strip Hotel Market.

      11. "Operator Defendants" refers to Defendants MGM Resorts International; Caesars Entertainment Inc.; Treasure Island, LLC; and Wynn Resorts Holdings, LLC.

      12. "Pricing Algorithm" refers to any profit optimization software, platforms, systems, or processes, You access, use, or distribute, that inputs data and information and compares, forecasts, recommends, or summarizes pricing for clients in the Las Vegas Strip Hotel Market, including but not limited to Rainmaker's GuestRev, Revcaster, GroupRev, and RevIntel services.

      13. "Owner" refers to any entity or person who owns 1% or more of You and/or Your wholly-owned or controlled subsidiaries or affiliates or from whom You collectively borrowed or received funds totaling in excess of $10 million from January 1, 2009 through the present.

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO OPERATOR DEFENDANTS - 2
Case No. 2:23-cv-00140

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

045

14. "Rainmaker" refers collectively to Defendants Cendyn Group, LLC and The Rainmaker Group Unlimited, Inc., named in the Class Action Complaint.

15. "Las Vegas Strip Hotel Market" is the relevant geographic and product market alleged in this case, comprising Hotel room rentals in the Las Vegas Strip and surrounding areas in Las Vegas, Nevada. *See Gibson et al. v. MGM Resorts Int'l et al.*, No. 2:23-cv-00140-MD-DJA, Dkt. 1.

16. "Meeting" means, without limitation, any assembly, convocation, encounter, communication or contemporaneous presence (whether in person or via any electronic, computer-assisted, digital, analog, video, or telephonic method of communication) of two or more persons for any purpose, whether planned or arranged, scheduled or not.

## II.   INSTRUCTIONS

In addition to the requirements set forth in the Federal Rules of Civil Procedure, which the Plaintiffs incorporate herein, the following instructions apply to the Interrogatories set forth below, and are incorporated into the Interrogatories as though fully set forth therein:

1. These Interrogatories shall be deemed continuing in nature so as to require timely supplemental responses when necessary to reflect events occurring and information becoming available subsequent to the serving of Your initial response. This paragraph shall not be construed to alter any obligations to comply with all other instructions herein.

2. If You elect to refer to or produce Documents in response to an Interrogatory pursuant to Federal Rule of Civil Procedure 33(d), You shall Identify such Documents by control or Bates number and shall produce the records as they are kept in the usual course of business or, alternatively, shall organize and label them to correspond with the Interrogatory. If the Document is being produced in its native electronic format (allowing the Document to retain its metadata), You shall Identify the document using its hash or other appropriate electronic identification and also Identify which Interrogatory or Interrogatories to which the Document is responsive. If the Document is not being produced in electronic form, Identify the document using the applicable Bates numbers or specifically Identify the type of document being produced

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO OPERATOR DEFENDANTS - 3
Case No. 2:23-cv-00140

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

046

(e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent. For all Documents produced pursuant to Rule 33(d), Identify the name of the employer, officer, or agent certifying the documents as business records.

3. Answers to these Interrogatories are to be based upon all knowledge or information available to You, Including, but not limited to, all information or knowledge derivable from business or other records, and all knowledge or information possessed by any person, Including but not limited to any Employee, agent, attorney, expert witness, consultant, representative, or other advisor, subject to the instruction, direction or control of You.

4. If only part of the Interrogatory is objectionable, the remainder of the Interrogatory shall be answered.

5. If the Interrogatory cannot be answered completely, it must be answered to the fullest extent possible. If You do not have personal knowledge sufficient to respond fully to the Interrogatory, You shall so state, but shall make a reasonable and good faith effort to obtain the information by inquiry to other natural persons or organizations.

6. If You withhold any answer to the following Interrogatories, in whole or in part, for any reason, including a claim of privilege or other protection from disclosure such as attorney-client privilege, the work-product doctrine, or business confidentiality or trade-secret protection, set forth separately with respect to each such Interrogatory: (a) the nature of the privilege or ground of confidentiality claimed; (b) each and every basis upon which such privilege is claimed or under which the response is withheld; (c) the general subject matter of the withheld information; (d) such other information as is sufficient to identify the withheld information and the sufficiency of the grounds for withholding the information on the basis of privilege, including the names of every person or entity who has been privy to such information.

7. The Relevant Time Period for each of the requests below is from January 1, 2014 to the present unless otherwise stated.

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO OPERATOR DEFENDANTS - 4
Case No. 2:23-cv-00140

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

047

## III. INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify Your corporate structure and ownership, including the names and relevant ownership interests related to all of Your wholly-owned or controlled subsidiaries or affiliates, successors, parents, and Owners.

**INTERROGATORY NO. 2:**

Identify each Employee within Your organization that has knowledge regarding Rainmaker's Pricing Algorithms. For each individual identified include the specific knowledge that they have, the hotels that they were associated with as Employees, all email addresses, social or industrial/business web-based media accounts (e.g., Facebook®, Twitter®, LinkedIn® Instagram®, Snapchat®, Cluster®, or WhatsApp®), cellular phone numbers, office phone, and facsimile numbers, or other telephone numbers (and applicable phone carriers for each telephone number) used by each such Employee regarding or relating to his or her work for You.

**INTERROGATORY NO. 3:**

Describe Your use of Rainmaker, including the Hotels that participated, the dates of participation, the specific Rainmaker services used, Including Pricing Algorithms such as GuestRev, GroupRev, Revintel, and Revcaster.

**INTERROGATORY NO. 4:**

For each Pricing Algorithm service in which You participated, provide the following information from January 1, 2014 through the present:

a. Each person who regularly communicated regarding any Pricing Algorithm service, reviewed, received, or used information received from any Pricing Algorithm service, prepared information for transmission to any Pricing Algorithm service, attended meetings with individuals from Rainmaker, or attended meetings at which information from any Pricing Algorithm was discussed.

b. Date range of participation (specifying month and year) and any circumstance in which You cancelled, commenced, or altered any participation in any Rainmaker services;

c. The total annual amount of money You paid to the provider of the Pricing Algorithm service;

d. The Hotels that participated;



    e.    The Hotels Operators that You were aware that participated;

    f.    A detailed description of the data You provided, including whether it related to hotel rooms pricing, marketing, occupancy, and/or sale data, any changes to the type or detail of the data provided over time, the date of the change, and the reason for the change;

    g.    A detailed description of the data, reports, or service You received, including the frequency of reports received, any changes to the type or detail of the data, or reports, or service received, the date of the change, and the reason for the change; and

    h.    A description of the terms of any agreements or contracts relating to participation in the Pricing Algorithm service.

**INTERROGATORY NO. 5:**

Identify each Meeting organized, hosted, or coordinated by Rainmaker and attended by You or any of Your Employees and also attended by one or more Employees of a Hotel Operator, during which a Pricing Algorithm was discussed, Including when and where it occurred, whom from Your company attended, the subjects discussed, how frequently the meeting occurred, and any Documents (e.g., agendas, minutes, or notes) that relate to the content of what was discussed at the Meeting.

**INTERROGATORY NO. 6:**

Explain the process by which the price You rent Hotel rooms in the Las Vegas Strip Hotel Market is determined, and Identify by name and title the persons involved in making that determination, including any Employees and/or representatives.

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO OPERATOR DEFENDANTS - 6
Case No. 2:23-cv-00140

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

049

| | | |
|---|---|---|
| 1 | DATED: May 8, 2023 | Respectfully submitted, |
| 2 | | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | | |
| 4 | | */s/ Steve W. Berman*<br>Steve W. Berman (*pro hac vice*)<br>Ted Wojcik *(pro hac vice forthcoming)* |
| 5 | | Stephanie Verdoia (*pro hac vice*)<br>1301 Second Ave., Suite 2000 |
| 6 | | Seattle, WA 98101 |
| 7 | | Telephone: (206) 623-7292<br>Facsimile:  (206) 623-0594 |
| 8 | | Email:     steve@hbsslaw.com<br>              tedw@hbsslaw.com |
| 9 | |              stephaniev@hbsslaw.com |
| 10 | | Rio S. Pierce (*pro hac vice*) |
| 11 | | Abby R. Wolf (*pro hac vice*)<br>HAGENS BERMAN SOBOL SHAPIRO LLP |
| 12 | | 715 Hearst Ave., Suite 300 |
| 13 | | Berkeley, CA 94710<br>Telephone: (510) 725-3000 |
| 14 | | Facsimile:  (510) 725-3001<br>Email:     riop@hbsslaw.com |
| 15 | |              abbyw@hbsslaw.com |
| 16 | | Rahul Ravipudi |
| 17 | | Nevada State Bar No. 14750<br>Adam Ellis |
| 18 | | Nevada State Bar No. 14514<br>Ian P. Samson |
| 19 | | Nevada State Bar No. 15089<br>PANISH SHEA BOYLE RAVIPUDI LLP |
| 20 | | 300 S. 4th Street, Suite 710 |
| 21 | | Las Vegas, NV 89101<br>Telephone: (702) 560-5520 |
| 22 | | Facsimile:  (702) 975-2515<br>Email:     rravipudi@psblaw.com |
| 23 | |              aellis@psblaw.com<br>              isamson@psblaw.com |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO OPERATOR DEFENDANTS - 7
Case No. 2:23-cv-00140



**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

050

Brian J. Panish
Nevada State Bar No. 16123
PANISH SHEA BOYLE RAVIPUDI LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile:  (310) 477-1699
Email:      panish@psbrlaw.com

*Counsel for Plaintiffs and the Proposed Class*

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO OPERATOR DEFENDANTS - 8
Case No. 2:23-cv-00140

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**051**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2023, I caused the foregoing Plaintiffs' First Set of Interrogatories to Operator Defendants to be served upon counsel of record via electronic mail.

DATED:  May 8, 2023          */s/ Steve W. Berman*
                                                    Steve W. Berman

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO OPERATOR DEFENDANTS - 9
Case No. 2:23-cv-00140

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

052