# EXHIBIT E

# Plaintiffs' First Set of Interrogatories to Defendants Cendyn Group, LLC and the Rainmaker Group Unlimited, Inc.

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
Ted Wojcik *(pro hac vice forthcoming)*
tedw@hbsslaw.com
Stephanie A. Verdoia (*pro hac vice*)
stephaniev@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Rio S. Pierce (*pro hac vice*)
riop@hbsslaw.com
Abby R. Wolf (*pro hac vice*)
abbyw@hbsslaw.com
715 Hearst Ave, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

*Attorneys for Plaintiffs and the Proposed Class*
[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD GIBSON, and HERIBERTO VALIENTE, *on behalf of themselves and others similarly situated,*<br><br>                             Plaintiffs,<br><br>     v.<br><br>MGM RESORTS INTERNATIONAL, CENDYN GROUP, LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC,<br><br>                             Defendants. | Case No. 2:23-CV-140-MMD-DJA<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS CENDYN GROUP, LLC AND THE RAINMAKER GROUP UNLIMITED, INC.** |

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO RAINMAKER DEFENDANTS
Case No. 2:23-cv-00140

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

053

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Richard Gibson and Heriberto Valiente (collectively "Plaintiffs") hereby request that Defendants Cendyn Group, LLC and The Rainmaker Group Unlimited, Inc. (collectively "Rainmaker"), answer the following Interrogatories separately and fully, in writing and under oath, and in accordance with the following instructions and definitions, within 30 days of the date of service.

## I. DEFINITIONS

The following definitions shall apply to these Interrogatories:

1. "Document" has the same meaning as in the Federal Rules of Civil Procedure and includes, without limitation, the original and all non-identical copies of all writings, including, without limitation, handwritten, typed, printed, or electronically stored material.

2. "Defendant" means the responding Defendant, including any predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, and any organization or entity that the responding Defendant manages or controls.

3. "Employee" means, without limitation, any current or former owner, representative, officer, director, executive, manager, employee, secretary, staff member, messenger, agent or other person who is or was employed by Rainmaker and any controlled subsidiaries, or any person or purporting to act on Rainmaker's behalf.

4. "And" and "or" are to be read interchangeably so as to give the broadest possible meaning to a particular request in which either or both is used.

5. "Identify" means to provide sufficient information so that the subject matter can be located, including but not limited to the present or last known address, contact information, relevant time period for each entity, and any and all individuals affiliated with the entity(ies) or involved with participation with a particular entity on Your behalf. When used with respect to a person, "Identify" shall mean to give, to the extent known, the person's full name, present or last known address, telephone number. Once a person has been identified in accordance with this

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO RAINMAKER DEFENDANTS - 1
Case No. 2:23-cv-00140

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

054

instruction, only the name of that person need be listed in response to subsequent Interrogatories requesting the identification of that person.

6. "Including" should not be construed as limiting the request in any way and therefore means "including, but not limited to," or "including without limitation."

7. "You," "Your," or "Your company" means the responding Defendant, including any predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates and any organization or entity that the responding Defendant manages or controls.

8. "Hotel" means an establishment located on or near the Las Vegas Strip Hotel Market that provides accommodations, casino services, and occasionally entertainment and other services.

9. "Hotel Operator" refers to any person or entity that manages or operates a hotel in the Las Vegas Strip Hotel Market as defined in the Class Action Complaint, which includes but is not limited to the named Defendants in the present action: MGM Resorts International, Caesars Entertainment, Inc., Treasure Island, LLC, and Wynn Resorts Holdings, LLC.

10. "Pricing Algorithm" refers to any profit optimization software, platforms, systems, or processes, You access, use, or distribute, that inputs data and information and compares, forecasts, recommends, or summarizes pricing for clients in the Las Vegas Strip Hotel Market, including but not limited to Rainmaker's GuestRev, Revcaster, GroupRev, and RevIntel services.

11. "Operator Defendants" refers to Defendants MGM Resorts International; Caesars Entertainment Inc.; Treasure Island, LLC; and Wynn Resorts Holdings, LLC.

12. "Owner" refers to any entity or person who owns 1% or more of You and/or Your wholly-owned or controlled subsidiaries or affiliates or from whom You collectively borrowed or received funds totaling in excess of $10 million from January 1, 2009 through the present.

13. "Meeting" means, without limitation, any assembly, convocation, encounter, communication or contemporaneous presence (whether in person or via any electronic,

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO RAINMAKER DEFENDANTS - 2
Case No. 2:23-cv-00140

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

055

computer-assisted, digital, analog, video, or telephonic method or communication) of two or more persons for any purpose, whether planned or arranged, scheduled or not.

14.  "Las Vegas Strip Hotel Market" is the relevant geographic and product market alleged in this case, comprising Hotel room rentals in the Las Vegas Strip and surrounding areas in Las Vegas, Nevada. *See Gibson et al. v. MGM Resorts Int'l et al.*, No. 2:23-cv-00140-MD-DJA, Dkt. 1.

## II.  INSTRUCTIONS

In addition to the requirements set forth in the Federal Rules of Civil Procedures, which the Plaintiffs incorporate herein, the following instructions apply to the Interrogatories set forth below, and are incorporated into the Interrogatories as though fully set forth therein:

1.  These Interrogatories shall be deemed continuing in nature so as to require timely supplemental responses when necessary to reflect events occurring and information becoming available subsequent to the serving of Your initial response, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. Each supplemental response shall be served on the Plaintiffs no later than third (30) days after the discovery of the subsequently discovered or obtained information, and in no event shall any supplemental response be served later than thirty (30) days before the first day of trial, absent leave of court.

2.  If You elect to refer to or produce Documents in response to an Interrogatory pursuant to Federal Rule of Civil Procedure 33(d), You shall Identify such Documents by control or Bates number and shall produce the records as they are kept in the usual course of business or, alternatively, shall organize and label them to correspond with the Interrogatory. If the Document is being produced in its native electronic format (allowing the Document to retain its metadata), You shall Identify the document using its hash or other appropriate electronic identification and also Identify which Interrogatory or Interrogatories to which the Document is responsive. If the Document is not being produced in electronic form, Identify the document using the applicable Bates numbers or specifically Identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian,

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO RAINMAKER DEFENDANTS - 3
Case No. 2:23-cv-00140

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

056

and every person to whom such document or any copy thereof was given or sent. For all Documents produced pursuant to Rule 33(d), Identify the name of the employee, officer, or agent certifying the documents as business records.

3. Answers to these Interrogatories are to be based upon all knowledge or information available to You, including, but not limited to, all information or knowledge derivable from business or other records, and all knowledge or information possessed by any person, including but not limited to any employee, agent, attorney, expert witness, consultant, representative, or other advisor, subject to the instruction, direction or control of You.

4. If only a part of the Interrogatory is objectionable, the remainder of the Interrogatory shall be answered.

5. If the Interrogatory cannot be answered completely, it must be answered to the fullest extent possible. If You do not have personal knowledge sufficient to respond fully to the Interrogatory, You shall so state, but shall make a reasonable and good faith effort to obtain the information by inquiry to other natural persons or organizations.

6. If You withhold any answer to the following Interrogatories, in whole or in part, for any reason, including a claim of privilege or other protection from disclosure such as attorney-client privilege, the work-product doctrine, or business confidentiality or trade-secret protection, set forth separately with respect to each such Interrogatory: (a) the nature of the privilege or ground of confidentiality claimed; (b) each and very basis upon which such privilege is claimed or under which the response is withheld; (c) the general subject matter of the withheld information; (d) such other information as is sufficient to identify the withheld information and the sufficiency of the grounds for withholding the information on the basis of privilege, including the names of every person or entity who has been privy to such information.

7. The Relevant Time Period for each of the requests below is from January 1, 2014 to the present unless otherwise stated.

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO RAINMAKER DEFENDANTS - 4
Case No. 2:23-cv-00140

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

057

### III.   INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each Employee within Your organization that has knowledge regarding Your Pricing Algorithms, including Employees with responsibility for preparing, providing, or auditing data, reports, or services, to a Hotel Operator in the Las Vegas Hotel Market. For each Employee identified include the Hotel Operator the Employee was responsible for, the relevant reports, the time period, and a general description of the Employee's job duties. For each individual identified and for each of Your Document Custodians, Identify all email addresses, social or industrial/business web-based media accounts (e.g., Facebook®, Twitter®, LinkedIn® Instagram®, Snapchat®, Cluster®, or WhatsApp®), cellular phone numbers, office phone, and facsimile numbers, or other telephone numbers (and applicable phone carriers for each telephone number) used by each such Employee regarding or relating to his or her work for You.

**INTERROGATORY NO. 2:**

Identify Your corporate structure and ownership, including the names and relevant ownership interests related to all of Your wholly-owned or controlled businesses, subsidiaries or affiliates, successors, parents, and Owners, including those entities You merged with or acquired, involved in the price, revenue, occupancy, marketing, or renting of hotel guest rooms; and describe any changes to your corporate structure during the relevant time period.

**INTERROGATORY NO. 3:**

Describe the process by which The Rainmaker Group Unlimited, Inc.'s Pricing Algorithm services were acquired by Cendyn Group, LLC on or around August 2019,[1] including which assets and liabilities of The Rainmaker Group Unlimited, Inc., were transferred to, sold, or assumed by the Cendyn Group, LLC and which remain with The Rainmaker Group Unlimited, Inc. or were transferred to, sold, or assumed any other entity.

**INTERROGATORY NO. 4:**

---

[1] As announced here: https://www.cendyn.com/news/the-rainmaker-group-a-cendyn-company-receives-top-honor-in-gaming-hospitality-industry-awards/.

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO RAINMAKER DEFENDANTS - 5
Case No. 2:23-cv-00140



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

058

Identify each Hotel Operator who subscribes to Your services in the Las Vegas Hotel Market for each Hotel, including but not limited to, the date of the beginning and end for each period for each Pricing Algorithm or other service to which Hotel Operator subscribed (specifying month and year); and the amount paid, on a monthly and annual basis, and in total to date for each Pricing Algorithm or other service; each Pricing Algorithm or other service, to which Hotel Operator subscribed.

**INTERROGATORY NO. 5:**

For each Pricing Algorithm service that You own or provide, including but not limited to GuestRev, Revcaster, Revintel, and GroupRev, provide the following information from January 1, 2019 through the present:

a. Each person from a Hotel Operator who regularly communicated with You regarding any Pricing Algorithm data, report or services, reviewed or used information received from the Pricing Algorithm data, report or services, prepared information for transmission to the Pricing Algorithm data, report or service, or attended meetings at which information from the Pricing Algorithm was discussed;

b. A detailed description of the data You require Hotel Operators submit to You, including whether it is related to hotel room marketing, pricing, and/or occupancy, any changes to the type or detail of the data provided over time, the date of the change, and the reason for the change;

c. A detailed description of the services You provided, including the frequency of reports provided, any changes to the type or detail of the data or reports provided, the date of the change, and the reason for the change; and

d. A description of the terms of any agreements or contracts relating to participation in the Pricing Algorithm service.

**INTERROGATORY NO. 6:**

Identify each service provided by You to any Hotel Operator regarding the Las Vegas Hotel Strip Market by Hotel, including the methodology, data incorporated, data output, types of pricing recommendations, or communications prepared and/or presented upon request of the Hotel Operator, and the frequency with which each report was provided to the Hotel Operator.

**INTERROGATORY NO. 7:**

Identify each Meeting attended or arranged by You, or any of Your Employees, that was attended by one or more Employees of a Hotel Operator during which a Pricing Algorithm was

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO RAINMAKER DEFENDANTS - 6
Case No. 2:23-cv-00140



059

discussed, reviewed, presented, or analyzed. For each Meeting, identify the date, the location, the names of Employees for Hotel Operators that attended, the subject of the Meeting, how frequently the Meeting occurred, and any Documents (e.g., agendas, minutes, or notes) that relate to the content of what was discussed at the Meeting.

**INTERROGATORY NO. 8:**

Describe each policy regarding when a name or participation status of a Hotel Operator in Rainmaker's Pricing Algorithms may be disclosed to another Hotel Operator, and identify all instances where the name or participation status in Rainmaker's Pricing Algorithms of a Hotel Operator has been disclosed to another Hotel Operator.

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO RAINMAKER DEFENDANTS - 7
Case No. 2:23-cv-00140

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

060

| | | |
|---|---|---|
| 1 | DATED: May 8, 2023 | Respectfully submitted, |
| 2 | | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | | <u>/s/ Steve W. Berman</u> |
| 4 | | Steve W. Berman (*pro hac vice*) |
| | | Ted Wojcik *(pro hac vice forthcoming)* |
| 5 | | Stephanie Verdoia (*pro hac vice*) |
| | | 1301 Second Ave., Suite 2000 |
| 6 | | Seattle, WA 98101 |
| 7 | | Telephone: (206) 623-7292 |
| | | Facsimile:  (206) 623-0594 |
| 8 | | Email:    steve@hbsslaw.com |
| | | tedw@hbsslaw.com |
| 9 | | stephaniev@hbsslaw.com |
| 10 | | |
| | | Rio S. Pierce (*pro hac vice*) |
| 11 | | Abby R. Wolf (*pro hac vice*) |
| | | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 12 | | 715 Hearst Ave., Suite 300 |
| | | Berkeley, CA 94710 |
| 13 | | Telephone: (510) 725-3000 |
| | | Facsimile:  (510) 725-3001 |
| 14 | | Email:    riop@hbsslaw.com |
| 15 | | abbyw@hbsslaw.com |
| 16 | | Rahul Ravipudi |
| | | Nevada State Bar No. 14750 |
| 17 | | Adam Ellis |
| 18 | | Nevada State Bar No. 14514 |
| | | Ian P. Samson |
| 19 | | Nevada State Bar No. 15089 |
| | | PANISH SHEA BOYLE RAVIPUDI LLP |
| 20 | | 300 S. 4th Street, Suite 710 |
| | | Las Vegas, NV 89101 |
| 21 | | Telephone: (702) 560-5520 |
| 22 | | Facsimile:  (702) 975-2515 |
| | | Email:    rravipudi@psblaw.com |
| 23 | | aellis@psblaw.com |
| | | isamson@psblaw.com |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO RAINMAKER DEFENDANTS - 8
Case No. 2:23-cv-00140



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

061

Brian J. Panish
Nevada State Bar No. 16123
PANISH SHEA BOYLE RAVIPUDI LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile:  (310) 477-1699
Email:      panish@psbrlaw.com

*Counsel for Plaintiffs and the Proposed Class*

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO RAINMAKER DEFENDANTS - 9
Case No. 2:23-cv-00140

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

062

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2023, I caused the foregoing Plaintiffs' First Set of Interrogatories to Defendants Cendyn Group, LLC and The Rainmaker Group Unlimited, Inc. to be served upon counsel of record via electronic mail.

DATED: May 8, 2023                    /s/ Steve W. Berman
                                                    Steve W. Berman

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO RAINMAKER DEFENDANTS - 10
Case No. 2:23-cv-00140

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

063