1  Todd L. Bice, Bar No. 4534
   Brianna G. Smith, Bar No. 11795
2  PISANELLI BICE PLLC
   400 South 7th Street, Suite 300
3  Las Vegas, Nevada 89101
   Telephone: (702) 214-2100
4  tlb@pisanellibice.com
   bgs@pisanellibice.com
5
   Bethany W. Kristovich (*pro hac vice*)
6  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, 50th Floor
7  Los Angeles, California 90071-3426
   Telephone:    (213) 683-9100
8  bethany.kristovich@mto.com

9  Kyle W. Mach (*pro hac vice*)
   Justin P. Raphael (*pro hac vice*)
10 Juliana M. Yee (*pro hac vice*)
   MUNGER, TOLLES & OLSON LLP
11 560 Mission St., 27th Floor
   San Francisco, CA 94105-2907
12 Telephone:    (415) 512-4000
   kyle.mach@mto.com
13 justin.raphael@mto.com
   juliana.yee@mto.com
14
   *Attorneys for MGM Resorts International*
15

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD GIBSON, and HERIBERTO VALIENTE,<br><br>Plaintiffs,<br><br>v.<br><br>MGM RESORTS INTERNATIONAL, CENDYN GROUP, LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC,<br><br>Defendants. | CASE NO.: 2:23-cv-00140-MMD-DJA<br><br>**MGM RESORTS INTERNATIONAL'S JOINDER TO DEFENDANTS' JOINT MOTION TO STAY DISCOVERY AND MOTION TO STAY DISCOVERY** |

Defendant MGM Resorts International joins other Defendants' motion to partially stay discovery pending resolution of Defendants' motion to dismiss. MGM now, by and through its counsel, moves this Court to stay all discovery against MGM for additional reasons set forth in the accompanying Memorandum of Points and Authorities. This Motion is made under Rules 1 and 26(c) of the Federal Rule of Civil Procedure and is based on the attached Memorandum of Points and Authorities and supporting documentation, the papers and pleadings on file, including the papers in support of Defendants' joint motion to stay, and any oral argument this Court may allow.

DATED:  May 22, 2023

By      */s/ Todd L. Bice*
Todd L. Bice, Bar No. 4534
Brianna Smith, Bar No. 11795
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

Bethany W. Kristovich (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426

Kyle W. Mach (*pro hac vice*)
Justin P. Raphael (*pro hac vice*)
Juliana M. Yee (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105-2907

*Attorneys for MGM Resorts International*

# MEMORANDUM OF POINTS OF AUTHORITIES

Other Defendants' motion to partially stay discovery outlines why the Court should stay discovery pending resolution of Defendants' joint motion to dismiss under the three-part test outlined by the Court in *Long v. Gamo Outdoor S.L.U.*, 222CV00670JADDJA, 2022 WL 2819662, at *2 (D. Nev. July 18, 2022) (Albregts, M.J.). MGM joins that motion and adopts those arguments in full and so will not repeat them here. MGM files this separate motion because it is entitled to stay all discovery against it pending resolution of both the joint motion to dismiss and MGM's separate motion to dismiss as Plaintiffs plead no claims against MGM.

In addition to the joint motion to dismiss, which MGM joined, MGM filed a separate motion to dismiss, pointing out that the Complaint fails to allege that the properties it operates in Las Vegas used Rainmaker software. (ECF No. 92.) Having failed to allege that hotels that MGM operated in Las Vegas even used Rainmaker software, Plaintiffs cannot plead that MGM was part of a conspiracy to use Rainmaker software in Las Vegas. *Id.* A "preliminary peek" at that motion further warrants a full stay of discovery against MGM.

In responding to MGM's separate motion, Plaintiffs argue that (i) MGM uses Rainmaker software at a property in New Jersey, (ii) MGM did not send a Rule 11 letter, (iii) "confidential witnesses" have estimated that Rainmaker is used in 90% of hotels on the Strip, (iv) the Cosmopolitan uses Rainmaker, and (v) the case can nonetheless survive if claims against MGM are dismissed. (ECF No. 110, *passim*.) Each of these falls far short of saving their claims against MGM:

- The fact that MGM may use certain software at a property in *New Jersey* says nothing about whether MGM uses that software at the ten properties on the strip that MGM is alleged to operate.

- MGM did not send a Rule 11 letter *because Plaintiffs did not allege that MGM-operated properties on the Strip used the software.* There was no need to send a Rule 11 letter about an allegation that does not appear in the complaint. The fact that Plaintiffs defend their complaint by conflating the standards for ethical conduct with the standard for stating a claim speaks volumes.

- Nor does Plaintiffs' reliance on so-called "confidential witnesses" save their claims against MGM: Plaintiffs plead no foundational information (e.g., what jobs or responsibilities these individuals had), and these allegations are therefore insufficient to state a claim. *See Glazer Cap. Mgmt, L.P. v. Forescout Techs., Inc.*, 63 F.4th 747,

-1-  Case No. 2:23-cv-00140-MMD-DJA
MGM'S JOINDER TO MOTION AND MOTION TO STAY

766-67 (9th Cir. 2023); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 995 (9th Cir. 2009).

- Plaintiffs acknowledge that their only allegation regarding the Cosmopolitan *predated* MGM's acquisition of that property. (ECF 110, p. 10.) Plaintiffs cannot plead that, by acquiring a property, MGM somehow retroactively entered into an agreement with other hotel operators.

- Finally, the fate of the rest of the case if claims against MGM are dismissed does not mean that claims against MGM can or will proceed. To the contrary, this argument is essentially a concession that it is highly likely that claims against MGM will not proceed.

In light of the extreme weakness of Plaintiffs' claims against MGM, it is inappropriate to impose the significant costs associated with discovery on MGM.  MGM did not join the proposal by co-Defendants for an ESI protocol, a protective order, initial disclosures, and production of organizational charts because (a) that is inconsistent with MGM's experience in this District, which is that discovery properly is stayed pending resolution of a case-dispositive motion to dismiss,[1] (b) district courts regularly stay discovery pending motions to dismiss in antitrust cases given warnings by the Supreme Court and the Ninth Circuit about the costs of proceeding to discovery before plaintiffs have pled an antitrust claim, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); (c) to the extent the case survives at all, the pleadings are likely to change, which could require changes to initial disclosures, and (d) there is no reason to subject MGM to the costs associated with discovery.

To the extent any claims against MGM survive, the year-long fact discovery period that Defendants have proposed would provide ample time for reasonable discovery.

---

[1] *See, e.g.*, *Bank of New York Mellon v. Stewart Infor. Servs., Corp.*, No. 2:21-cv-01492 (D. Nev. filed Jan. 11, 2022) (Albregts, M.J.), ECF 42 (granting stay); *San Francisco Comprehensive Tours, LLC v. Tripadvisor, LLC*, No. 2:20-cv-02117 (D. Nev. filed Apr. 21, 2021) (Albregts, M.J.), ECF 22 (granting stay in antitrust case); *Smallman v. MGM Resorts Int'l*, 2:20-cv-00376 (D. Nev. filed Sept. 9, 2021), ECF 121 (granting stay in class action); *Ahmed v. Richland Holdings, Inc.*, No. 2:19-cv-01925 (D. Nev. filed Jan. 30, 2020) (Albregts, M.J.), ECF 19 (same); *Doliboa v. Allegiant Air, LLC*, No. 2:17-cv-02779 (D. Nev. filed Jun. 6, 2018), ECF 37 (same); *Abrams v. Peppermill Casinos, Inc.*, 3:16-cv-00454 (D. Nev. filed Jun. 8, 2017), ECF 30 (same).

For these reasons, MGM respectfully requests a full stay of discovery against it pending resolution of the motions to dismiss.

DATED:  May 22, 2023

By      */s/ Todd L. Bice*
Todd L. Bice, Bar No. 4534
Brianna Smith, Bar No. 11795
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

Bethany W. Kristovich (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426

Kyle W. Mach (*pro hac vice*)
Justin P. Raphael (*pro hac vice*)
Juliana M. Yee (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105-2907

*Attorneys for MGM Resorts International*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Pisanelli Bice PLLC, and that on this 22nd day of May, 2023, I caused to be served via the Court's e-filing/e-service system true and correct copies of the above and foregoing **JOINDER TO DEFENDANTS' MOTION TO PARTIALLY STAY DISCOVERY AND MOTION TO STAY DISCOVERY** to all parties registered for electronic service.

                                          */s/ Kimberly Peets*
                                        An employee of Pisanelli Bice PLLC