**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
Ted Wojcik (*pro hac vice*)
tedw@hbsslaw.com
Stephanie A. Verdoia (*pro hac vice*)
stephaniev@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594

Rio S. Pierce (*pro hac vice*)
riop@hbsslaw.com
Abby R. Wolf (*pro hac vice*)
abbyw@hbsslaw.com
715 Hearst Ave, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001

**PANISH SHEA BOYLE RAVIPUDI LLP**
Brian J. Panish, NV Bar No. 16123
panish@psbr.law
Rahul Ravipudi, NV Bar No. 14750
rravipudi@psbr.law
Adam Ellis, NV Bar No. 14514
aellis@psbr.law
Ian Samson, NV Bar No. 15089
isamson@psbr.law
300 S. Fourth Street, Suite 710
Las Vegas, NV 89101
Telephone:  (702) 560-5520

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD GIBSON, and HERIBERTO VALIENTE,<br><br>   Plaintiffs,<br><br>   v.<br><br>MGM RESORTS INTERNATIONAL, CENDYN GROUP, LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC,<br><br>   Defendants. | No. 2:23-cv-00140-MMD-DJA<br><br>**PLAINTIFFS' OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO PARTIALLY STAY DISCOVERY** |

PLS.' OPP'N TO CERTAIN DEFS.'
MOT. TO PARTIALLY STAY DISCOVERY
No. 2:23-cv-00140-MMD-DJA

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**TABLE OF CONTENTS**

| | | | Page |
|---|---|---|---|
| I. | Introduction | | 1 |
| II. | Background | | 2 |
| III. | Legal Standard | | 3 |
| IV. | Argument | | 5 |
| | A. | Defendants' confidence in their litigation position is not a sufficient basis for a stay | 5 |
| | B. | Plaintiffs seek limited and minimally burdensome discovery aimed at advancing this litigation quickly if Defendants' motions to dismiss are denied. | 9 |
| | C. | A stay would prejudice Plaintiffs and cause substantial delay. | 13 |
| V. | Conclusion | | 13 |

PLS.' OPP'N TO CERTAIN DEFS.'
MOT. TO PARTIALLY STAY DISCOVERY - i
No. 2:23-cv-00140-MMD-DJA



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

#### I.     INTRODUCTION

Every motion to dismiss can theoretically end the case. But if this were enough to stay discovery, as Defendants contend, then discovery could never commence during the pendency of a motion to dismiss. The rule in this district is the opposite. By default, discovery proceeds in the normal course pending resolution of a Rule 12(b)(6) motion. Motions to stay are disfavored, including in antitrust cases, and may be granted only if the court is first "convinced that a plaintiff will be unable to state a claim for relief" following a "preliminary peek" at an underlying motion to dismiss.[1] This standard is "onerous"[2] and "not easily met."[3]

Defendants' motion flunks this test, which is most often met with a threshold defense (e.g., jurisdiction or laches) that facially precludes inquiry into the merits. No such threshold defense is raised here. Instead, in support of their stay request, Defendants simply rehash arguments from their motion to dismiss briefing, where they generally challenge the adequacy of Plaintiffs' allegation that Defendants conspired to artificially raise hotel room rates on the Las Vegas Strip. But these arguments lack merit and at a minimum, Plaintiffs respectfully submit, cannot be resolved with certainty via a simple "peek" at the parties' briefing. Defendants' confidence in their litigation position, standing alone, is not a sufficient basis for a stay; to the contrary, "[i]t bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is not enough to warrant staying discovery."[4]

Defendants argue that permitting discovery at this stage would unfairly saddle them with sweeping and unduly burdensome discovery requests. But their arguments conflate the burden of responding to full discovery with the limited proposal that Plaintiffs make. Plaintiffs are not

---

[1] *Las Vegas Sun, Inc. v. Adelson*, No. 2:19-cv-01667-RFB-BNW, 2020 WL 2114352, at *5 (D. Nev. May 4, 2020) (emphasis added) (quoting *Kor Media Grp. LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013)).

[2] *Id.* at *5.

[3] *Kor*, 294 F.R.D. at 583.

[4] *In re J&J Inv. Litig.*, No. 2:22-cv-00529-GMN-NJK, 2022 WL 4536948, at *1 (D. Nev. Sept. 28, 2022); *see also Holiday Sys. Int'l of Nevada v. Vivarelli, Schwarz, & Assocs., S.A. de. C.V.*, No. 2:10-cv-00471-MMD, 2012 WL 3860824, at *2 (D. Nev. Sept. 5, 2012) (Du, J.) ("Ordinarily, a pending motion to dismiss is not a situation that would mandate a stay of discovery.").

PLS.' OPP'N TO CERTAIN DEFS.'
MOT. TO PARTIALLY STAY DISCOVERY - 1
No. 2:23-cv-00140-MMD-DJA



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

requesting that the Court order full-blown discovery to commence while the motions to dismiss are pending. Instead, Plaintiffs have provided a narrowly targeted proposal where (a) Defendants answer an initial set of factual interrogatories and provide "go-get" collections in response to a narrow subset of Plaintiffs' requests to production and (b) commit to negotiating responses and objections, search terms, and custodians during the pendency of the motions to dismiss. This proposal would allow for targeted discovery of core documents while using the time that dispositive motions are pending to work through objections, negotiate discovery protocols, and narrow disputes so that further discovery can proceed with minimal Court intervention in the event Defendants' motions to dismiss are denied. This is consistent both with Rule 1 and courts' repeated instruction that "inconvenience and expense [are] not sufficient, standing alone, to support a stay of discovery."[5]

## II.   BACKGROUND

Plaintiffs allege that Defendants—specifically, (1) Defendant Hotel Operators ("Operators") on the Las Vegas Strip, together with (2) Rainmaker Group ("Rainmaker"), which makes available pricing algorithms[6]—have used Rainmaker's algorithms to elevate hotel room prices above competitive levels. Operators give Rainmaker real-time access to competitive data regarding occupancy, rates, and guests; its algorithms then output pricing recommendations that Operators can accept. Plaintiffs allege, based on Rainmaker's public statements, that these recommendations are accepted 90% of the time, and that Operators know their competitors also use Rainmaker's algorithms—and are thus assured that the supracompetitive prices Rainmaker recommends will not be undercut. The result is that Rainmaker's algorithms, collectively used, allow Operators to set and maintain supracompetitive prices. Consistent with this, prices for Strip hotel rooms are currently at record highs; meanwhile, regulators and academics have voiced

---

[5] *Long v. Aurora Bank*, *FSB*, No. 2:12-cv-00721-GMN, 2012 WL 2076842, at *1 (D. Nev. June 8, 2012) (citing *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)); *see, e.g.*, *Joshco Tech, LLC v. Eagle Rising Veteran Consulting, LLC*, No. 2:20-cv-00451-RFB-DJA, 2020 WL 10574932, at *1 (D. Nev. Sept. 7, 2020) (Albregts, M.J.) (same); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity.").

[6] Defendant Cendyn Group, LLC ("Cendyn") acquired Defendant Rainmaker in August 2019.



concern with precisely what Plaintiffs allege.

Asserting a claim under Section 1 of the Sherman Act, Plaintiffs allege that Defendants formed a hub-and-spoke conspiracy consisting of Rainmaker (the hub), Operators (the spokes), and a conspiracy among Operators (the rim); in the alternative, Plaintiffs allege a set of vertical agreements between Operators and Rainmaker to use Rainmaker's pricing algorithms that, assessed in the aggregate, harmed competition. Under either theory, the result is the same: Defendants jointly used Rainmaker to inflate hotel room prices in violation of the Sherman Act.

On March 27, 2023, Defendants filed motions to dismiss Plaintiffs' complaint (ECF Nos. 91, 92). Plaintiffs filed their oppositions to those motions on May 11, 2023 (ECF Nos. 109, 110), and Defendants' replies are due June 12, 2023. On May 8, 2023, following several meet and confers between the parties, Plaintiffs also served Defendants with their first set of interrogatories and requests for production.[7] At the same time, Plaintiffs proposed that, rather than proceed with full discovery, Defendants instead commit to the following during the pendency of their motions to dismiss:

>  (1) By July 10, Defendants answer all Interrogatories and produce documents in response to RFP Nos. 1, 3 and 4, 52–54 (for Hotel Operators), and RFP Nos. 1, 3, 4 and 5, 46–47 (for Cendyn and Rainmaker); and
>
>  (2) The parties negotiate the other RFPs' responses and objections, search terms, and custodians, with the aim of concluding negotiations by October 9, 2023.

Defendants rejected this proposal and proceeded to file the present motion to stay.

### III.   LEGAL STANDARD

A court may stay discovery only upon showing of "good cause" by the moving party. Fed. R. Civ. P. 26(c)(1). However, "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending,"[8] and "[a]bsent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed."[9] Consistent with this, "[b]lanket stays of discovery pending

---

[7] *See* Decl. of Brendan McShane (ECF No. 114-1), Exs. A–E.

[8] *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).

[9] *Trzaska v. Int'l Game Tech.*, No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011).

PLS.' OPP'N TO CERTAIN DEFS.'
MOT. TO PARTIALLY STAY DISCOVERY - 3
No. 2:23-cv-00140-MMD-DJA



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

resolution of a dispositive motion are generally disfavored in this Circuit."[10] "Ordinarily, a pending motion to dismiss is not a situation that would mandate a stay of discovery."[11]

"[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied", and "must show a particular and specific need for the protective order [staying discovery]."[12] "[B]road or conclusory statements concerning the need for protection are insufficient."[13] "The fact that conducting discovery while a potentially dispositive motion is pending may involve inconvenience or expense is not sufficient, standing alone, to impose a stay of discovery."[14] Specifically, discovery may be stayed when: (1) a pending motion is potentially dispositive; (2) that motion can be decided without additional discovery; and (3) the court has taken a "preliminary peek" at the merits of the motion and is "convinced that the plaintiff will be unable to state a claim for relief."[15] These are not "factors" to be weighed but instead requirements that must be met; "a movant cannot prevail on a motion to stay under *Kor Media* if she fails to establish any of the three requirements."[16]

"At the 'preliminary peek' stage, the court does not prejudge the outcome of the underlying motion to dismiss because, ultimately, the district judge might 'have a different view

---

[10] *Wash. v. U.S. Dep't of Homeland Sec.*, No. 4:19-cv-5210-RMP, 2020 WL 4667545, at *2 (E.D. Wash. June 4, 2020); *see also Otey v. CrowdFlower, Inc.*, No. 12-cv-05524-JST, 2013 WL 1915680, at *1 (N.D. Cal. May 8, 2013) (motions to stay "are disfavored because discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the future.") (internal citation and quotation omitted).

[11] *Holiday Sys.*, 2012 WL 3860824, at *2.

[12] *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013)

[13] *Id.*

[14] *Underwood v. O'Reilly Auto Enterprises*, LLC, No. 2:21-cv-01766-GMN-NJK, 2023 WL 1795857, at *1 (D. Nev. Feb. 7, 2023); *see also Trzaska*, 2011 WL 1233298, at *4 ("[M]otions to dismiss are a frequent part of federal practice. In the post *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) era, this statement is even more true. An overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases.") (citing *Gray v. First Winthrop Corporation*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)).

[15] *Adelson*, 2020 WL 2114352, at *4 (citing *Kor*, 294 F.R.D. at 581); *Joshco*, 2020 WL 10574932, at *1 (applying "preliminary peek" test).

[16] *Adelson*, 2020 WL 2114352, at *4 n.6.



of the merits[.]'"[17] It is not sufficient that a pending motion to dismiss may have merit; instead, a motion to stay may be granted only where there is "*no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort."[18] This standard is "onerous"[19] and "not easily met,"[20] and "a stay of discovery should be ordered only 'if the court is 'convinced' that a plaintiff will be unable to state a claim for relief.'"[21] Courts in this district "require[] this robust showing because applying a lower standard would likely result in unnecessary delay in many cases."[22]

## IV.   ARGUMENT

### A.   Defendants' confidence in their litigation position is not a sufficient basis for a stay.

Defendants argue that a "preliminary peek" into their motion to dismiss (ECF No. 91) demonstrates that Plaintiffs' complaint is fatally deficient and should be dismissed in its entirety. Mot. at 5. Unsurprisingly, Plaintiffs disagree and believe Defendants' motion misses the mark. Defendants simply rehash here the arguments from their motion to dismiss briefing. Plaintiffs rebut these arguments in their opposition to Defendants' motion (ECF No. 109), where they note, among other things, Defendants' failure to meaningfully grapple with either:

1) the well-pled facts in Plaintiffs' complaint, including detailed evidence supporting the plausible inference that Hotel Operators knew both (a) that their fellow Operators use Rainmaker and (b) that "cooperation"—i.e., the common use of Rainmaker to sustain inflated prices and prevent undercutting by non-users—"was essential to the successful operation of the plan"[23] (*see* ECF No. 109 at 6–9, 21–23); or

2) the legal theories underlying Plaintiffs' Section 1 claim, most notably longstanding caselaw establishing that Defendant Hotel Operators' common assent to use Rainmaker with knowledge of its anticompetitive effects is sufficient to state a claim under Section 1 of the Sherman Act (*see generally id.* at 6–15). Defendants also generally ignore the fact that Plaintiffs plausibly plead, in the alternative, a rule of reason claim based on a set of vertical agreements between Rainmaker and Defendant Operators (*see id.* at 15–21).

---

[17] *Id.* at *5 (quoting *Tradebay*, 278 F.R.D. at 603).

[18] *Id.* (emphasis in original).

[19] *Id.* at *5.

[20] *Kor*, 294 F.R.D. at 583.

[21] *Adelson*, 2020 WL 2114352 at *5 (quoting *Kor*, 294 F.R.D. at 583).

[22] *In re J&J*, 2022 WL 4536948, at *1.

[23] *See generally Interstate Cir. v. United States*, 306 U.S. 208, 226–227 (1939).

PLS.' OPP'N TO CERTAIN DEFS.'
MOT. TO PARTIALLY STAY DISCOVERY - 5
No. 2:23-cv-00140-MMD-DJA



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Critically, for the purposes of this motion, Plaintiffs respectfully submit that the motion to dismiss briefing raises complex factual and legal issues that cannot be resolved—much less with "no question in the court's mind" that Defendants will prevail—with a "peek." Instead, "[i]n essence, Defendants have done more than to argue in conclusory fashion that [their] motion to dismiss will succeed."[24] But this "idle speculation," absent more, "does not satisfy Rule 26(c)'s good cause requirement"[25] much less the "onerous" standard in this district—and if taken seriously would mandate a stay in any case where a defendant files a non-frivolous dispositive motion. This is not the standard. To the contrary, as a court in this district has emphasized, "[i]t bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is not enough to warrant staying discovery."[26] Similarly, as the court in *CDS* explained:

> The explosion of Rule 12(b)(6) motions in the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.C. 1937 (2009), has made speedy determinations of cases increasingly more difficult .... The fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.[27]

More broadly, courts in this district generally stay discovery only "when jurisdiction, venue, or immunity are preliminary issues,"[28] or where a preliminary peek reveals that "the

---

[24] *United States v. CDS, P.A.*, No. 4:14-cv-00301-BLW, 2015 WL 5257132, at *1 (D. Idaho Sept. 3, 2015); *see also Zervas v. USAA Gen. Indem. Co.*, No. 2:18-cv-00051-JAD-EJY, 2020 WL 2840146, at *5 (D. Nev. June 1, 2020) ("Motions for summary judgment are frequently part of federal practice and an overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases. Delay of Defendant's claims adjuster's deposition here, based on Defendant's confidence that it will prevail on its third summary judgment motion, would be application of such an overly lenient standard.") (internal citation and quotation marks omitted).

[25] *Id.*

[26] *In re J&J*, 2022 WL 4536948, at *1; *see also Holiday Sys.*, 2012 WL 3860824, at *2 ("Ordinarily, a pending motion to dismiss is not a situation that would mandate a stay of discovery.").

[27] *Id.* (internal citation and quotation marks omitted) (alteration in original).

[28] *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("[A] pending [m]otion to [d]ismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery," "[c]ommon examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues."); *see also Peeler v. State Farm Mut. Auto. Ins. Co.*, No. 2:17-cv-02735-JAD-DJA, 2020 WL 12752802, at *1 (D. Nev. June 26, 2020) (Albregts, M.J.) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. However, preliminary issues such as



complaint was utterly frivolous, or filed merely for settlement value,"[29] and otherwise routinely deny motions to stay where a Rule 12(b)(6) motion is pending,[30] including in antitrust cases.[31]

Remarkably, nowhere in their briefing do Defendants acknowledge (much less argue) the "no question" standard that governs the Court's "preliminary peek" analysis here. To the contrary, they argue that, because this is an antitrust case, a different—and substantially less demanding—standard should apply, and suggest that *Twombly* requires routine (if not automatic) discovery stays in antitrust matters. *See* Mot. at 6–7. Not only is this plainly contrary to caselaw in this district; it is also a misreading of *Twombly*, which "did not hold, implicitly or otherwise, that discovery in antitrust actions is stayed or abated until after a complaint survives a Rule 12(b)(6) challenge."[32] Instead, *Twombly* announced a pleading standard, and courts in the post-

---

jurisdiction, venue, or immunity are common situations that may justify a stay.") (internal citation and quotation omitted); *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, No. 2:14-cv-00108-JCM-NJK, 2014 WL 12707483, at *1 (D. Nev. July 18, 2014) ("[T]he Court applies different standards depending on the type of dispositive motion brought. Where the underlying motion to dismiss is brought pursuant to Rule 12(b)(6) for failure to state a claim, a stay is proper when the Court is *convinced* that the plaintiff will be unable to state a claim. This is a very rigorous standard that is only met when there is no question that the dispositive motion will be granted. Where the underlying motion to dismiss is brought pursuant to Rule 12(b)(2) for lack of personal jurisdiction, a less rigorous standard is applied as courts are more inclined to stay discovery pending resolution of a motion to dismiss challenging personal jurisdiction because it presents a critical preliminary question.") (internal citation and quotation omitted) (emphasis in original).

[29] *Trazka*, 2011 WL 1233298, at *2–3 (quoting *Turner*, 175 F.R.D. at 556); *see also CDS*, 2015 WL 5257132, at *2 (rejecting motion to stay where, based on "preliminary look," complaint did not appear "glaringly deficient" or "completely wanting").

[30] *See, e.g.*, *In re J&J*, 2022 WL 4536948, at *1 (denying motion to stay); *Salvador v. GEICO Gen. Ins. Co.*, No. 2:20-cv-00798-RFB-BNW, 2020 WL 5898780, at *3 (D. Nev. Oct. 5, 2020) (same); *Bank of Am., N.A. v. Treo N. & S. Homeowners' Ass'n, Inc.*, No. 2:16-cv-00845-MMD-NJK, 2017 WL 7037738, at *1 (D. Nev. Aug. 30, 2017); *Bank of New York Mellon v. Imagination N. Landscape Maint. Ass'n*, No. 2:16-cv-00383-MMD-NJK, 2017 WL 8682377, at *1 (D. Nev. Aug. 14, 2017) (same); *Christensen v. Ocwen Loan Servicing, LLC*, No. 2:16-cv-01200-GMN-NJK, 2016 WL 9558936, at *1 (D. Nev. Aug. 17, 2016) (same); *CC.Mexicano.US*, 2014 WL 12707483, at *1 (same).

[31] *See Adelson*, 2020 WL 2114352, at *11 (in antitrust matter, holding that "just, speedy, and inexpensive determination of this matter is not served by a discovery stay.").

[32] *In re Flash Memory Antitrust Litig.*, No. C-07-00086-SBA, 2008 WL 62278, at *3 (N.D. Cal. Jan. 4, 2008) ("While the *Twombly* Court was certainly concerned with the expense of discovery in antitrust cases, its resolution of this concern was to require plaintiffs to plead non-conclusory, factual allegations giving rise to a plausible claim or claims for relief. The Court did not hold, implicitly or otherwise, that discovery in antitrust actions is stayed or abated until after a complaint survives a Rule 12(b)(6) challenge. Such a reading of that opinion is overbroad and unpersuasive.") (internal citation omitted).



*Twombly* era regularly deny discovery stays pending dispositive motions.[33] Defendants also cite *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) for the proposition that it "'defies common sense' to permit discovery in an antitrust case before determining whether a plaintiff can state a claim." Mot. at 6. But *Rutman* is inapposite, as the Ninth Circuit in that case addressed whether it was an abuse of discretion for the district court to dismiss the plaintiff's claims without first permitting discovery[34]—not whether discovery should be stayed pending resolution of a motion to dismiss.

Defendants cite several antitrust cases in which courts have stayed discovery pending motions to dismiss. Mot. at 7–8. Tellingly, however, not one of these cases was decided in this district, which applies a significantly more stringent ("no question") standard to motions to stay than do courts in the decisions cited.[35] Defendants also ignore the fact that Magistrate Judge Weksler recently rejected precisely the same arguments raised here, denying defendants' request to stay discovery pending "potentially dispositive" motions to dismiss filed in an antitrust case in this district:

---

[33] *Crownalytics, LLC v. SPINS, LLC*, No. 1:22-cv-1275-NYW-SKC, 2022 WL 17416656, at *2 (D. Colo. Dec. 5, 2022) ("But the Court is unconvinced discovery in this antitrust case deserves any special recognition warranting a stay."); *Adelson*, 2020 WL 2114352, at *11 (D. Nev. May 4, 2020); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV-09-01531-PHX-JAT, 2010 WL 3034880, at *1 (D. Ariz. Aug. 3, 2010) (denying "[d]efendants' request to stay discovery on the antitrust claim").

[34] *Rutman Wine*, 829 F.2d 729 at 738.

[35] For instance, Defendants cite various decisions from the Northern District of California in which courts applied a less stringent, two-prong test to stay requests that asks only (1) whether a motion will dispose of a pending case and (2) whether the motion can be decided without further discovery. *See Arcell v. Google LLC*, No. 5:22-cv-02499-EJD, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (applying this test and staying discovery where plaintiffs sought "limited" discovery consisting of depositions, among other things, of the CEOs of Apple and Google); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-cv-00363-BLF, 2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020) (applying same test). The other district courts Defendants cite as authority likewise employ less stringent standards. *Top Rank, Inc. v. Haymon*, No. CV-15-4961-JFW (MRW), 2015 WL 9952887, at *1 (C.D. Cal. Sept. 17, 2015) (applying five-part balancing test); *Mitchell Int'l, Inc. v. HealthLift Pharmacy Servs., LLC*, No. 2:19-cv-000637, 2022 WL 111126, at *2 (D. Utah Jan. 12, 2022) (five-part balancing test); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-cv-249, 2011 WL 4345432, at *2 (N.D. Ind. Sept. 15, 2011) ("A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue, such as a challenge to plaintiff's standing.").

PLS.' OPP'N TO CERTAIN DEFS.'
MOT. TO PARTIALLY STAY DISCOVERY - 8
No. 2:23-cv-00140-MMD-DJA



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

  Defendants' final arguments center around the costly, burdensome discovery that lies ahead if the Court declines to issue a stay. They urge that both the Supreme Court and Ninth Circuit have endorsed barring discovery in the antitrust context until there is a likelihood that plaintiffs can construct a claim. Further, defendants argue that the now-stayed claims in the state court action justify a stay of discovery here.

  Antitrust actions, as defendants point out, can result in prohibitive discovery costs. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). However, "[t]he fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery." *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013). Further, a discovery stay is, in some ways, directly at odds with the need for expeditious resolution of litigation.[36]

  Defendants likewise ignore that, unlike the parties in many of the cases cited in their brief, Plaintiffs do not propose that the parties begin full discovery now. Instead, Plaintiffs propose that, while their motions to dismiss are pending, Defendants respond only to a limited, minimally burdensome subset of Plaintiffs' discovery requests. This proposal (discussed in more detail below) is aimed at putting the parties in position to quickly begin full discovery if Defendants' motions to dismiss are denied. Thus, even under the less demanding standard employed by certain courts outside this district, Defendants' request fails. To the contrary, a stay would be inefficient and contrary to the purposes of Rule 1.

**B. Plaintiffs seek limited and minimally burdensome discovery aimed at advancing this litigation quickly if Defendants' motions to dismiss are denied.**

  Plaintiffs served discovery requests on Defendants on May 8 consisting of (a) 54 RFPs and six interrogatories to Defendant Hotel Operators and (b) 47 RFPs and 8 interrogatories to Defendants Rainmaker and Cendyn. On the same day, they made the following proposal:

  (1) By July 10, Defendants answer all Interrogatories and produce documents in response to RFP Nos. 1, 3 and 4, 52–54 (for Hotel Operators), and RFP Nos. 1, 3, 4 and 5, 46–47 (for Cendyn and Rainmaker); and

  (2) The parties negotiate the other RFPs' responses and objections, search terms, and custodians, with the aim of concluding negotiations by October 9, 2023.

  In other words, Plaintiffs ask that Defendants respond to just six RFPs and between six and eight interrogatories, and meanwhile engage in good faith negotiation aimed at laying the groundwork for discovery to begin quickly, and proceed efficiently, if Defendants' motion to

---

[36] *Adelson*, 2020 WL 2114352, at *10.

PLS.' OPP'N TO CERTAIN DEFS.'
MOT. TO PARTIALLY STAY DISCOVERY - 9
No. 2:23-cv-00140-MMD-DJA



dismiss is denied. Plaintiffs' proposal allows for targeted discovery of core documents while using the time that the dispositive motions are pending to work through objections, negotiate discovery protocols, and narrow disputes so that further discovery can proceed with minimal Court intervention in the event Defendants' motions to dismiss are denied.

Specifically, for Hotel Operators, Plaintiffs are requesting that Defendants engage in a go-get process to collect only the following narrow set of core documents. Plaintiffs are willing to limit the scope of all of these RFPs to "sufficient to show" documents collected from central file locations while the motions to dismiss are pending:

- Organizational charts (RFP 1);
- Documents sufficient to show meetings that Hotel Operators had with Rainmaker Entities (RFP 3);
- Documents sufficient to show terms of contracts that Hotel Operators had with Rainmaker Entities (RFP 4);
- Documents sufficient to show Hotel Operators' knowledge of other Hotel Operators' participation in Rainmaker (RFPs 52–54).

For the Rainmaker Entities, the Plaintiffs are again requesting only the following categories of documents be produced:

- Organizational charts (RFP 1);
- Documents sufficient to show the terms of Hotel Operators' usage of Rainmaker's pricing software (RFP 3);
- Documents sufficient to show meetings that Rainmaker held with Defendant Hotel Operators (RFP 4);
- Documents sufficient to show the terms of the acquisition agreement reached between Cendyn Group, LLC and The Rainmaker Group Unlimited, Inc., announced by Cendyn Group LLC in August 2019 (RFP 5);
- Documents sufficient to show Rainmaker's communication with Hotel Operators related to the participation of other Hotel Operators in the Pricing Algorithms (RFPs 46–47).

Under Plaintiffs' schedule, at the time of the Court's ruling on the pending motions, Defendants other than MGM will have already produced core discovery, and the parties will have (1) teed up disputes on the remaining discovery, if any, and (2) have in hand a working ESI protocol and protective order to allow for document production. Thus, at that moment of the

PLS.' OPP'N TO CERTAIN DEFS.'
MOT. TO PARTIALLY STAY DISCOVERY - 10
No. 2:23-cv-00140-MMD-DJA



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

ruling, discovery will be allowed to proceed in earnest and without further delay. This is an efficient, and proportional, path forward.

Defendants make sweeping claims about burden. Mot. at 8. But in an apparent attempt to dramatize these claims, Defendants repeatedly conflate the burden of responding to full discovery with the burden of responding to the substantially more limited discovery proposal actually before the Court. Defendants nowhere note, for example, that of the just six RFPs Plaintiffs propose for pre-motions to dismiss discovery, several are "sufficient to show" requests.[37] As noted above, Plaintiffs are also willing to similarly limit all requests for pre-motion to dismiss productions (i.e., limit the scope of all of the above RFPs to "sufficient to show" documents).

Furthermore, as Plaintiffs made clear during the Rule 26(f) process, Plaintiffs are willing to limit the pre-motion to dismiss document collection process to centralized locations and are not asking Defendants to engage in any custodial ESI collections before the Court rules on Defendants' motions to dismiss. This is appropriate because the RFPs are focused on a limited universe of Defendants' documents—generally, documents related to either (1) Hotel Operators' awareness of other Operators' use of Rainmaker or attendance at Rainmaker meetings; or (2) Rainmaker Defendants' communication of Hotel Operators' participation status (e.g., use) of Rainmaker's algorithms to other Operator Defendants. Plaintiffs' proposed interrogatories are similarly limited, and generally seek basic information about (a) Hotel Operators' use of Rainmaker algorithms, (b) the services Rainmaker provided (including the data it required from Operators), and (c) Operators' attendance at any meetings organized, hosted, or coordinated by Rainmaker. Plaintiffs narrowly tailored these requests with the aim of streamlining and clarifying subsequent, and more granular, negotiations, e.g., negotiations regarding search terms and custodians.

Defendants' protests also run contrary to Rule 1's objectives. Defendants object, for example, to negotiating responses and objections, search terms, or custodians because this

---

[37] *See* RFP Nos. 1 and 4 to Hotel Operators; RFP Nos. 1, 3, 4, and 5 to Cendyn/Rainmaker.



process will entail some amount of internal investigation and document analysis. Mot. at 9–10. But this is true of discovery in nearly all litigation—not just this case—and courts in this district have long held that "inconvenience and expense [are] not sufficient, standing alone, to support a stay of discovery."[38] Once again, the thrust of Defendants' argument is that, because a motion to dismiss is pending, they should not yet have to shoulder the routine burdens of early discovery negotiation. As explained above, this argument has been repeatedly rejected by courts in this district, which require "extraordinary circumstances"[39] to delay discovery.

Finally, Defendants devote a section of their brief to arguing that Plaintiffs "cannot try to discover their way into a viable complaint." Mot. at 10–11. But that is not what Plaintiffs are trying to do here; Plaintiffs' position is that their complaint satisfies Rule 8, that Defendants' motions to dismiss should fail, and that the purposes of Rule 1 are furthered by permitting limited discovery while Defendants' motions to dismiss are pending. Defendants also cite several cases for the proposition that Plaintiffs must satisfy Rule 8 "before the discovery stage, not after it." *Id.* at 10. However, in these cases (unlike here) plaintiffs admitted fatal factual deficiencies in their pleadings and sought discovery for the express purpose of obtaining facts that would allow them to satisfy Rule 8.[40] In other words, they openly admitted flunking the "preliminary peek" test." Once again, this authority says nothing about, and does not modify or displace, the rule that "[a]bsent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed."[41]

---

[38] *Long*, 2012 WL 2076842, at *1 (citing *Turner*, 175 F.R.D. at 556); *see, e.g.*, *Joshco*, 2020 WL 10574932, at *1 (same); *see also Lockyer*, 398 F.3d at 1112 ("[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity.").

[39] *Trzaska*, 2011 WL 1233298, at *3.

[40] *See Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (Plaintiffs' counsel "represented to the court at oral argument . . . that he could not say that Plaintiffs would be able to amend their complaint . . . with the specificity required by *Iqbal*, absent discovery"); *Duffy v. ASNY NY, LLC*, No. 2:21-cv-01680-APG-DJA, 2022 WL 1785395, at *1 (D. Nev. May 31, 2022) (stay of discovery proper where "Plaintiffs argued . . . that they 'are unable to level allegations with any further specificity as to each Defendant without discovery'" and Defendants' motion to dismiss was "likely meritorious" under "preliminary peek" standard).

[41] *Trzaska*, 2011 WL 1233298, at *3.

PLS.' OPP'N TO CERTAIN DEFS.'
MOT. TO PARTIALLY STAY DISCOVERY - 12
No. 2:23-cv-00140-MMD-DJA



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE     (206) 623-0594 FAX

**C.    A stay would prejudice Plaintiffs and cause substantial delay.**

Defendants argue that Plaintiffs will suffer no prejudice from a stay. But "a discovery stay is, in some ways, directly at odds with the need for expeditious resolution of litigation."[42] A look at Defendants' proposed schedule (included in the parties' recently filed discovery plan[43]) also shows this claim to be false. Specifically, Defendants' request to delay discovery negotiations until after the motions to dismiss are resolved results in their proposed schedule being at once much *longer* than Plaintiffs' proposed schedule (by 110 days) while also condensing the core time period for discovery to just 95 days (the period from substantial completion of production of documents until the close of fact discovery)—a small fraction of the time necessary for a case of this size and complexity.[44] In other words, Defendants' proposal would doubly prejudice Plaintiffs: on one hand, by unnecessarily extending the schedule; and on the other, by leaving Plaintiffs just three months (95 days) to review Defendants' documents largely from scratch (likely millions) and take depositions of all Defendant witnesses (likely dozens). This is neither "just" nor "speedy." A stay here would also be particularly prejudicial because Plaintiffs seek to enjoin Defendants' conduct and its ongoing anticompetitive effects.[45]

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to stay.

---

[42] *Salvador*, 2020 WL 5898780, at *6 (citing *Ministerio*, 288 F.R.D. at 502); *Adelson*, 2020 WL 2114352, at *10 (same).

[43] *See* Proposed Discovery Plan and Scheduling Order (ECF No. 111) at 5–9.

[44] *See id*. Specifically, under Defendants' proposal, the deadline for substantial completion would fall 270 days after resolution of the motion to dismiss, and the discovery cut-off date would be 365 days after resolution of the motion to dismiss. *Id.* at 8. Assuming Defendants produce most of their documents at or around the substantial completion deadline—a common feature of complex litigation—that would leave just 95 days for Plaintiffs to review the majority of Defendants' documents and take depositions.

[45] *See* Compl. (ECF No. 1), Request for Relief; *Del Vecchio v. Amazon.com*, No. C11-0366RSL, 2011 WL 1585623, at *1 (W.D. Wash. Apr. 27, 2011) (denying stay and observing that "[a]ctions seeking injunctive relief typically require more expeditious resolution"); *see also Montez v. Chase Home Fin. LLC*, 2011 WL 2729445, at *2 (S.D. Cal. July 13, 2011) (denying stay because "a stay would harm Plaintiffs and members of the putative class . . . because Plaintiffs not only seek damages, but also injunctive relief" to prevent ongoing harm).


1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

DATED: June 5, 2023

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
   Steve W. Berman (*pro hac vice*)
Ted Wojcik (*pro hac vice*)
Stephanie A. Verdoia (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
T: (206) 623-7292
F: (206) 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com
stephaniev@hbsslaw.com

Rio S. Pierce (*pro hac vice*)
Abby R. Wolf (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
T: (510) 725-3000
F: (510) 725-3001
riop@hbsslaw.com
abbyw@hbsslaw.com

Rahul Ravipudi,
Nevada Bar No. 14750
Adam Ellis
Nevada Bar No. 14514
Ian P. Samson
Nevada Bar No. 15089
PANISH SHEA BOYLE RAVIPUDI LLP
300 S. 4th Street, Suite 710
Las Vegas, NV 89101
T: (702) 560-5520
F: (702) 975-2515
rravipudi@psblaw.com
aellis@psblaw.com
isamson@psblaw.com

PLS.' OPP'N TO CERTAIN DEFS.'
MOT. TO PARTIALLY STAY DISCOVERY - 14
No. 2:23-cv-00140-MMD-DJA



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Brian J. Panish
Nevada Bar No. 16123
PANISH SHEA BOYLE RAVIPUDI LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025
T: (310) 477-1700
F: (310) 477-1699
panish@psbrlaw.com

*Counsel for Plaintiffs and the Proposed Class*

PLS.' OPP'N TO CERTAIN DEFS.'
MOT. TO PARTIALLY STAY DISCOVERY - 15
No. 2:23-cv-00140-MMD-DJA



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED:  June 5, 2023                             */s/ Steve W. Berman*
                                                                    Steve W. Berman

PLS.' OPP'N TO CERTAIN DEFS.'
MOT. TO PARTIALLY STAY DISCOVERY - 16
No. 2:23-cv-00140-MMD-DJA



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX