**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
Ted Wojcik (*pro hac vice*)
tedw@hbsslaw.com
Stephanie A. Verdoia (*pro hac vice*)
stephaniev@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Rio S. Pierce (*pro hac vice*)
riop@hbsslaw.com
Abby R. Wolf (*pro hac vice*)
abbyw@hbsslaw.com
715 Hearst Ave, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

**PANISH SHEA BOYLE RAVIPUDI LLP**
Brian J. Panish, NV Bar No. 16123
panish@psbr.law
Rahul Ravipudi, NV Bar No. 14750
rravipudi@psbr.law
Adam Ellis, NV Bar No. 14514
aellis@psbr.law
Ian Samson, NV Bar No. 15089
isamson@psbr.law
300 S. Fourth Street, Suite 710
Las Vegas, NV 89101
Telephone: (702) 560-5520

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD GIBSON, and HERIBERTO VALIENTE,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MGM RESORTS INTERNATIONAL, CENDYN GROUP, LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC,<br><br>　　　　　Defendants. | No. 2:23-cv-00140-MMD-DJA<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MGM RESORTS INTERNATIONAL'S JOINDER TO DEFENDANTS' JOINT MOTION TO STAY DISCOVERY AND MOTION TO STAY DISCOVERY** |

PLS.' OPP'N TO MGM'S JOINDER MOT. AND
MOT. TO STAY
No. 2:23-cv-00140-MMD-DJA

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**TABLE OF CONTENTS**

**Page**

I. Introduction ...................................................................................................................... 1

II. Argument .......................................................................................................................... 2

    A. MGM does not carry its heavy burden under the preliminary peek standard. ................................................................................................................ 2

        1. MGM misapprehends the preliminary peek standard. .............................. 2

        2. Plaintiffs have plausibly alleged MGM's participation in the conspiracy. ................................................................................................. 4

    B. MGM has not shown good cause to stay all MGM discovery. .............................. 6

    C. MGM's refusal to participate in any discovery underscores why the Court should grant Plaintiffs' Proposed Discovery Schedule ........................................... 7

III. Conclusion ........................................................................................................................ 8



## I. INTRODUCTION

The reasons detailed in Plaintiffs' jointly filed Opposition to Certain Defendants' Motion to Stay Discovery apply with equal force to MGM Resort International's Joinder and separate Motion to Stay Discovery (collectively, "MGM's Motion"), ECF Nos. 115, 116.[1] MGM's Motion should be denied, and the limited discovery Plaintiffs have requested should be allowed to proceed in order to avoid undue delay and prejudice to the proposed class.[2]

MGM's Motion should be denied for several independent reasons.[3] First, MGM does not correctly convey the preliminary peek standard the Court is to consider when deciding a motion to stay discovery, which is a high bar. Second, MGM continues to overlook the aspects of Plaintiffs' complaint that have sufficiently pled MGM's participation in the conspiracy. Ultimately, MGM's conclusory arguments do not make the strong showing necessary to support its requested stay of all discovery.[4]

Unlike the other Defendants, MGM is refusing to participate in any discovery while the motions to dismiss are pending, which significantly disrupts even the schedule that the other Defendants have proposed. MGM's untenable discovery position underscores why the Court should adopt Plaintiffs' Proposed Discovery Schedule. Plaintiffs' Proposed Discovery Schedule enables the time period during the pendency of the motions to dismiss to be used as a foundation

---

[1] Plaintiffs adopt those arguments in full as well as oppose MGM's Motion for the reasons contained herein.

[2] Plaintiffs' Proposed Discovery Schedule is outlined in the Joint Proposed Discovery Plan and Scheduling Order, ECF No. 111.

[3] MGM's separate motion (ECF No. 116) can also be denied on procedural grounds because MGM failed to include a meet and confer a "declaration setting forth the detail and results of the meet-and-confer conference about each disputed discovery request" as required by Local Rule 26-6(c) and Local Rule IA 1-3(f). *See Howard v. United States of America*, 2:22-cv-01004-JAD-DJA, Minute Order (D. Nev. Apr. 21, 2023), ECF No. 39, (denying defendants' motion to stay discovery for failure to include a declaration of a meet and confer) (Albregts, M.J.); *see also Malco Enterprises of Nevada, Inc. v. Chen*, 2:22-cv-01303-CDS-DJA, Minute Order (D. Nev. Jan. 20, 2023) (Albregts, M.J.) (denying defendants' motion to stay discovery for the appearance of a failure to meet and confer); *compare* ECF No. 114-1 at ¶ 6 (discussing the *moving* parties' meet and confer efforts) *with* ECF No. 111 at 10–11 (Briefing Schedule on Defendants' Motion to Stay in which the Parties' schedule contemplates only a single motion).

[4] *TNG Entm't, LLC v. Wynn Las Vegas, LLC*, No. 2:15-cv-00933-RFB-CWH, 2015 WL 5562701, at *1–*2 (D. Nev. Sept. 21, 2015) (denying a motion to stay discovery).

PLS.' OPP'N TO MGM'S JOINDER MOT. AND
MOT. TO STAY - 1
No. 2:23-cv-00140-MMD-DJA



for full discovery. Plaintiffs' proposal utilizes the pendency of the motions as a ramp-up phase, in which the Parties exchange initial disclosures and information to facilitate later discovery, agree on procedures for discovery, and Defendants would only need to produce documents which could be obtained by "Go-Gets," meaning documents that could be obtained from specific known locations, without the need for search terms or technologically assisted review.[5]

This compromise balances the competing interests pending the decisions on potentially dispositive motions while appropriately taking into account Plaintiffs' right to discovery and Federal Rule of Civil Procedure 1's directive that cases be "administered . . . by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

## II.   ARGUMENT

### A.   MGM does not carry its heavy burden under the preliminary peek standard.

Because MGM adopts in full the arguments of the other Defendants' motion, MGM's Motion similarly misstates or misapprehends the correct standard for the Court's preliminary peek evaluation. MGM's Motion also separately fails for ignoring the well-pleaded allegations describing MGM's participation in the conspiracy.

#### 1.   MGM misapprehends the preliminary peek standard.

Contrary to MGM's assertion (MGM Motion at 4), motions to stay discovery are routinely denied.[6] Movants seeking to stay discovery in the district must meet "a heavy burden."[7]

---

[5] Plaintiffs have consistently maintained that to the extent certain of the currently designated Go-Get requests could not be discovered in such a manner that Plaintiffs would be willing to modify the request such that it is or to drop such request until after the resolution of the pending motions, but Defendants did not provide any such information during the meet and confer process.

[6] *Wynn Las Vegas, LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 2:20-cv-00832-JCM-BNW, 2021 WL 1738870, at *4 (D. Nev. Apr. 30, 2021); *Tonkawa Tribe of Indians of Okla. v. Sci. Games Corp.*, No. 2:20-cv-01637-GMN-BNW, 2021 WL 1617255, at *3 (D. Nev. Apr. 23, 2021) (denying a motion to stay discovery in antitrust class case involving casinos); *Edwards v. Juan Martinez, Inc.,* No. 2:20-cv-00570-JAD-EJY, 2020 WL 5648319, at *10 (D. Nev. Sept. 22, 2020); *Joshco Tech, LLC v. Eagle Rising Veteran Consulting, LLC*, No. 220-cv-00451-RFB-DJA, 2020 WL 10574932, at *2 (D. Nev. Sept. 7, 2020)(Albregts, M.J.); *Maldonado v. HSBC Mortg. Servs., Inc.*, No. 2:16-cv-784-JAD-VCF, 2017 WL 131744, at *2 (D. Nev. Jan. 10, 2017).

[7] *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).



"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."[8] Generally, a dispositive motion does not warrant a stay of discovery.[9] Discovery should proceed absent a "strong showing" to the contrary.[10] As articulated in the simultaneously filed Opposition to Certain Defendants' Motion to Partially Stay Discovery (Sec. III), the District of Nevada employs "a fairly strict standard for granting stays of discovery pending the decision on a potentially dispositive motion that asserts that plaintiff is unable to state a valid claim for relief."[11] This requires that "there must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort."[12] This particular part of the preliminary standard requires a level of certainty that MGM's Motion does not even ostensibly try to meet. Many other cases show that a movant cannot proceed on so little a showing.[13]

Here, courts in this District applying the standard will deny motions to stay discovery when they are "not convinced after only a preliminary peek at the dispositive motions, that Plaintiffs cannot proceed on their claims in federal court" because, in those instances they are not

---

[8] *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

[9] *Id.* at 601.

[10] *Turner Broad. Sys., Inc.*, 175 F.R.D. at 556.

[11] *Kibbee v. Smith-Palluck Assocs. Corp.*, No. 2:18-cv-01848-APG-GWF, 2019 WL 8128149, at *4 (D. Nev. Mar. 7, 2019) (denying motion to stay discovery in a class action).

[12] *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013) (citing *Trzaska v. Int'l Game Tech.*, No. 2:10–cv–02268–JCM–GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011)) (emphasis in original).

[13] *See Gonzalez v. Allied Collection Servs., Inc.*, No. 2:16-cv-02909-MMD-VCF, 2017 WL 11694084, at *3 (D. Nev. Oct. 31, 2017) (denied because the court was "not convinced that [plaintiff] is unable to state a claim for relief."); *JP Morgan Chase Bank, N.A. v. 7290 Sheared Cliff Lane UN 102 Tr.*, No. 2:17-cv-00225-JCM-NJK, 2017 WL 11694412, at *2 (D. Nev. May 8, 2017) ("The Court is simply not convinced that either dispositive motion will be granted, such that conducting discovery will be a waste of effort.").



convinced "that conducting discovery will be a waste of effort."[14] Courts have emphasized this standard is a "stringent one" in order to prevent undue delay of discovery:

> Furthermore, it is important to note that, even if Defendant's motion to dismiss is granted, Plaintiff is likely to be given leave to file an amended complaint to cure the defects in his initial pleading. The standard required to stay discovery is a stringent one. Discovery would be unnecessarily delayed in too many cases if courts applied a lenient standard in staying all discovery while awaiting resolution of pending motions.[15]

MGM does not address and cannot meet this requirement,[16] and on that basis alone, the Court should deny MGM's Motion.

### 2. Plaintiffs have plausibly alleged MGM's participation in the conspiracy.

In practice, MGM's motion primarily relitigates its arguments in its separate motion to dismiss. But MGM continues to ignore the allegations Plaintiffs have pleaded in the complaint that are specific to MGM. Taking the factual allegations as true, and reading the complaint as a whole, Plaintiffs have adequately plead MGM's plausible participation in the alleged conspiracy. MGM's attempts to impose a heightened pleading requirement should not be permitted.[17] Plaintiffs have alleged that MGM is one of Cendyn's clients and uses its revenue management software. ¶ 28. The complaint describes that Confidential Witness 2, a former Rainmaker employee confirmed that "[Rainmaker was] just about in every hotel in the Strip," and this employee confirmed that "everybody knew who was using our system," ¶¶ 7, 16, and Confidential Witness 1, a former Rainmaker executive estimated that Rainmaker's products are

---

[14] *DML Advisors, Inc. v. Wang*, No. 2:22-cv-00856-RFB-BNW, 2022 WL 16823441, at *1 (D. Nev. Oct. 5, 2022) ("And, even if their pleadings are not sufficiently particular, Plaintiffs are likely correct that they will be given leave to amend. Accordingly, the Court is not convinced, after only a preliminary peek at the dispositive motions, that Plaintiffs cannot proceed on their claims in federal court.").

[15] *Uehara v. TD Bank*, No. 2:17-cv-00190-GMN-CWH, 2017 WL 6523483, at *3 (D. Nev. Nov. 15, 2017); *Nye v. Burberry Ltd.*, No. 2:16-cv-00702-RFB-CWH, 2016 WL 9496563, at *4 (D. Nev. Oct. 24, 2016) (holding the same for a class case).

[16] *United States of America v. South West Enterprise Holdings*, 2:21-cv-01663-CDS-DJA, ECF No. 44 at 1, 4 (D. Nev. Jan. 11, 2022) (denying a motion to stay discovery when the movant's "argument that a preliminary peek supports a stay is weak, amounting to a few sentences.") (Albregts, M.J.).

[17] *See* ECF No. 110 at 5.


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

used by *90%* of the hotels on the Las Vegas Strip, where MGM currently operates and owns eleven hotels. ¶ 7.

Plaintiffs have also alleged that in a March 17, 2015 press release, Rainmaker claimed MGM as a client.[18] Furthermore, Plaintiffs have alleged that The Cosmopolitan of Las Vegas—an MGM operated hotel—is highlighted as a "success story" on Cendyn's own website.[19] In this "success story" video, Colleen Birch, the Senior Vice President of Revenue Optimization at The Cosmopolitan, speaks directly about her experience using Rainmaker's programs, stating that "GroupRev is going to be an incredible complement to GuestRev, which we've been running since opening at the Cosmopolitan." She also comments that she is "excited" about using Rainmaker's forecasting functionality.[20]



---

[18] *See* ECF No. 110 at 9 and n.19 (citing Compl. ¶ 11 n.6, Nancy Evans, *The Rainmaker Group Acquires Revcaster LLC*, PRWEB (Mar. 17, 2015), https://www.prweb.com/releases/2015/03/prweb12587845.htm). This press release is incorporated by reference into Plaintiffs' complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

[19] Compl. ¶ 74 n.28. (citing *Cosmopolitan of Las Vegas success story*, CENDYN.COM (June 11, 2019), https://www.cendyn.com/customer-stories/cosmopolitan-las-vegas-success-story-rainmaker/.) This video is also incorporated by reference into Plaintiffs' complaint. *See Ritchie*, 342 F.3d at 908. While the video was published in 2019, prior to MGM operating the hotel in 2021, Confidential Witness 2 specifically referenced Rainmaker's Pricing Algorithms being used on the property during the class period, further supporting an inference of conspiracy. Compl. ¶ 22 ("CW2 confirmed that 'Caesars probably knew we were in the Cosmopolitan and vice versa.'")).

[20] Ms. Birch's public LinkedIn page states she worked at the Cosmopolitan from November 2009 through December 2022. https://www.linkedin.com/in/colleen-birch-a64aa23/.



MGM also misstates Plaintiffs' arguments regarding Rule 11, Mot. at 3. Plaintiffs were noting only that there is a meaningful difference between the argument MGM makes in its Separate Motion to Dismiss, that Plaintiffs have not sufficiently alleged MGM's individual participation in the conspiracy, and taking the position, via Rule 11 or other avenue, that any of Plaintiffs' specific factual allegations were inaccurate.[21] MGM disputes the inferences that may be drawn from those facts but does not challenge the factual allegations themselves. Thus, there remains no reason for the Court to depart from the normal pleading standard of accepting as true all of the factual allegations contained in the complaint.[22]

As described in Plaintiffs' Opposition to MGM's Separate Motion to Dismiss: the standard here is not whether MGM's own statements or activity in isolation would create a plausible inference of a conspiracy; the correct analysis is whether the totality of the facts, read in the light most favorable to Plaintiffs, are sufficient evidence to create a plausible inference that MGM participated in a conspiracy.[23]

**B.      MGM has not shown good cause to stay all MGM discovery.**

MGM has not articulated that good cause exists to stay all discovery, even the limited requests proposed by Plaintiffs' Proposed Discovery Schedule. MGM does not attempt to provide any specifics regarding the costs and time that will be incurred by participating in the limited, targeted discovery that Plaintiffs have proposed.[24] Instead, MGM states only that it would be "inappropriate to impose significant costs associated with discovery on MGM" but makes no attempt to explain those costs. Mot. at 2. Indeed, if MGM did not participate in the alleged conspiracy—which centers on the usage of Rainmaker—then its associated costs for

---

[21] ECF No. 110 at 8–9.

[22] *Id*. at n.18.

[23] *C.f. In re Coord. Pretrial Proceedings in Petrol. Prods. Antitrust Litig.*, 906 F.2d 432, 447 (9th Cir. 1990) (quoting Richard Rosner, Antitrust Law: An Economic Perspective 147 (Univ. Chi. Press 1976) ("[t]he fact that it is feasible . . . to communicate the necessary price information through press releases does not 'immunize the exchange of price information from legal sanction [where] the conditions of the market suggest that the exchange promotes collusive rather than competitive pricing.'")).

[24] *Wooters v. Experian Info. Sols.*, No. 2:22-cv-01691-CDS-BNW, 2023 WL 3584109, at *3 (D. Nev. May 22, 2023).



responding to the discovery requests, all of which centers on MGM's usage of Rainmaker, would be minimal. MGM also attempts to suggest without citation that the potential need to make changes to MGM's initial disclosures justifies MGM's unwillingness to comply with this discovery obligation. Mot. at 2.[25] Such conclusory suggestions of a burden are not a sufficient basis to delay Plaintiffs' discovery requests.[26]

C. **MGM's refusal to participate in any discovery underscores why the Court should grant Plaintiffs' Proposed Discovery Schedule.**

MGM's unwillingness to provide *any* discovery during the pendency of the motions to dismiss will only further compound the problems brought about by the compressed schedule proposed by Defendants other than MGM. MGM will not prepare initial disclosures, respond to a single interrogatory or request for production, nor will MGM participate in the preparation of an ESI Protocol.[27]

While MGM asserts without support that the year envisioned by Defendants other than MGM will be "ample" (Mot. at 2), that contention ignores that for all Defendants other than MGM, Plaintiffs would have at least received initial disclosures and organizational charts, whereas MGM would have to start all discovery from the very beginning with only a year for completion.[28]

Plaintiffs will not be able to even meaningfully work on (or contemplate) future MGM discovery during that period because MGM will not produce any discovery. Once discovery is lifted, MGM—and thus Plaintiffs—will be many months behind even the schedule proposed by Defendants other than MGM. MGM is also presently reserving the right to later provide comments to the ESI Protocol and Protective Order.[29] Meaningful changes to the ESI Protocol or

---

[25] However, this supposition is undermined by the Federal Rules of Civil Procedure, which by design, require supplementation. Fed. R. Civ. Pro. 26(e).

[26] *Tradebay*, 278 F.R.D. at 601 ("A showing that discovery may involve some inconvenience and expense does not suffice to establish good cause . . . .").

[27] ECF No. 111 at 13.

[28] ECF No. 111 at 5–9.

[29] ECF No. 111 at 24 ("MGM reserves the right to suggest modifications or revisions to the ESI Protocol and Protective Order.").

PLS.' OPP'N TO MGM'S JOINDER MOT. AND
MOT. TO STAY - 7
No. 2:23-cv-00140-MMD-DJA



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Protective Order months after Defendants other than MGM will have already produced documents similarly presents an unworkable alternative to Plaintiffs' proposal and serves to illustrate why the Court should adopt Plaintiffs' Proposed Discovery Schedule, which better employs time both during and after the pending motions to dismiss and is an overall more efficient schedule.[30]

### III.   CONCLUSION

For the reasons described herein, MGM's Joinder and Motion to Stay should be denied and Plaintiffs' limited discovery requests be allowed to proceed in its ordinary course.

DATED: June 5, 2023                                   Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

 /s/ Steve W. Berman
    Steve W. Berman (*pro hac vice*)
Ted Wojcik (*pro hac vice*)
Stephanie A. Verdoia (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
T: (206) 623-7292
F: (206) 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com
stephaniev@hbsslaw.com

Rio S. Pierce (*pro hac vice*)
Abby R. Wolf (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
T: (510) 725-3000
F: (510) 725-3001
riop@hbsslaw.com
abbyw@hbsslaw.com

---

[30] ECF No. 111 at 11–12.

Rahul Ravipudi,
Nevada Bar No. 14750
Adam Ellis
Nevada Bar No. 14514
Ian P. Samson
Nevada Bar No. 15089
PANISH SHEA BOYLE RAVIPUDI LLP
300 S. 4th Street, Suite 710
Las Vegas, NV 89101
T: (702) 560-5520
F: (702) 975-2515
rravipudi@psblaw.com
aellis@psblaw.com
isamson@psblaw.com

Brian J. Panish
Nevada Bar No. 16123
PANISH SHEA BOYLE RAVIPUDI LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025
T: (310) 477-1700
F: (310) 477-1699
panish@psbrlaw.com

*Counsel for Plaintiffs and the Proposed Class*

PLS.' OPP'N TO MGM'S JOINDER MOT. AND
MOT. TO STAY - 9
No. 2:23-cv-00140-MMD-DJA

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED: June 5, 2023         */s/ Steve W. Berman*
                            Steve W. Berman

PLS.' OPP'N TO MGM'S JOINDER MOT. AND
MOT. TO STAY - 10
No. 2:23-cv-00140-MMD-DJA



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX