J. Colby Williams (NSBN 5549)
**CAMPBELL & WILLIAMS**
710 South 7th St
Las Vegas, Nevada 89101
(702) 382-5222
jcw@cwalawlv.com

Sadik Huseny (*pro hac vice*)
Tim O'Mara (*pro hac vice forthcoming*)
Brendan McShane (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
sadik.huseny@lw.com
tim.o'mara@lw.com
brendan.mcshane@lw.com

Anna M. Rathbun (*pro hac vice*)
Christopher J. Brown (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh St, NW Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
anna.rathbun@lw.com
chris.brown@lw.com

*Attorneys for Defendant Cendyn Group LLC*
[*Additional counsel listed on Signature Page*]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD GIBSON, and HERIBERTO VALIENTE,<br><br>Plaintiffs,<br><br>v.<br><br>MGM RESORTS INTERNATIONAL, CENDYN GROUP, LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC,<br><br>Defendants. | Case No. 2:23-cv-00140-MMD-DJA<br><br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO PARTIALLY STAY DISCOVERY**<br><br>(FIRST REQUEST) |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .......................................................................................................................... 2

I. PLAINTIFFS MISSTATE THE LEGAL STANDARD AND FAIL TO ADDRESS THE SIGNIFICANCE OF TWOMBLY ................................................................................. 2

II. A "PRELIMINARY PEEK" AT DEFENDANTS' PENDING MOTION TO DISMISS SHOWS THAT THE COMPLAINT FAILS TO STATE A CLAIM .......................................... 6

III. PLAINTIFFS WILL NOT BE PREJUDICED BY A STAY, AND THEIR DEMANDS FOR BURDENSOME DISCOVERY ARE UNWARRANTED .......................................................... 8

CONCLUSION ...................................................................................................................... 10

**PRELIMINARY STATEMENT**

Plaintiffs concede that Certain Defendants' Motion to Partially Stay Discovery, ECF No. 114 ("Mot."), satisfies the first two factors to grant a stay because (1) defendants' joint motion to dismiss is potentially dispositive, and (2) no additional discovery is needed to evaluate that motion. Nonetheless, plaintiffs argue a strawman in opposition—that defendants' motion relies on the theory that discovery should *always* be stayed when a non-frivolous and potentially dispositive motion to dismiss is filed. But defendants' motion argues that *given the complaint in this antitrust case*—where plaintiffs purport to allege a multi-year price-fixing conspiracy while being unable to allege when it began and who participated—a stay is appropriate. A "preliminary peek" at the now-complete motion to dismiss briefing makes clear plaintiffs' pleading deficiencies. Plaintiffs should not be permitted to force burdensome discovery on defendants in an attempt to remedy the plain deficiencies in their complaint, and plaintiffs' arguments to the contrary are without merit.

*First*, plaintiffs misstate the applicable legal standard for evaluating the motion, and insist that the Court may not enter a stay unless it concludes that dismissal of the case is certain. But, all the court must determine is that the complaint is likely defective—and it is plainly so here. This principle is particularly important in antitrust cases where the burden of discovery is high. Plaintiffs fail to engage with the instruction of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987), which explain *why* requiring a well-pleaded complaint to proceed onto discovery is important in antitrust cases. Those cases are relevant even if they do not categorically require a stay. They explain how the burden of antitrust discovery weighs in favor of a stay until a plaintiff states a viable claim.

*Second*, plaintiffs fail to show that a "preliminary peek" at the merits points in their favor. This issue hinges on the strength of the complaint's allegations and the substance of the parties' motion to dismiss briefing. But the complaint is threadbare and conclusory. Plaintiffs' opposition to defendants' motion to dismiss confirms that they cannot identify (1) a single individual "who" participated in the purported conspiracy; (2) "when" it began; or (3) how it was formed, operated, or enforced. Instead, in an attempt to save their claim, plaintiffs ignore controlling Ninth Circuit precedent regarding the "basic" pleading questions required to state a plausible antitrust claim,

distort a nearly 100-year-old opinion, and manufacture a new antitrust theory based on allegations and a claim that are not in the complaint. A "preliminary peek" confirms that dismissal is appropriate under these circumstances.

*Finally*, plaintiffs misconstrue the risk of delay on the overall case schedule and mischaracterize the burden of their already-served discovery requests. In fact, a partial stay will not have any material effect on the timeline of this case, regardless of the outcome of defendants' motion to dismiss. The motion to dismiss is fully briefed and the undersigned defendants already committed to responding to certain limited discovery requests and negotiating a protective order and electronically stored information ("ESI") protocol while that motion is pending. Allowing discovery to proceed in full now would only lead to unwarranted burden and cost. Plaintiffs' discovery requests are not "minimally burdensome"—they would require defendants to expend significant resources to gather, process, and review documents and information. That type of burden, particularly in an antitrust case, is unwarranted given the glaring flaws in the complaint.

## ARGUMENT

### I. PLAINTIFFS MISSTATE THE LEGAL STANDARD AND FAIL TO ADDRESS THE SIGNIFICANCE OF *TWOMBLY*

In an attempt to fish for discovery to fix their deficient complaint, plaintiffs exaggerate the level of certainty required to meet the "preliminary peek" standard and stay discovery. This Court and others in the District regularly grant motions to stay based on a finding that a pending motion to dismiss is "likely" to succeed. *See, e.g.*, *Duffy v. ASNY NY, LLC*, No. 21-CV-01680, 2022 WL 1785395, at *3 (D. Nev. May 31, 2022) (Albregts, M.J.); *Davis v. Nevada*, No. 13-CV-00559, 2014 WL 1308347, at *4 (D. Nev. Mar. 31, 2014). Plaintiffs point to a handful of cases that use stronger language, and argue that the Court must be "certain" about the merits in order to stay discovery. Pls.' Opp'n to Mot. ("Opp'n") at 1, ECF No. 119; *see also id.* at 5, 7-8. This is makeweight. "Regardless of any semantical difference[s]" between articulations of the standard, the relevant inquiry is a "preliminary review of what [the court] perceives to be the substantive merit of [the] complaint, and whether, in the court's discretion, justice would be better served with staying or proceeding with discovery." *Davis*, 2014 WL 1308347, at *4. Plaintiffs' articulation

of the legal standard is also at odds with Rule 1, which requires the Court to holistically evaluate the relative strength of the parties' positions, the burden of discovery, and the risk of prejudice. *See* Fed. R. Civ. P. 1 (purpose of the Rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding"); *see also Duffy*, 2022 WL 1785395, at *3 ("While the Court does not prejudge the outcome, it finds that Defendants' motion is likely meritorious."). As explained below, defendants' motion plainly satisfies this standard.

Plaintiffs are also wrong that the Court cannot evaluate the merits of the motion to dismiss with a "preliminary peek" because it allegedly raises "complex factual and legal issues." Opp'n at 6. First, the motion to dismiss attacks the legal sufficiency of plaintiffs' pleading, and plaintiffs are wrong that it raises *factual* issues. *Id.* As mentioned above, plaintiffs do not argue anywhere in their opposition that discovery is needed to resolve the pending motion to dismiss. Second, plaintiffs cite no authority for the assertion that complexity is an insurmountable obstacle to staying discovery. Plaintiffs' position also is at odds with their own opposition to the motion to dismiss, which argues that their complaint is merely "a modern version of an old story" and pleads "a classic hub-and-spoke conspiracy." Pls.' Opp'n to Mot. to Dismiss at 1, ECF No. 109. Defendants agree the legal issues raised by the motion to dismiss are not complex. Indeed, the deficiencies identified by defendants' motion to dismiss are the same deficiencies that have led courts to routinely dismiss antitrust complaints in the Ninth Circuit. *See*, *e.g.*, *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 54 (9th Cir. 2022) (affirming motion to dismiss antitrust conspiracy for failure to plead facts sufficient to allege an agreement); *Fonseca v. Hewlett-Packard Co.*, No. 19-CV-1748, 2020 WL 4596758, at *6 (S.D. Cal. Aug. 11, 2020) (dismissing Section 1 claim because of insufficient allegations in which "the specifics are wanting"); *Bay Area Surgical Mgmt. LLC v. Aetna Life Ins. Co.*, No. 15-CV-01416, 2016 WL 3880989, at *12 (N.D. Cal. July 18, 2016) (dismissing Section 1 claim for failing to allege sufficient facts to demonstrate a horizontal agreement in an alleged hub and spoke conspiracy). To the extent the issues plaintiffs raise *seem* complicated, this is because the holes in their allegations have led them to pivot with their motion to dismiss opposition brief, and argue allegations that are not in the complaint and legal theories at odds with Ninth Circuit precedent.

*See infra* at 6-8; Defs.' Reply in Supp. of Mot. to Dismiss at 9-12, ECF No. 123; Defs.' Mot. to Dismiss at 7-10, ECF No. 91. Any complexity arising from plaintiffs' attempts to plead around the basic requirements for a Section 1 claim does not reflect a close call on the merits.

Plaintiffs also miss the mark by dismissing the Supreme Court's warnings in *Twombly* about the burden of antitrust discovery, simply because it does not require courts to use a "different standard" for motions to stay discovery in antitrust cases. *See* Opp'n at 6-7. *Twombly* warns that district courts should not "forget that proceeding to antitrust discovery can be expensive," and must "tak[e] care to require allegations that reach the level suggesting conspiracy . . . to avoid the potentially enormous expense of discovery." 550 U.S. at 558-59; *see also id*. at 558 ("[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." (citation and internal quotation marks omitted)). That is also consistent with the guidance of the Ninth Circuit. *See Rutman Wine*, 829 F.2d at 738 ("[I]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").

This principle makes particular sense here. Plaintiffs' complaint does not provide any of the requisite facts to support an antitrust conspiracy—"who, did what, to whom (or with whom), where and when," *In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186, 1194 n.6 (9th Cir. 2015) (quoting *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008))—and defendants should not be forced to incur the burden and costs of combing through company and custodial files to look for discovery so that plaintiffs can attempt to gin up support for those empty allegations. *See Duffy*, 2022 WL 1785395, at *3 ("The prejudice is increased if Plaintiffs discovered facts without which they otherwise could not assert a claim sufficient to meet [Federal] Rule [of Civil Procedure] 8's standards.").

Defendants' motion for a partial stay cites a litany of rulings entered by district courts in the Ninth Circuit following the *Twombly* and *Rutman* guidance and staying antitrust discovery pending a motion to dismiss ruling. *See* Mot. at 6-7. Plaintiffs' opposition dismisses those cases in a footnote, claiming that courts in the District of Nevada apply a different standard, and instead

point to one ruling that denied a request for a stay in an antitrust case. *See* Opp'n at 8-9 (citing *Las Vegas Sun, Inc. v. Adelson*, No. 19-CV-01667, 2020 WL 2114352, at *11 (D. Nev. May 4, 2020)). However, the complaint in *Adelson* alleged four sets of specific factual allegations "by defendants that together comprise defendants' predatory conduct and anticompetitive scheme." *Adelson*, 2020 WL 2114352, at *2-3.[1] Thereafter, the court rejected defendants' various motion to dismiss arguments, in part because the motion to dismiss required consideration of facts "outside the four corners of the complaint." *Id.* at *6. Here, plaintiffs' complaint is devoid of specific factual allegations supporting their claims, and plaintiffs concede that no discovery is needed to resolve defendants' motion. In any event, the fact that a different court disagreed with the merits of a pending motion to dismiss regarding a different complaint does not affect the analysis here. Moreover, plaintiffs do not make any meaningful attempt to grapple with the many antitrust cases in which courts stayed discovery pending the disposition of a motion to dismiss other than to suggest that they are from the Northern District of California, which even a cursory review of the cases proves to be wrong. *See, e.g., Bertsch v. Discover Fin. Servs.*, No. 18-CV-00290, 2018 WL 11442871, at *1 (D. Nev. June 12, 2018); *Top Rank, Inc. v. Haymon*, No. 15- CV-4961, 2015 WL 9952887, at *2-3 (C.D. Cal. Sept. 17, 2015).

Finally, plaintiffs offer no support for their assertion that the "preliminary peek" standard is "most often met with a threshold defense [like] jurisdiction or laches." Opp'n at 1, 5-6. While jurisdictional issues can also provide a compelling reason to stay discovery, plaintiffs do not dispute that courts in this district also *routinely* stay discovery when motions to dismiss attack the sufficiency of a complaint on the merits. *See, e.g., Diminico v. Geico Cas. Co.*, No. 22-CV-01041, 2022 WL 16964795, at *4 (D. Nev. Nov. 16, 2022); *Bank of N.Y. Mellon v. Stewart Info. Servs. Corp.*, No. 21-CV-01492, 2022 WL 494213, at *4 (D. Nev. Jan. 11, 2022) (Albregts, M.J.); *Duffy*,

---

[1] The *Adelson* court also found that the contract law issue at the heart of the pending motion to dismiss was not dispositive of the plaintiff's antitrust claims. 2020 WL 2114352, at *5. This was an independent basis for denying the motion to stay.

2022 WL 1785395, at *3.[2] Plaintiffs fail to explain why a deficient complaint should be permitted to move on to discovery, particularly given the purposes of Rule 1.

## II. A "PRELIMINARY PEEK" AT DEFENDANTS' PENDING MOTION TO DISMISS SHOWS THAT THE COMPLAINT FAILS TO STATE A CLAIM

Plaintiffs concede that the first two factors for evaluating a motion to stay discovery are satisfied, because the pending motion to dismiss is dispositive and no discovery is necessary to decide that motion. *See Long v. Gamo Outdoor S.L.U.*, No. 22-CV-00670, 2022 WL 2819662, at *2 (D. Nev. July 18, 2022) (Albregts, M.J.). Accordingly, whether a stay is warranted comes down to the Court's "preliminary peek" at the merits of defendants' motion to dismiss.

Plaintiffs' complaint is deficient. It alleges a hub-and-spoke conspiracy, which requires well-pleaded allegations of an agreement among Hotel Defendants (the spokes on the metaphorical wheel). Compl. ¶¶ 3, 88, ECF No. 1. But plaintiffs' opposition to the motion to dismiss confirms that the complaint provides no answers to the Ninth Circuit's "basic" pleading questions required to plausibly allege an agreement—"who, did what, to whom (or with whom), where, and when?" *Kendall*, 518 F.3d at 1048. Instead, plaintiffs rely on authorities outside of the Ninth Circuit, and overlook the fact that *Kendall* affirmed dismissal of a complaint that was materially indistinguishable from the complaint here. *See* Defs.' Reply in Supp. of Mot. to Dismiss at 2-5, ECF No. 123. Plaintiffs also fail to allege that defendants acted in parallel, because there is not a single alleged instance in which any Hotel Defendant adopted any of the revenue management software's pricing suggestions, let alone that all Hotel Defendants did so in parallel and at the same time. *See id.* at 5.

Having failed to plead the necessary horizontal agreement among the Hotel Defendants, plaintiffs pivot with their opposition to argue that no such agreement is necessary. Instead, plaintiffs assert that they can state a claim simply by (1) alleging vertical agreements of competitors with a third party, and those competitors' knowledge that each was entering into the

---

[2] The cases plaintiffs muster do not support their position. *See* Opp'n at 6-7 & nn. 29-31. Granting or denying a motion to stay depends on the merits of the specific complaint at issue and case-specific burden of discovery. The observation that courts have denied motions to stay in other circumstances does not dictate whether this Court should do so here.

same vertical agreement, or (2) alleging that Hotel Defendants entered into similar vertical agreements that are anticompetitive when considered in the aggregate. *See* Pls.' Opp'n to Mot. to Dismiss at 15-20, ECF No. 109.  Neither theory of individual vertical agreements nor knowledge of such agreements is pleaded in the complaint,[3] and plaintiffs are wrong about the applicable law. *See* Defs.' Reply in Supp. of Mot. to Dismiss at 8-12, ECF No. 123.   For example:

- Plaintiffs fail to actually allege that any *vertical agreements* restrain trade; instead, their complaint alleges a single conspiracy among all of the defendants, *see* Compl. ¶¶ 3, 88;
- Plaintiffs fail to allege a hub-and-spoke conspiracy under Ninth Circuit law, which requires a plaintiff to plead the "spokes . . . that enter into vertical agreements with the hub" *and* "the rim of the wheel, which consists of horizontal agreements among the spokes," because "a rimless hub-and-spoke conspiracy is not a hub-and-spoke conspiracy at all . . .";[4]
- Plaintiffs fail to allege that any Hotel Defendant entered into a vertical agreement to adopt the pricing suggestions provided by the underlying revenue management software, and in any event, it is well-settled that non-binding pricing suggestions are insufficient to plead a vertical agreement to use the price suggested;[5]
- Plaintiffs fail to allege that any Hotel Defendant knew that another Hotel Defendant purportedly agreed to adopt the revenue management software's pricing suggestions, or that, even if they did allege those facts, that any individual Hotel Defendant's decision to do so was the result of an agreement with another Hotel Defendant; and
- Plaintiffs fail to recognize that, even if their complaint had pleaded "a series of vertical agreements," Ninth Circuit law holds that an antitrust plaintiff must allege that *each* agreement has "a discrete effect on competition."[6]

---

[3] Indeed, the term "vertical agreement" does not appear anywhere in the complaint.
[4] *Musical Instruments*, 798 F.3d at 1192 & n.3 (emphasis added).
[5] *See Gen. Cinema Corp. v. Buena Vista Distrib. Co.*, 681 F.2d 594, 597 (9th Cir. 1982).
[6] *See William O. Gilley Enters., Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 664-65 (9th Cir. 2009) (affirming district court's conclusion that the complaint did not allege that the vertical agreements
*(cont'd)*

Defendants' motion to dismiss briefing explains the deficiencies in plaintiffs' complaint, and why their legal theories are deficient. The arguments for dismissal are far more than non-frivolous and are not "idle speculation." *See* Opp'n at 6. This case should be dismissed on the merits, and discovery should be stayed while the motion to dismiss is pending.

### III. PLAINTIFFS WILL NOT BE PREJUDICED BY A STAY, AND THEIR DEMANDS FOR BURDENSOME DISCOVERY ARE UNWARRANTED

Plaintiffs' arguments regarding the impact of a partial stay on the case schedule, and how the discovery they served is "minimally burdensome," Opp'n at 9, are also unsupported. As defendants' motion makes clear, a stay of discovery will not materially impact the overall schedule, given that both parties' discovery proposals are triggered by the motion to dismiss ruling. Further, while the undersigned defendants offer to engage in certain limited discovery and negotiate case management orders while the motion to dismiss is pending, plaintiffs' expansive discovery requests would impose unwarranted burden and cost that weigh in favor of a stay.

Plaintiffs make a great deal of the fact that defendants' proposed schedule could result in a later completion of potential class certification and *Daubert* briefing. *See id.* at 13. But plaintiffs gloss over the fact that discovery would be completed earlier under defendants' plan. *See* Mot. at 12; Joint Proposed Discovery Plan & Scheduling Order ("Joint Proposed Discovery Plan") at 8, ECF No. 111. In either event, the difference in the later class certification deadlines would at most push back the time to trial by three-to-four months—a short time period relative to the 540-day schedule that plaintiffs propose (itself running from a ruling on the motion to dismiss). The lack of prejudice to plaintiffs is further underscored by the fact that the motion to dismiss is fully briefed and the undersigned defendants have already agreed to produce certain organizational chart documents, provide responses to two of plaintiffs' interrogatories, and negotiate an ESI protocol and proposed protective order while that motion is pending. *See* Mot. at 11-12. This is another reason why, at most, staying discovery would only slightly delay the action and not "impede Rule 1's objective of a speedy determination." *Long*, 2022 WL 2819662, at *2; *see also Duffy*,

---

"violate the anti-trust laws due to their anti-competitive effect," while distinguishing between claims alleging each vertical agreement has "a discrete effect on competition" and those claims alleging "a network of . . . agreements" that "allow Defendants to coordinate" pricing).

2022 WL 1785395, at *3 ("[I]f discovery is stayed and the Court later denies Defendants' motion to dismiss, Plaintiffs may only suffer a delay in receiving answers to their discovery requests."). Here, even if plaintiffs get past the pleadings, resolution of the case will proceed on almost the same timeline, because both parties' proposed discovery and case schedules are keyed to the resolution of the motion to dismiss.[7]

On the other hand, the premature discovery plaintiffs served will result in unnecessary burden and cost, particularly where plaintiffs seek discovery to cure their defective complaint. Plaintiffs' characterization of their document requests as limited to "go-gets" is meritless. As explained in defendants' motion, the document requests are expansive and would require defendants to run searches through numerous employees' files. *See* Mot. at 8-9. For instance, under Request No. 3 to Hotel Defendants and Request No. 4 to The Rainmaker Group Unlimited, Inc. ("Rainmaker") and Cendyn Group, LLC ("Cendyn"), defendants would be required to provide documents to show any meeting or communication between Rainmaker / Cendyn and the Hotel Defendants, who plaintiffs allege have used their revenue management software solutions (in some combination) for the past decade. McShane Decl. Ex. B at 16, ECF No. 114-3; McShane Decl. Ex. C at 34, ECF No. 114-4. And responding to Requests Nos. 52–54 to the Hotel Defendants would require a broad review of custodian files for internal communications as well, since those Requests call for "Documents sufficient to show Hotel Operators' knowledge of other Hotel Operators' participation in Rainmaker." Opp'n at 10; *see also* McShane Decl. Ex. B at 25, ECF No. 114-3.

Fulfilling these requests would require a comprehensive review of custodian email files, calendar invites, and messages, notwithstanding plaintiffs' claim that defendants can respond to their "go-get" requests without engaging "in any custodial ESI collections." For many defendants, the requests would require collecting this information for multiple custodians across the span of ten years, running search terms, and reviewing thousands of documents.

---

[7] Plaintiffs also suggest that moving forward with discovery is important to "have in hand a working ESI protocol and protective order to allow for document production." Opp'n at 10. But the undersigned defendants already agreed to negotiate an ESI protocol and protective order on the timeline plaintiffs suggest. *See* Joint Proposed Discovery Plan at 1, 15.

Plaintiffs' new offer in their opposition brief to limit the document requests to seek only documents "sufficient to show" while the motion to dismiss is pending does not materially reduce the burden. Because of the number of discrete events and communications encompassed in plaintiffs' requests, searching for and producing this information would still require custodial interviews, email and other document collections, and document processing and review. There is also burden from the need to identify where responsive documents might be stored. Indeed, plaintiffs' new offer simply seeks to allow plaintiffs two bites at the apple. The first would be through initial collections and production, and the second through some yet undefined later collection and production. Similar burdens apply to plaintiffs' demand that defendants resolve any objections to the document requests, and negotiate custodians and search terms prior to any motion to dismiss ruling. The scope of the complaint is not clear at this point, and negotiations of custodians and search terms requires the collection and processing of data and documents from selected custodians, and the use of vendors to test the breadth of any proposed search terms.

Finally, plaintiffs do not even address the burden of their interrogatories. As defendants' motion explains, the interrogatories would require defendants to provide detailed information regarding the Hotel Defendants' use of any revenue management software products at their hotel properties over the past ten years, as well as detailed technical information about how those products work. *See* Mot. at 10. Plaintiffs also demand extensive descriptions of any and all "meetings" (broadly defined to encompass any communication) between Cendyn / Rainmaker and any employees of the Hotel Defendants. Independent of the document requests, these interrogatories would impose significant burden and time on defendants to identify and interview employees, review their emails and other documentary records, and draft responses. This burden and cost is unwarranted in light of a complaint that fails on its face to state an antitrust claim.

## CONCLUSION

For the foregoing reasons, defendants request an order staying discovery, other than that to which the undersigned defendants agreed, pending a ruling on the motion to dismiss the complaint.

Dated: June 19, 2023
REPLY IN SUPPORT OF CERTAIN DEFENDANTS'
MOTION TO PARTIALLY STAY DISCOVERY
Case No. 2:23-cv-00140-MMD-DJA

10

| | | |
|---|---|---|
| 1 | /s/ *Brendan McShane* | /s/ *Mark Holscher* |
| 2 | J. Colby Williams (5549)<br>710 South Seventh Street | Patrick G. Byrne<br>Bradley T. Austin |
| 3 | Las Vegas, NV 89101<br>Telephone: (702) 382-5222 | SNELL & WILMER LLP<br>3883 Howard Hughes Parkway |
| 4 | Facsimile: (702) 382-0540<br>Email: jcw@cwlawlv.com | Las Vegas, NV 89169<br>Telephone: (702) 784-5200 |
| 5 | | Facsimile: (702) 784-5252 |
| 6 | Sadik Huseny (*pro hac vice*)<br>Timothy O'Mara (*pro hac vice forthcoming*) | Email: pbyrne@swlaw.com<br>Email: baustin@swlaw.com |
| 7 | Brendan McShane (*pro hac vice*)<br>LATHAM & WATKINS LLP | Mark Holscher (*pro hac vice*) |
| 8 | 505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-6538 | Tammy A. Tsoumas (*pro hac vice*)<br>KIRKLAND & ELLIS LLP |
| 9 | Telephone: (415) 391-0600<br>Facsimile: (415) 395-8095 | 2049 Century Park East, Suite 3700<br>Los Angeles, CA 90067 |
| 10 | Email: sadik.huseny@lw.com | Telephone: (310) 552-4200 |
| 11 | tim.o'mara@lw.com<br>brendan.mcshane@lw.com | Facsimile: (310) 552-5900<br>Email: mholscher@kirkland.com |
| 12 | | Email: ttsoumas@kirkland.com |
| 13 | Anna M. Rathbun (*pro hac vice*)<br>Christopher J. Brown (*pro hac vice*) | Matthew Solum (*pro hac vice*) |
| 14 | LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000 | KIRKLAND & ELLIS LLP<br>601 Lexington Avenue |
| 15 | Washington, DC 20004-1304<br>Telephone: (202) 637-2200 | New York, NY 10022<br>Telephone: (212) 446-4688 |
| 16 | Facsimile: (202) 637-2201 | Facsimile: (917) 848-7536 |
| 17 | Email: anna.rathbun@lw.com<br>chris.brown@lw.com | Email: msolum@kirkland.com |
| 18 | *Attorneys for Defendant Cendyn Group, LLC* | *Attorneys for Defendant Wynn Resorts Holdings, LLC* |
| 19 | | |
| 20 | /s/ *Adam Hosmer-Henner*<br>Adam Hosmer-Henner (NSBN 12779) | /s/ *Alicia Rubio-Spring*<br>Nicholas J. Santoro |
| 21 | Chelsea Latino (NSBN 14227)<br>Jane Susskind (NSBN 15099) | HOLLY DRIGGS<br>300 S. 4th Street, Suite 1600 |
| 22 | McDONALD CARANO LLP<br>100 West Liberty Street, Tenth Floor | Las Vegas, NV 89101<br>Telephone: (702) 791-0308 |
| 23 | Reno, NV 89501<br>(775) 788-2000 | Facsimile: (702) 791-1912<br>Email: nsantoro@nevadafirm.com |
| 24 | ahosmerhenner@mcdonaldcarano.com | |
| 25 | clatino@mcdonaldcarano.com<br>jsusskind@mcdonaldcarano.com | Arman Oruc (*pro hac vice*)<br>GOODWIN PROCTER LLP |
| 26 | | 1900 N Street, N.W.<br>Washington, DC 20036 |
| 27 | Boris Bershteyn (*pro hac vice*)<br>Ken Schwartz (*pro hac vice*) | Phone: (202) 346-4000 |
| 28 | Michael Menitove (*pro hac vice*)<br>Sam Auld(*pro hac vice*) | Facsimile: (202) 346-4444<br>Email: aoruc@goodwinlaw.com |

REPLY IN SUPPORT OF CERTAIN DEFENDANTS'
MOTION TO PARTIALLY STAY DISCOVERY                    11
Case No. 2:23-cv-00140-MMD-DJA

| | | |
|---|---|---|
| 1 | SKADDEN, ARPS, SLATE, | |
| 2 | MEAGHER & FLOM LLP<br>One Manhattan West | Alicia Rubio-Spring (*pro hac vice*)<br>GOODWIN PROCTER LLP |
| 3 | New York, NY 10001<br>(212) 735-3000 | 100 Northern Avenue<br>Boston, MA 02110 |
| 4 | boris.bershteyn@skadden.com | Telephone: (617) 570-1000 |
| | ken.schwartz@skadden.com | Facsimile: (617) 5231231 |
| 5 | michael.menitove@skadden.com | Email: arubio-spring@goodwinlaw.com |
| 6 | sam.auld@skadden.com | |
| | | *Attorneys for Defendant The Rainmaker* |
| 7 | *Attorneys for Defendant* | *Group Unlimited, Inc.* |
| | *Caesars Entertainment, Inc.* | |
| 8 | | |
| 9 | /s/ *Patrick J. Reilly*<br>Patrick J. Reilly | |
| 10 | Arthur A. Zorio | |
| | Emily Garnett (*pro hac vice*) | |
| 11 | Eric D. Walther | |
| 12 | BROWNSTEIN HYATT FARBER<br>SCHRECK, LLP | |
| 13 | 100 N. City Parkway, Suite 1600<br>Las Vegas, NV 89106 | |
| 14 | Telephone: 702.382.2101<br>preilly@bhfs.com | |
| 15 | azorio@bhfs.com | |
| | egarnett@bhfs.com | |
| 16 | ewalther@bhfs.com | |
| 17 | *Attorneys for Defendant Treasure Island, LLC* | |

REPLY IN SUPPORT OF CERTAIN DEFENDANTS'
MOTION TO PARTIALLY STAY DISCOVERY            12
Case No. 2:23-cv-00140-MMD-DJA

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing **REPLY MEMORANDUM OF LAW IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO PARTIALLY STAY DISCOVERY** was served on the 19th day of June, 2023 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ *Brendan McShane*
Brendan McShane