Todd L. Bice, Bar No. 4534
Brianna G. Smith, Bar No. 11795
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada  89101
Telephone: (702) 214-2100
tlb@pisanellibice.com
bgs@pisanellibice.com

Bethany W. Kristovich (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
bethany.kristovich@mto.com

Kyle W. Mach (*pro hac vice*)
Justin P. Raphael (*pro hac vice*)
Juliana M. Yee (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
kyle.mach@mto.com
justin.raphael@mto.com
juliana.yee@mto.com

*Attorneys for MGM Resorts International*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD GIBSON, and HERIBERTO VALIENTE,<br><br>Plaintiffs,<br><br>v.<br><br>MGM RESORTS INTERNATIONAL, CENDYN GROUP, LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC,<br><br>Defendants. | CASE NO.: 2:23-cv-00140-MMD-DJA<br><br>**MGM RESORTS INTERNATIONAL'S REPLY IN SUPPORT OF JOINDER TO DEFENDANTS' JOINT MOTION TO STAY DISCOVERY AND  MOTION TO STAY DISCOVERY**<br><br>ORAL ARGUMENT REQUESTED |

## MEMORANDUM OF POINTS OF AUTHORITIES

## I.      INTRODUCTION

Plaintiffs' opposition to MGM's separate motion to stay argues that MGM does not satisfy the "preliminary peek" standard because Plaintiffs have alleged MGM's participation in a conspiracy to use Rainmaker software to fix prices, that MGM has not shown good cause to stay all discovery, and that MGM's position somehow "underscores" why the Plaintiffs' proposed schedule is preferable to Defendants'.  None of these arguments is well-taken:  A preliminary peek at MGM's motion to dismiss shows that Plaintiffs have not pleaded, and cannot plead, that MGM-operated properties on the Las Vegas Strip used the Rainmaker software.  The "good cause" standard Plaintiffs invoke is not the law, and, bypasses the three-part test used in this District to evaluate a motion to stay (though MGM has shown good reason why it should not be forced to spend time and resources on discovery when Plaintiffs cannot plausibly state a claim).  Finally, the connection between a stay of discovery and a schedule is not an argument in opposition to the motion at hand and further underscores the weakness of Plaintiffs' position vis-a-vis MGM.

## II.     ARGUMENT

### A.     A Stay of Discovery Is Warranted Under the Well-Established "Preliminary Peek" Standard

#### 1.      A Preliminary Peek at the Motion to Dismiss Suggests that the Case Should Not Proceed Against MGM Because Plaintiffs Have Not Pleaded that MGM-Operated Properties in Las Vegas Used Rainmaker Software

Plaintiffs concede that a motion to stay is appropriate if a "preliminary peek" at the motion to dismiss suggests that the claims are not likely to proceed against the moving defendant. ECF No. 120 at 5-6.  Yet in evaluating the preliminary peek at the merits in this case, Plaintiffs continue to ignore the glaring defect in their complaint: they allege that MGM operates ten hotels on the Las Vegas Strip, Compl. ¶ 28 (naming the Bellagio, VDARA at Aria, Aria, Park MGM, New York-New York, MGM Grand, Excalibur, Luxor, Mandalay Bay, and the Four Seasons Hotel), but they do not allege that any of those ten hotels use Rainmaker's algorithmic pricing software.

None of Plaintiffs' arguments avoids this fundamental flaw:

The allegation that MGM, an international corporation, "is one of Cendyn's clients," ECF No. 120 at 6, says nothing about MGM's use of Rainmaker on the Las Vegas Strip. Cendyn has products other than the pricing software, and MGM operates properties other than on the Las Vegas Strip.

Similarly, the allegation that MGM uses a Rainmaker product at a property in New Jersey, Compl. ¶ 51, says nothing about whether any MGM-operated hotel in Las Vegas uses Rainmaker's algorithmic pricing software.

An allegation that The Cosmopolitan began using Rainmaker years before MGM acquired it, ECF No. 120 at 7, does not support the inference that the hotels Plaintiffs allege that MGM operates also used Rainmaker – let alone that they *agreed* to use Rainmaker in a price-fixing conspiracy.[1]

Finally, Plaintiffs never respond to the point that statements by so-called confidential witnesses cannot save a deficient complaint without pleading some foundation establishing the confidential witness's basis for knowledge. ECF No. 116 at 1-2 (citing *Glazer Cap. Mgmt, L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 766-67 (9th Cir. 2023); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 995 (9th Cir. 2009)). Saying "somebody told me" does not a federal case make.

Tellingly, Plaintiffs fall back on arguing that MGM's motion to dismiss lacks merit because MGM "does not challenge the factual allegations" in the complaint "via Rule 11." ECF No. 120 at 8. It is fundamental that a motion to dismiss cannot challenge the truth of a complaint's allegations: "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). MGM's respect for that basic tenet of civil procedure says nothing about whether

---

[1] Plaintiffs claim that their complaint alleges that MGM "operates" the Cosmopolitan Hotel. The complaint does not make such an allegation. See Compl. ¶ 28 (alleging that MGM operates 10 hotels, none of which is the Cosmopolitan). Presumably, Plaintiffs do not include allegations about MGM's operation of the Cosmopolitan because MGM recently acquired the Cosmopolitan, and Plaintiffs' allegations about the Cosmopolitan's use of Rainmaker refer to events in 2015, long before MGM acquired that property.

Plaintiffs have, in fact, stated a claim. To be sure, MGM disputes much of what Plaintiffs have alleged, but the problem with Plaintiffs' complaint for purposes of the pending motions to dismiss is what they have *not* alleged, which is use of the Rainmaker software.

Given these deficiencies in Plaintiffs' factual allegations, "this is a case where a temporary stay of discovery will further the goal of judicial economy." *Ahmed v. Richland Holdings, Inc.*, No. 2:19-cv-01925-JCM-DJA (D. Nev. Jan. 30, 2020), ECF No. 19 at 3 (granting stay in class action case).

### 2.     Plaintiffs' Cases Are Inapposite

In an attempt to avoid the preliminary peek standard on its merits, Plaintiffs argue that "MGM does not correctly convey the preliminary peek standard the Court is to consider when deciding a motion to stay discovery." ECF No. 120 at 3. Not so. Contrary to Plaintiffs' strawman, MGM never argued that the Federal Rules "provide for automatic or blanket stays of discovery" simply because a dispositive motion is pending. *Tradebay, LLC v. eBay, Inc.*, 278 FRD 597, 600-01 (D. Nev. Dec. 13, 2011) (noting the "heavy burden" on the movant but granting a motion to stay where defendants had credibly raised the failure to state a claim). Rather, MGM pointed out that courts often grant a stay of discovery where, as here, a court assessing the merits can conclude that the case is not likely to proceed as originally pleaded. Plaintiffs' cases denying a motion to stay fail to support their argument that MGM does not meet the standard for a stay in this case, and instead fall into three categories:

*First*, in many of the cases Plaintiffs cite, the court denied a motion to stay discovery because the movant did not meet the first two requirements of this jurisdiction's three-part test: that the motion is dispositive of the entire case, and that the motion does not require discovery to resolve.[2] Here, however, Plaintiffs do not dispute that both elements are established; (1) both

---

[2] *See, e.g.*, *Edwards v. Juan Martinez, Inc.*, No. 2:20-cv-00570-JAD-EJY, 2020 WL 5648319, at *2, *8 (D. Nev. Sept. 20, 2022) ("[T]he Court finds it unlikely that the Motion to Dismiss will dispose of the entire action."); *Joshco Tech, LLC v. Eagle Rising Veteran Consulting, LLC*, No. 2:20-cv-00451-RFB-DJA, 2020 WL 10574932, at *2 (D. Nev. Sept. 7, 2020) ("[The motion]is not dispositive of the entire case . . . [and] Plaintiff contends that it requires discovery on jurisdiction with respect to the Motion to Dismiss"); *Nye v. Burberry Ltd.*, No. 2:16-cv-00702-RFB-CWH, 2016 WL 9496563, at *4 (D. Nev. Oct. 24, 2016) ("This opinion split introduces at least some

Defendants' joint motion and MGM's separate motion to dismiss would be dispositive of Plaintiffs' antitrust claim and (2) no discovery is needed to resolve those motions.

*Second*, several of the cases Plaintiffs cite involved unsettled or wholly novel legal arguments. *See Gonzalez v. Allied Collection Servs., Inc.*, 2:16-cv-02909-MMD-VCF, 2017 WL 11694084, *2 (D. Nev. Oct. 31, 2017) (noting a "factual dispute" and that the motion raised a "novel issue of law"); *Maldonado v. HSBC Mortg. Servs. Inc.*, No. 2:16-cv-784-JAD-VCF, 2017 WL 131744, *2 (D. Nev. Jan. 10, 2017) ("Given the uncertainty in the law, this court is not convinced HSBC will prevail on its motion to dismiss."); *Kibbee v. Smith-Palluck Assocs. Corp.*, No. 2:18-cv-01848-APG-GWF, 2019 WL 8128149, *4 (D. Nev. Mar. 7, 2019) (noting the novelty of a constitutional challenge and Defendant's reliance on a questionable ruling). By contrast, MGM's motion to dismiss presents arguments based on well-established law.

*Third*, in the few cases Plaintiffs cite where courts denied a stay based on the "preliminary peek" standard, the courts pointed to specific reasons why they could not conclude the motion to dismiss would succeed (reasons that are not present here) or otherwise concluded that the motion was likely to fail. For example, in *Kor Media Grp., LLC v. Green*, the pending motion relied on an argument that the assigned judge had already "expressly rejected." 294 F.R.D. 579, 584 (D. Nev. 2013); *see also, e.g.*, *Wynn Las Vegas, LLC v. Nat'l Union Fire Ins. Co. of Pittsburg*, No. 2:20-cv-00832-JCM-BNW, 2021 WL 1738870, at *1 (D. Nev. Apr. 30, 2021) ("[Defendant's] argument regarding why discovery should be stayed is moot.").

Here, contrary to the cases Plaintiffs cite, (1) the first two factors in the stay analysis are indisputably established, (2) no party is arguing that these motions present novel issues of law, and (3) Plaintiffs cannot point to any obvious legal or procedural reason why the motion to dismiss is

---

uncertainty as to whether Defendant's motion is dispositive of Plaintiff's entire case."); *TNG Entm't, LLC v. Wynn Las Vegas, LLC*, No. 2:15-cv-0933-RFB-CWH, 2015 WL 5562701, at *2 (D. Nev. Sept. 21, 2015) ("[T]he pending motion would not be dispositive of the entire case, and discovery is necessary as to [one of the claims.]"); *Turner Broad. Sys., Inc., v. Tracinda Corp.*, 175 F.R.D. 554, 555 (D. Nev. 1997) (rejecting Defendant's argument that the motion turned on only a contract interpretation issue).

likely to fail. Thus, the question is simply whether the "preliminary peek" standard warrants a stay here. As explained in MGM's motion and above, the answer is yes.

### B. MGM Has Shown Good Cause to Stay Discovery

Plaintiffs next argue that MGM has not "articulated good cause" to stay all discovery because MGM did not provide any specifics regarding the costs and time that will be incurred by participating in the discovery proposed by Plaintiffs. But Plaintiffs' sole authority for this "good cause" argument acknowledges that "district courts in the District of Nevada typically apply" the "preliminary peek" test. *Wooters v. Experian Info. Sols*., No. 2:22-cv-01691-CDS-BNW, 2023 WL 3584109, at *2 (D. Nev. May 22, 2023). In *Wooters*, Magistrate Judge Weksler found the preliminary peek test "to be problematic" and opined that a "better analytical framework" for deciding whether to stay discovery pending a motion to dismiss would be to analyze "if (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery." *Id.* at *3. No other court appears to have adopted that framework. Moreover, the decision in *Wooters* does not require the moving party to meet the preliminary peek test *and* separately demonstrate good cause; it states that "good cause may be established *using* the preliminary peek test," which MGM has satisfied. *Id.* (emphasis added).

Consequently, even if that two-part test were the correct one, MGM has satisfied it here: Plaintiffs do not dispute that MGM's motion to dismiss can be decided without further discovery, and MGM has shown good cause by satisfying the preliminary peek standard. In addition, to the extent that "good cause may exist based on other factors unrelated to the merits of the dispositive motion," such as "to prevent 'undue burden or expense,'" *id.*, MGM has shown good cause on that score as well. The mere act of collecting custodians' documents, hosting, and running search terms is incredibly burdensome and costly. Plaintiffs' suggestion that MGM would not have many documents because it did not use the Rainmaker software, ECF No. 120 at 8-9, is both disingenuous and borderline bad faith: Plaintiffs' discovery requests are not limited to use of Rainmaker software – they relate to corporate structure, pricing strategies, and many broader topics.

For example, on their face Plaintiffs' interrogatories are not limited to the Las Vegas Strip, and would require MGM to provide discovery regarding properties even aside from those identified in the complaint. *See* ECF No. 114-5. Moreover, the multi-part interrogatories ask for information about "each Pricing Algorithm service" going back almost ten years, without limiting such responses to Rainmaker products or even to the product at issue in this suit—hotel rooms. *Id*. Similarly, Plaintiffs' discovery demands would require complex searches not just for documents involving Rainmaker, but documents related to Defendants' pricing strategies, market analyses, and assessments of competitive conditions. MGM should not have to incur these costs when it is likely to prevail on the motion to dismiss and when there is little or no cost to imposing a stay in the event the motion to dismiss is denied.

In fact, Plaintiffs' opposition contradicts itself with respect to the burdens of the discovery they seek. In one section, Plaintiffs argue that the "Go-Get"[3] discovery requests they are seeking to pursue are not burdensome. But in the next, they argue that if the Court stays discovery, the parties will be "many months behind." ECF No. 120 at 8-9. If the discovery Plaintiffs seek truly is minimal, then MGM should be able to provide it quickly if the Court denies its motion to dismiss, and a stay will not delay this litigation. But if Plaintiffs want to be heard to argue that staying the discovery they seek will cause delay, then they should acknowledge that the discovery Plaintiffs seek would impose significant costs on MGM that would be completely unnecessary if MGM's motion to dismiss succeeds.

### C. **Plaintiffs' Argument that MGM's Position Bears on the Schedule Is Both Irrelevant and Incorrect**

Plaintiffs' final argument is not an opposition to the Motion to Stay but is instead an argument in favor of its proposed schedule. ECF No. 120 at 9 (arguing that "MGM's refusal to participate in any discovery underscores why the Court should grant Plaintiffs' proposed discovery schedule"). In fact, this argument seems to be a *concession* that a stay of discovery

---

[3] Plaintiffs have labelled certain requests "Go Get" to imply that those are easier or less burdensome. MGM is aware of no basis that Plaintiffs have for their (incorrect) assertion that these materials would not be burdensome to collect and produce.

against MGM would not be a problem as long as Plaintiffs were given sufficient time to take discovery. *Id.* at 9-10 (arguing that Plaintiffs' proposed schedule would provide more time for MGM to catch-up to others in discovery).

MGM will respond more fully to the extent the Court wants argument, aside from that contained in the discovery plan, ECF No. 111, as to the attributes of the different proposed schedules. For current purposes, however, it is enough to note that (1) this argument is not a reason to deny a motion to stay discovery against MGM, and (2) Plaintiffs' argument that a year for *discovery* is insufficient is unsupported by any analysis and is inconsistent with the proportionality limits in Rule 26.[4]

---

[4] Plaintiffs' assertion in a footnote that MGM failed to include a meet and confer declaration (ECF No. 120 at 3, n. 3) is both factually incorrect and pointless. First, this argument is incorrect: MGM filed a joinder to the joint motion to stay, which included a declaration regarding meet-and-confer efforts in which MGM participated. ECF No. 114-1*; see also* ECF No. 114-2 at 3 ("As we discussed, defendants reserve their rights to seek a stay of all discovery in the event the parties are not able to reach an agreement on these issues."). Second, the point of the meet-and-confer declaration is to confirm that the parties have met and conferred. Here, the record reflects that MGM discussed the discovery plan and stay motion with Plaintiffs *multiple times* before motion practice. *See* ECF No. 111 (Plaintiffs listing numerous meet-and-confer efforts); *id*. at 3 ("Under Plaintiffs' schedule, at the time of the Court's ruling on the pending motions, Defendants *other than MGM* will have already produced core discovery.") (emphasis added); *id*. at 10 ("MGM believes, based on Plaintiffs' failure to allege that the hotels allegedly operated by MGM use any Rainmaker revenue software that provides pricing recommendations, that discovery against it should be stayed entirely pending resolution of the motions to dismiss."). The cases Plaintiffs cite rejected motions to stay discovery where there was a failure to meet and confer, not where there were extensive discussions and both parties had submitted a discovery plan explaining their efforts and respective positions. *See Howard v. United States of America*, 2:22-cv-01004-JAD-DJA, (D. Nev. Apr. 21, 2023), ECF No. 39 (ordering the parties "to meet and confer regarding a stay of discovery" where Defendants had filed a motion to stay the day after filing a motion to dismiss, without a declaration of a meet and confer and without any discovery plan on record); *Malco Enters. of Nev.*, *Inc. v. Chen*, 2:22-cv-01303-CDS-DJA, (D. Nev. Jan. 20, 2023), ECF No. 28 (finding "the motion to stay discovery is one which would benefit from a meet and confer" and that it was "unclear from the motion if the parties discussed Defendant's motion"). Even if the parties had failed to meet and confer, which is not the case here, the Court nevertheless has the discretion to decide the motion to stay on the merits. *See, e.g.*, *Brennan v. Cadwell Sanford Deibert & Garry LLP*, No. 2:20-cv-00799-JAD-VCF, 2020 WL 5653673, at *2. For the avoidance of doubt, however, MGM files with this Reply the Declaration of Kyle W. Mach in Support of MGM's Joinder to Defendants' Joint Motion and Motion to Stay Discovery.

### III. CONCLUSION

For these reasons, and the reasons articulated in Defendants' Reply in Support of their Joint Motion to Stay, MGM respectfully requests a full stay of discovery pending resolution of the motions to dismiss.

DATED: June 19, 2023

By *[signature: Bethany Kristovich]*
Bethany W. Kristovich (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
bethany.kristovich@mto.com

Kyle W. Mach (*pro hac vice*)
Justin P. Raphael (*pro hac vice*)
Juliana M. Yee (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
kyle.mach@mto.com
justin.raphael@mto.com
juliana.yee@mto.com

Todd L. Bice, Bar No. 4534
Brianna Smith, Bar No. 11795
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: (702) 214-2100
tlb@pisanellibice.com
bgs@pisanellibice.com

*Attorneys for MGM Resorts International*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Munger, Tolles & Olson LLP, and that on this 19th day of June, 2023, I caused to be served via the Court's e-filing/e-service system true and correct copies of the above and foregoing **REPLY IN SUPPORT OF JOINDER TO DEFENDANTS' MOTION TO PARTIALLY STAY DISCOVERY AND MOTION TO STAY DISCOVERY** to all parties registered for electronic service.

/s/ Marilyn Ogaldez
An employee of Munger, Tolles & Olson LLP

**INDEX OF EXHIBITS**

| EXHIBIT NO. | DESCRIPTION | PAGE NO. |
|---|---|---|
| N/A | Declaration of Kyle W. Mach | N/A |
| A | Emails between B. Kristovich and Plaintiffs' Counsel, dated May 15, 2023 | 001-002 |