# DECLARATION OF KYLE W. MACH

Todd L. Bice, Bar No. 4534
Brianna G. Smith, Bar No. 11795
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: (702) 214-2100
tlb@pisanellibice.com
bgs@pisanellibice.com

Bethany W. Kristovich (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
bethany.kristovich@mto.com

Kyle W. Mach (*pro hac vice*)
Justin P. Raphael (*pro hac vice*)
Juliana M. Yee (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105-2907
Telephone:   (415) 512-4000
kyle.mach@mto.com
justin.raphael@mto.com
juliana.yee@mto.com

*Attorneys for MGM Resorts International*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD GIBSON, and HERIBERTO VALIENTE,<br><br>Plaintiffs,<br><br>v.<br><br>MGM RESORTS INTERNATIONAL, CENDYN GROUP, LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC,<br><br>Defendants. | CASE NO.: 2:23-cv-00140-MMD-DJA<br><br>**DECLARATION OF KYLE W. MACH IN SUPPORT OF MGM RESORTS INTERNATIONAL'S JOINDER TO DEFENDANTS' JOINT MOTION TO STAY DISCOVERY AND MOTION TO STAY DISCOVERY** |

I, Kyle W. Mach, declare as follows:

1. I am a partner at Munger, Tolles & Olson LLP and counsel of record for Defendant MGM Resorts International in the above-captioned action. I am licensed to practice law in the state of California and was admitted *pro hac vice* to practice before this Court. I submit this Declaration in support of MGM's Joinder to Defendants' Joint Motion to Stay Discovery and Motion to Stay Discovery. I have personal knowledge of the facts set forth in this Declaration, and if called as a witness, could and would competently testify thereto.

2. Defendants moved to dismiss Plaintiffs' complaint on March 27, 2023. Defendants jointly argued that Plaintiffs failed to state a plausible antitrust claim, ECF No. 91, and MGM argued in a joinder and separate motion that for additional reasons Plaintiffs failed to state a plausible antitrust claim as to MGM, ECF No. 92. Plaintiffs filed response briefs on May 11, 2023, ECF Nos. 109, 110, and Defendants filed replies on June 12, 2023, ECF Nos. 123, 124.

3. On May 22, 2023, Defendants moved to stay discovery pending the resolution of the motions to dismiss. Defendants Cendyn Group, LLC, The Rainmaker Group Unlimited, Inc., Caesars Entertainment Inc., Treasure Island, LLC, and Wynn Resorts Holding, LLC argued that the Court should partially stay discovery, having agreed to provide Plaintiffs with certain limited responses. ECF No. 114. MGM filed a joinder to that motion, and also moved for a complete stay of discovery as to MGM. ECF No. 116.

4. As described in the Declaration of Brendan McShane filed in support of Defendants' joint motion to stay discovery, the parties conducted the conference required by Federal Rule of Civil Procedure 26(f) on April 24, May 9, and May 10, 2023. ECF No. 114-1 at 3.

5. As indicated in Exhibit A to the Declaration of Brendan McShane, in negotiations with Plaintiffs, Defendants reserved their rights to seek a stay of all discovery in the event the parties were not able to reach an agreement on the discovery issues. ECF No. 114-2 at 3. During the call on April 24, 2023, I explained that MGM did not join in the other Defendants' proposal for partial discovery.

6. As indicated in the Declaration of Brendan McShane, during the May 9 and 10, 2023, conferences, the parties discussed their positions regarding the appropriate scope of discovery pending Defendants' motions to dismiss. The parties conferred in good faith, but were unable to reach a resolution regarding the scope of discovery during the pendency of the motions to dismiss. ECF No. 114-1 at 4.

7. On May 12, 2023, Defendants sent to Plaintiffs a mark-up of the proposed discovery plan that reflected MGM's position. I have been informed that during a further phone conference on May 15, 2023, my partner Bethany Kristovich spoke with counsel for Plaintiffs and discussed that, given the inability to agree on the scope of limited discovery during the pendency of the motions to dismiss, MGM would seek a full stay of discovery. Ms. Kristovich subsequently sent a proposed revision to the discovery plan to Plaintiffs that reflected MGM's position, and Plaintiffs asked counsel for MGM to incorporate its position into the joint draft discovery plan, which MGM did. Attached as **Exhibit A** to this Declaration is a true and correct copy of email correspondence between Ms. Kristovich and Plaintiffs' counsel, on which I was copied, dated May 15, 2023.

8. On May 15, 2023, the parties filed a Joint Discovery Plan outlining the meet and confer efforts regarding discovery, as well as the parties' competing proposals for discovery. ECF No. 111. MGM indicated, and Plaintiffs acknowledged, MGM's position that discovery against it should be stayed entirely pending the resolution of the motions to dismiss.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 19th day of June 2022 in San Francisco, California.

By /s/ Kyle W. Mach
Kyle W. Mach (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
*Attorneys for MGM Resorts International*