Daniel R. McNutt, Esq., Bar No. 7815
Matthew C. Wolf, Esq., Bar No. 10801
**MCNUTT LAW FIRM, P.C.**
11441 Allerton Park Drive, #100
Las Vegas, Nevada 89135
Tel.: (702) 384-1170 / Fax.: (702) 384-5529
drm@mcnuttlawfirm.com
mcw@mcnuttlawfirm.com

Matthew L. McGinnis *(pro hac vice)*
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199
Tel: (617) 951-7000 / Fax: (617) 951-7050
matthew.mcginnis@ropesgray.com

Of counsel:

David B. Hennes
Jane E. Willis
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036
Tel: (212) 596-9000
Fax: (212) 596-9090
david.hennes@ropesgray.com
jane.willis@ropesgray.com

*Counsel for Defendants Blackstone Inc. and Blackstone Real Estate Partners VII L.P.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD GIBSON AND ROBERTO MANZO,<br><br>Plaintiffs,<br><br>v.<br><br>CENDYN GROUP LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC, BLACKSTONE INC., BLACKSTONE REAL ESTATE PARTNERS VII L.P., JC HOSPITALITY, LLC,<br><br>Defendants. | Case No. 2:23-cv-00140-MMD-DJA<br><br>**DEFENDANTS BLACKSTONE INC. AND BLACKSTONE REAL ESTATE PARTNERS VII L.P.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED** |

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    The Opposition, Like the FAC, Fails to Identify Any Relevant Conduct by the Blackstone Entities Sufficient for Liability. ........................................................... 2

        A.    Plaintiffs Fail to Allege that Either Blackstone Entity Was Party to Any Agreement. ..................................................................................... 2

        B.    Plaintiffs Fail to Allege that Either Blackstone Entity Participated in Any Alleged Scheme. ............................................................................ 3

    II.    The FAC's Conclusory Allegations of "Control and Operation" Are Insufficient to Impute Liability to the Blackstone Entities. ........................................................ 4

    III.    The Opposition's Attempt to Evade Well-settled Corporate Law Principles Fails. ........................................................................................................................ 4

CONCLUSION ............................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litigation,*
    28 F.4th 42 (9th Cir. 2022) ................................................................................................2

*Gibson v. MGM Resorts International,*
    2023 WL 7026984 (D. Nev. Oct. 24, 2023) ................................................................1, 2, 4

*Intellectual Ventures I LLC v. Capital One Financial Corp.,*
    2016 WL 160263 (D. Md. Jan. 14, 2016) .........................................................................5

*Nobody in Particular Presents, Inc. v. Clear Channel Communications, Inc.,*
    311 F. Supp. 2d 1048 (D. Colo. 2004)............................................................................4, 5

*United States v. Bestfoods,*
    524 U.S. 51 (1998)............................................................................................................5

# INTRODUCTION[1]

Plaintiffs' Opposition fails to rebut the Blackstone Entities' multiple, independent grounds for dismissal set forth in their Motion.  Instead, it doubles down on legally insufficient allegations and improper attempts to impute liability by ignoring bedrock corporate law principles.  *See* Opp. at 38-40.  Dismissal of the FAC, both for the reasons set forth in Defendants' Joint Motion and in the Blackstone Entities' Motion, is therefore warranted.

***First***, Plaintiffs do not dispute that the FAC fails to allege that either Blackstone Entity was party to any of the alleged agreements or relationships at issue in this case.  Nor do Plaintiffs dispute that the FAC fails to allege that either Blackstone Entity took any action to further the alleged conspiracy.  This requires dismissal.  Plaintiffs instead resort to legally insufficient allegations regarding The Cosmopolitan.  But these allegations do not state a claim against the Blackstone Entities, as the FAC acknowledges that The Cosmopolitan is separate and distinct from the Blackstone Entities.  Plaintiffs do not dispute that allegations regarding the Blackstone Entities' participation "in an individual capacity" in the purported conspiracy are required to plausibly state a claim against them.  *See Gibson v. MGM Resorts Int'l*, 2023 WL 7026984, at *2 (D. Nev. Oct. 24, 2023) ("*MGM*") (quoting *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1119 (9th Cir. 2022)).  Because the FAC is devoid of any such allegations, it should be dismissed as to the Blackstone Entities.

***Second***, Plaintiffs effectively concede that the sole basis on which they seek to impute liability to the Blackstone Entities is generalized and vague allegations of "control" that this Court already held are insufficient to impute antitrust liability.  *See id.* at *1.  Plaintiffs offer nothing to bolster the FAC's conclusory and insufficient allegations of the Blackstone Entities' purported "control and operation" of The Cosmopolitan, FAC ¶ 33, much less anything to suggest that the Blackstone Entities were involved in the hotel's day-to-day revenue management operations.  This also requires dismissal as to the Blackstone Entities.

---

[1] Capitalized terms not herein defined have the meanings given in the Blackstone Entities' opening brief (ECF No. 161) ("Motion" or "Mot."). "Opposition" or "Opp." refers to Plaintiffs' opposition brief (ECF No. 167).

***Third***, Plaintiffs continue their attempts to evade well-settled corporate law principles, which legally must fail. Plaintiffs incorrectly claim that the Blackstone Entities can be liable for the alleged acts of The Cosmopolitan because they allegedly "operated" the hotel. Opp. at 39-40. Not only do Plaintiffs fail to offer anything more than conclusory allegations on this point, but the cases they cite also make clear that an alleged corporate owner must engage in independent and anticompetitive conduct to incur liability. The FAC does not (and cannot) allege *any* such conduct by either Blackstone Entity. The FAC should accordingly be dismissed with prejudice.[2]

## ARGUMENT

### I. The Opposition, Like the FAC, Fails to Identify Any Relevant Conduct by the Blackstone Entities Sufficient for Liability.

Plaintiffs do not dispute that a Section 1 claim requires a plaintiff to plead sufficient facts "to plausibly suggest that an illegal agreement was made," *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 46 (9th Cir. 2022), and to make some showing that each defendant "actively participated *in an individual capacity* in the scheme," *MGM*, 2023 WL 7026984, at *2 (quoting *SmileDirectClub*, 31 F.4th at 1119) (emphasis added). Thus, as set forth in the Blackstone Entities' Motion and Defendants' briefs in support of the Joint Motion, which the Blackstone Entities join in full, the absence of any factual allegation as to the Blackstone Entities' participation in the purported conspiracy compels dismissal of the Blackstone Entities.

#### A. Plaintiffs Fail to Allege that Either Blackstone Entity Was Party to Any Agreement.

The Blackstone Entities' Motion demonstrated the FAC's fatal failure to allege any facts supporting a plausible inference that either Blackstone Entity entered into, or directed The Cosmopolitan to enter into, any agreement at issue in this case. *See* Mot. at Section II. And Plaintiffs' Opposition ignores this pleading failure entirely. Instead, like the FAC, the Opposition

---

[2] Counsel for the Blackstone Entities have identified to Plaintiffs' counsel the entity responsible for operating The Cosmopolitan—which is not presently affiliated with the Blackstone Entities— in an effort to resolve this Motion.

2

improperly lumps together the hotel "Operator Defendants," asserting that "Defendants do not dispute the existence of a contractual agreement between each Operator and Rainmaker." Opp. at 27. Not only is this legally insufficient to state a claim against the Blackstone Entities, but it is also inaccurate. The Motion identified that the Plaintiffs failed to plead any agreement between either Blackstone Entity and Rainmaker to license and use Rainmaker's revenue management software at issue in this case. Mot. at 5-6. Plaintiffs cannot escape that omission, or the fact that the FAC contains no allegations plausibly suggesting that either Blackstone Entity provided any information to Rainmaker, or had any relationship with Rainmaker or the other Defendants regarding Rainmaker, in connection with The Cosmopolitan. The absence of such allegations is fatal.

### B. Plaintiffs Fail to Allege that Either Blackstone Entity Participated in Any Alleged Scheme.

Plaintiffs' Opposition did nothing to alleviate the FAC's fatal failure to allege any facts supporting a plausible inference that the Blackstone Entities took any action in furtherance of the alleged conspiracy. In the FAC, Plaintiffs acknowledge that The Cosmopolitan is separate and distinct from each of the Blackstone Entities, and that The Cosmopolitan had its own personnel and management team. *See, e.g.*, FAC ¶¶ 33, 211(G). But in their Opposition, Plaintiffs continue to point to the FAC's sparse and legally insufficient allegations concerning purported actions by The Cosmopolitan—not by the Blackstone Entities. For instance, the Opposition relies on the FAC's allegations regarding The Cosmopolitan's (not the Blackstone Entities') purported use of Rainmaker software, and regarding The Cosmopolitan's (not the Blackstone Entities') purported personnel. Opp. at 39, 40. Indeed, as the Opposition acknowledges, the FAC only identifies personnel from The Cosmopolitan, not either of the Blackstone Entities. *See id*. at 40. And Plaintiffs' recycled conclusory allegation that the Blackstone Entities "owned and operated" The Cosmopolitan provides no basis to hold either Blackstone Entity liable for any alleged actions of The Cosmopolitan personnel. *Id.* The FAC's allegations regarding The Cosmopolitan thus fail to plausibly suggest that the Blackstone Entities took any affirmative steps in furtherance of alleged conspiracy. Plaintiffs' Opposition only serves to confirm this.

3

**II.     The FAC's Conclusory Allegations of "Control and Operation" Are Insufficient to Impute Liability to the Blackstone Entities.**

As set forth in the Motion, any attempt to impute liability to the Blackstone Entities based solely on alleged "control and operation" of The Cosmopolitan—which the FAC acknowledges is a separate and distinct entity—fails. *See* Mot. at Section III.A. The Opposition does not meaningfully address this and instead falls back on the FAC's generalized and vague allegations that, as pointed out in the Motion, offer nothing to suggest that the Blackstone Entities had anything to do with revenue management for the hotel. *See* Opp. at 39; *see also* FAC ¶ 33. But this Court has already held that similarly vague allegations fail as a matter of law. *See MGM*, 2023 WL 7026984, at *1 (finding similar conclusory allegations of "control" in the original complaint insufficient to establish liability). The press materials Plaintiffs cite do not compel a different conclusion. *See* Opp. at 39. Rather, those materials reference The Cosmopolitan's own personnel and management team, not those of either Blackstone Entity. Moreover, there is nothing to suggest that the "operational" "changes" and "efficiencies" referenced in those materials have anything to do with alleged use of Rainmaker's revenue management software at issue in this case.

**III.     The Opposition's Attempt to Evade Well-settled Corporate Law Principles Fails.**

Similarly, basic principles of corporate law do not support Plaintiffs' assertion that liability should be imputed to the Blackstone Entities on the basis of their purported ownership of The Cosmopolitan. Plaintiffs' assertion ignores their own acknowledgment in the FAC that the Blackstone Entities are separate and distinct entities from The Cosmopolitan, *see* FAC ¶ 33, and they do not even attempt to distinguish the supporting cases cited in the Motion, *see* Mot. at Section III.

Even the cases Plaintiffs cite hold that a corporate owner or investor in a company cannot be liable under the antitrust laws unless it *independently* participates in the alleged violations. As stated above, that is not what has been (or could be) alleged here as to the Blackstone Entities. Specifically, in *Nobody in Particular Presents, Inc. v. Clear Channel Communications, Inc.*, the court explained that a corporate owner must engage in sufficient "independent conduct" to be directly liable for alleged violations of the Sherman Act, which occurs when it "controls, directs, or encourages" the allegedly anticompetitive conduct. 311 F. Supp. 2d 1048, 1070 (D. Colo. 2004). The complaint in

that case included specific allegations of the corporate owner's independent acts to increase its own market power within the relevant market, where it allegedly held a monopoly. *Id.* at 1071. No such allegations are present here. And in *Intellectual Ventures I LLC v. Capital One Financial Corp.*, the court found antitrust claims were sufficiently pled where they alleged that the corporate owner "control[s] or direct[s] the anticompetitive conduct." 2016 WL 160263, at *5 (D. Md. Jan. 14, 2016). Again, the FAC is devoid of allegations that plausibly suggest that was the case here.

Put another way, in both cases on which Plaintiffs rely on this issue, the plaintiffs identified specific independent anticompetitive conduct by the corporate owner. But the FAC contains zero allegations that the Blackstone Entities controlled, directed, or encouraged the alleged anticompetitive conduct. Indeed, the FAC even fails to allege that the Blackstone Entities had anything to do with revenue management for The Cosmopolitan, including price setting, or the hotel's purported decision to use Rainmaker products. Put simply, Plaintiffs do not allege any relevant conduct by either Blackstone Entity, and under *United States v. Bestfoods*, Plaintiffs cannot impute antitrust liability to the Blackstone Entities simply by lumping them together with The Cosmopolitan. 524 U.S. 51, 52 (1998).[3]

Moreover, Plaintiffs tellingly fail to address, let alone meaningfully distinguish, the authorities cited in the Motion dismissing antitrust claims that try to impose liability on an alleged owner or investor based on far more than what is alleged in the FAC. *See* Mot. at Section III.B. As in those cases, dismissal is warranted here.

## **CONCLUSION**

For the reasons set forth above, in the Blackstone Entities' Motion, and in Defendants' briefs in support of the Joint Motion, which the Blackstone Entities join in full, Plaintiffs' claims against the Blackstone Entities should be dismissed.

---

[3] Plaintiffs do not dispute that the FAC contains no allegations that could render the Blackstone Entities vicariously liable for The Cosmopolitan's purported acts. *See* Mot. at 8 n.6.

| | | |
|---|---|---|
| 1 | Dated: March 20, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | */s/   Daniel McNutt* |
| | | Daniel McNutt, Esq., Bar No. 7815 |
| | | Matthew C. Wolf, Esq., Bar No. 10801 |
| 4 | | **MCNUTT LAW FIRM, P.C.** |
| | | 11441 Allerton Park Drive, #100 |
| 5 | | Las Vegas, Nevada 89135 |
| | | Tel.: (702) 384-1170 |
| 6 | | Fax.: (702) 384-5529 |
| 7 | | drm@mcnuttlawfirm.com |
| | | mcw@mcnuttlawfirm.com |
| 8 | | |
| | Of counsel: | Matthew L. McGinnis *(pro hac vice)* |
| 9 | | **ROPES & GRAY LLP** |
| 10 | David B. Hennes | Prudential Tower |
| | Jane E. Willis | 800 Boylston Street |
| 11 | **ROPES & GRAY LLP** | Boston, Massachusetts 02199 |
| | 1211 Avenue of the Americas | Tel: (617) 951-7000 |
| 12 | New York, New York 10036 | Fax: (617) 951-7050 |
| | Tel: (212) 596-9000 | matthew.mcginnis@ropesgray.com |
| 13 | Fax: (212) 596-9090 | |
| 14 | david.hennes@ropesgray.com | *Counsel for Defendants Blackstone Inc. and* |
| | jane.willis@ropesgray.com | *Blackstone Real Estate Partners VII L.P.* |

6

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2024, I electronically transmitted the foregoing **Defendants Blackstone Inc. and Blackstone Real Estate Partners VII L.P.'s Reply Memorandum Of Law In Further Support Of Their Motion To Dismiss The Amended Complaint** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

                                                */s/ Lisa Heller*
                                                An Employee of McNutt Law Firm, P.C.