Adam Hosmer-Henner (NSBN 12779)
Chelsea Latino (NSBN 14227)
Jane Susskind (NSBN 15099)
**McDONALD CARANO LLP**
100 West Liberty Street, Tenth Floor
Reno, Nevada 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
clatino@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com

Boris Bershteyn (*pro hac vice*)
Ken Schwartz (*pro hac vice*)
Michael Menitove *(pro hac vice)*
Sam Auld (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, New York 10001
(212) 735-3000
Boris.Bershteyn@skadden.com
Ken.Schwartz@skadden.com
Michael.Menitove@skadden.com
Sam.Auld@skadden.com

*Attorneys for Defendant
Caesars Entertainment, Inc.*

[*Additional counsel listed on Signature Page*]

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD GIBSON, and ROBERTO MANZO, | Case No. 2:23-cv-00140-MMD-DJA |
| Plaintiffs, | |
| v. | **DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY** |
| CENDYN GROUP, LLC, THE RAINMAKER GROUP UNLIMITED, INC., CAESARS ENTERTAINMENT INC., TREASURE ISLAND, LLC, WYNN RESORTS HOLDINGS, LLC, BLACKSTONE, INC., BLACKSTONE REAL ESTATE PARTNERS VII L.P., JC HOSPITALITY, LLC, | |
| Defendants. | |

Defendants Cendyn Group LLC, the Rainmaker Group Unlimited, Inc., Caesars Entertainment, Inc., Treasure Island, LLC, and Wynn Resorts Holdings, LLC, by and through their counsel, respectfully submit this opposition to Plaintiffs' Motion for Leave to File Notice of Supplemental Authority.  (ECF No. 172.)

The statement of interest filed by the Department of Justice in *Cornish-Adebiyi* (ECF No. 172-2 ("*Cornish-Adebiyi* SOI")), and submitted by plaintiffs here, consists solely of argument on issues irrelevant to defendants' motion to dismiss.  Plaintiffs' motion should thus be denied because they fail to meet their burden under LR 7-2(g) to demonstrate good cause.  "Good cause" obligates plaintiffs to establish that their supplemental authority "controls the outcome of the litigation" or that it is "precedential, . . . particularly persuasive or helpful."  *HSBC Bank USA, N.A. v. Fid. Nat'l Title Ins. Co.*, No. 19-CV-00265 (MMD), 2022 WL 4448222, at *3-4 (D. Nev. Sept. 23, 2022) (Du, J.) (denying motion to supplement that did not "proffer any precedential authority that post-dates [the plaintiff's] opposition").

Rather than demonstrate good cause, plaintiffs merely assert—without explanation—that the *Cornish-Adebiyi* SOI "is of persuasive value in this case."  (ECF No. 172-1 at 1.)  But the *Cornish-Adebiyi* SOI does not bear on plaintiffs' opposition to defendants' motion to dismiss because it (1) is not controlling authority, and (2) only addresses DOJ's views on legal issues that are not in dispute here and, therefore, is not precedential, persuasive, or even helpful.

First, plaintiffs do not contend that the *Cornish-Adebiyi* SOI is binding on this Court.  Nor could they, because agencies' views on litigation "merit no special deference."  *See Republic of Austria v. Altmann*, 541 U.S. 677, 701 (2004).  If anything, the *Cornish-Adebiyi* SOI highlights the weakness of plaintiffs' claims.  While DOJ argued in other algorithmic pricing cases that the defendants' "motions to dismiss should be denied" because they allegedly "combine their . . . nonpublic . . . information in an algorithm" (ECF No. 144-2 at 15, 23), DOJ tellingly makes no such argument in *Cornish-Adebiyi*.  And plaintiffs here indisputably lack those allegations.  On the contrary, plaintiffs admit that the relevant software products use a hotel's own property-level data to forecast its demand and recommend individualized prices, and that any "competitor pricing data incorporated into GuestRev [is] public."  (ECF No. 167 at 18.)

1    Second, the *Cornish-Adebiyi* SOI is not persuasive or helpful here because it purports only
2 "to address two legal" issues (*Cornish-Adebiyi* SOI at 2) that are not presented by defendants'
3 motion to dismiss.  DOJ asserts that "[the *Cornish-Adebiyi*] defendants appear to suggest that
4 plaintiffs must allege competitor-to-competitor communications to plausibly allege an agreement."
5 (*Cornish-Adebiyi* SOI at 8.)  Defendants have not made that argument, but instead demonstrate that
6 the absence of any alleged communications between Hotel Operators undermines plaintiffs'
7 assertions about purported "opportunities to collude."  (ECF No. 160 at 24-25 (citing *In re*
8 *Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 52 (9th
9 Cir. 2022) (no plausible inference of a conspiracy because "[p]laintiffs do not allege facts
10 demonstrating that [d]efendants actually communicated")).)

11    Nor is there any relevance here to the *Cornish-Adebiyi* SOI's contention that it "is not
12 necessary for conspirators always to adhere to pricing recommendations for a challenged price-
13 fixing scheme to be per se unlawful."  (*Cornish-Adebiyi* SOI at 7.)  DOJ argues that, <u>if</u> the
14 plaintiffs established an agreement among competitors to adopt pricing recommendations,
15 defendants would not be absolved of liability merely because they sometimes deviated from their
16 agreement by not adopting the recommended prices.  But plaintiffs have <u>not</u> pleaded any such
17 predicate agreement here (ECF No. 160 at 8-12).  And the *Cornish-Adebiyi* SOI does not even
18 contend that the plaintiffs in that case did so.

19    DOJ's arguments also do not contradict the Court's order dismissing plaintiffs' first
20 complaint because they do not bear on the Court's reasoning that "without an agreement to accept
21 the elevated prices recommended by the pricing algorithm, there is no agreement that could either
22 support Plaintiffs' theory or otherwise make out a Sherman Act violation."  *Gibson v. MGM*
23 *Resorts Int'l*, No. 23-CV-00140 (MMD), 2023 WL 7025996, at *3 (D. Nev. Oct. 24, 2023).
24 Accordingly, the *Cornish-Adebiyi* SOI does not help plaintiffs cure any of the "numerous" pleading
25 deficiencies recognized by this Court in dismissing their first complaint.  *Id.* at *1.

26    Thus, for the foregoing reasons, defendants respectfully submit that the Court should deny
27 plaintiffs' motion for leave to file supplemental authority.
28

| | |
|---|---|
| Dated: April 15, 2024 | Respectfully submitted, |
| /s/ Adam Hosmer-Henner | /s/ J. Colby Williams |
| Adam Hosmer-Henner (NSBN 12779) | J. Colby Williams (5549) |
| Chelsea Latino (NSBN 14227) | 710 South Seventh Street |
| Jane Susskind (NSBN 15099) | Las Vegas, NV 89101 |
| McDONALD CARANO LLP | Telephone: (702) 382-5222 |
| 100 West Liberty Street, Tenth Floor | Facsimile: (702) 382-0540 |
| Reno, Nevada 89501 | jcw@cwalawlv.com |
| (775) 788-2000 | |
| ahosmerhenner@mcdonaldcarano.com | Sadik Huseny (*pro hac vice*) |
| clatino@mcdonaldcarano.com | Tim O'Mara (*pro hac vice*) |
| jsusskind@mcdonaldcarano.com | Brendan A. McShane (*pro hac vice*) |
| | LATHAM & WATKINS LLP |
| Boris Bershteyn (*pro hac vice*) | 505 Montgomery Street, Suite 2000 |
| Ken Schwartz (*pro hac vice*) | San Francisco, CA 94111-6538 |
| Michael Menitove (*pro hac vice*) | Telephone: (415) 391-0600 |
| Sam Auld (*pro hac vice*) | Facsimile: (415) 395-8095 |
|   SKADDEN, ARPS, SLATE, | sadik.huseny@lw.com |
|   MEAGHER & FLOM LLP | tim.o'mara@lw.com |
| One Manhattan West | brendan.mcshane@lw.com |
| New York, New York 10001 | |
| (212) 735-3000 | Anna M. Rathbun (*pro hac vice*) |
| Boris.Bershteyn@skadden.com | Christopher J. Brown (*pro hac vice*) |
| Ken.Schwartz@skadden.com | LATHAM & WATKINS LLP |
| Michael.Menitove@skadden.com | 555 Eleventh Street, NW Suite 1000 |
| Sam.Auld@skadden.com | Washington, DC 20004-1304 |
| | Telephone: (202) 637-3381 |
| *Attorneys for Defendant* | Facsimile: (202) 637-2201 |
| *Caesars Entertainment, Inc.* | anna.rathbun@lw.com |
| | chris.brown@lw.com |
| | |
| | *Attorneys for Defendant Cendyn Group LLC* |
| | |
| /s/ Patrick G. Byrne | /s/ Nicholas J. Santoro |
| Patrick G. Byrne | Nicholas J. Santoro (NV Bar No. 532) |
| Nevada Bar No. 7636 | 300 S. 4th Street, Suite 1600 |
| Bradley Austin | Las Vegas, NV 89101 |
| Nevada Bar No. 13064 | Tel.: (702) 791-0308 / Fax: (702) 791-1912 |
| SNELL & WILMER | nsantoro@nevadafirm.com |
| 3883 Howard Hughes Parkway | |
| Las Vegas, NV 89169 | Arman Oruc (*pro hac vice*) |
| Telephone: (702) 784-5200 | GOODWIN PROCTER LLP |
| Facsimile: (702) 784-5252 | 1900 N Street, N.W. |
| pbyrne@swlaw.com | Washington, DC 20036-1612 |
| baustin@swlaw.com | Tel.: (202) 346-4000 / Fax: (202) 346-4444 |
| | AOruc@goodwinlaw.com |

3

| | |
|---|---|
| Mark Holscher (*pro hac vice*)<br>Tammy Tsoumas (*pro hac vice)*<br>Leonora Cohen (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>2049 Century Park East, Suite 3700<br>Los Angeles, California 90067<br>Telephone: (310) 552-4200<br>Facsimile: (310) 552-5900<br>ttsoumas@kirkland.com<br>mholscher@kirkland.com<br>lena.cohen@kirkland.com<br><br>Matthew Solum (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Ave<br>New York, NY 10022<br>Telephone: (212) 446-4688<br>Facsimile: (917) 848-7536<br>msolum@kirkland.com<br><br>*Attorneys for Defendant Wynn Resorts Holdings, LLC* | Alicia Rubio-Spring (*pro hac vice*)<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02110<br>Tel.: (617) 570-1000 / Fax: (617) 523-1231<br>ARubio-Spring@goodwinlaw.com<br><br>*Attorneys for Defendant The Rainmaker Group Unlimited, Inc.*<br><br>*/s/ Patrick J. Reilly*<br>Patrick J. Reilly<br>Arthur A. Zorio<br>Emily Garnett (*pro hac vice*)<br>Eric D. Walther<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>100 North City Parkway, Ste. 1600<br>Las Vegas, NV 89106<br>Telephone:  702.382.2101<br>preilly@bhfs.com<br>azorio@bhfs.com<br>egarnett@bhfs.com<br>ewalther@bhfs.com<br><br>*Attorneys for Defendant Treasure Island, LLC* |

4